**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

      Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN,<br><br>                Plaintiff,<br><br>    v.<br><br>NÓIRÍN PLUNKETT,<br><br>                Defendant. | Case No.: 3:14-cv-00146-PK<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)** |

## INTRODUCTION

On January 27, 2014, plaintiff Michael George Schwern ("Plaintiff") filed this civil suit alleging claims of defamation, intentional infliction of severe emotional distress, and intentional interference with prospective economic relations against defendant Nóirín Plunkett, his ex-wife. (Docket #1) The lawsuit arises out of Ms. Plunkett's report to police that Plaintiff had sexually assaulted and strangled her on September 19, 2013, and Plaintiff's subsequent arrest by Portland Police based on Ms. Plunkett's report. Ms. Plunkett subsequently procured a restraining order against Plaintiff on November 21, 2013, which Plaintiff appears to have

**PAGE 1 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

violated on January 27, 2014 – the day this lawsuit was filed – by having six white roses delivered to Ms. Plunkett at her temporary residence in Cambridge, Massachusetts.

Plaintiff's lawsuit against Ms. Plunkett is barred by, among other privileges and immunities, Oregon's anti-SLAPP law because it is a suit that is based on speech that is privileged in Oregon and because it seeks to punish Ms. Plunkett for the exercise of constitutional rights of petition and speech that resulted in Plaintiff's arrest and the entry of a domestic abuse prevention order against him.

Plaintiff is using the power of the court to harass and intimidate Ms. Plunkett by filing a frivolous lawsuit against her for seeking to protect herself from him, and this court should dismiss this lawsuit and award Ms. Plunkett her costs and attorney fees pursuant to ORS 31.152(3).

## FACTS RELEVANT TO MOTION

Plaintiff and Ms. Plunkett were married November 12, 2011, and Ms. Plunkett moved to Portland, Oregon, to live with Plaintiff. (Plunkett Dec. ¶ 2)

On November 24, 2012, Plaintiff sexually assaulted Ms. Plunkett at the home they shared, and Ms. Plunkett reported the sexual assault to a mutual friend who facilitated Plaintiff's immediate relocation from their shared home to the home of some friends. (Plunkett Dec. ¶ 3) Plaintiff and Ms. Plunkett continued their relationship while living apart. However, Plaintiff continued to behave in a sexually, physically, and emotionally abusive manner toward Ms. Plunkett, and on September 19, 2013, they filed for divorce. After doing so, they met at Plunkett's home for dinner, where Plaintiff forced Ms. Plunkett to perform oral sex upon him, had intercourse with her over her repeated objections, choked her with his hands, and penetrated her with a knife. Ms. Plunkett contacted a friend who arranged for transport to the

PAGE 2 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

emergency room, where police were called and responded. Ms. Plunkett had a forensic sexual assault examination done at the hospital, and her injuries were photographed. (Plunkett Dec. ¶¶ 4-5)

On September 20, 2013, Ms. Plunkett learned that Plaintiff had been bailed out of jail, and she left the following morning for Massachusetts. She has not returned to Oregon, and decided after speaking with police and prosecutors to attempt to put the matter and Plaintiff behind her. She informed the prosecutors in Portland on or about October 23, 2013, that she did not wish to proceed with the prosecution. (Plunkett Dec. ¶¶ 6-7)

Plaintiff contacted Ms. Plunkett via e-mail on November 12, 2013, and that prompted her to obtain a restraining order against him. Plaintiff unsuccessfully contested the restraining order through Boston counsel at a December 12, 2013 hearing. (Plunkett Dec. ¶¶ 8-9)

On January 27, 2014 – the day this lawsuit was filed as well as Ms. Plunkett's birthday – six white roses were delivered to Ms. Plunkett at her temporary residence in Cambridge, Massachusetts. She believed they had been sent by Plaintiff because the two had shared an interest in World War II history, and also had discussed a story about the execution of six members of a resistance group called the White Rose. Police were contacted, and their investigation revealed the flowers had been ordered online by someone who identified himself as "Michael S." (Plunkett Dec. ¶ 10)

**PAGE 3 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

## ARGUMENT

1. **The Legal Standard for Special Motions to Strike Pursuant to ORS 31.150.**

ORS 31.150 *et seq.* is Oregon's remedy to SLAPP litigation ("Strategic Lawsuits Against Public Participation"). The relevant provisions of ORS 31.150 read as follows:

> "(1) A defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section. The court shall grant the motion unless the Plaintiff establishes in the manner provided by subsection (3) of this section that there is a probability that the Plaintiff will prevail on the claim. The special motion to strike shall be treated as a motion to dismiss under ORCP 21 A but shall not be subject to ORCP 21 F. Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice. If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion.
>
> (2) A special motion to strike may be made under this section against any claim in a civil action that arises out of:
>
>    (a) Any oral statement made, or written or other document submitted, in a * * * executive or judicial proceeding or other proceeding authorized by law;
>
>    (b) Any oral statement made, or written or other document submitted, in connection with an issue under consideration or review by a * * * judicial body or other proceeding authorized by law;
>
>    (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
>
>    (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.
>
> (3) A defendant making a special motion to strike under the provisions of this section has the initial burden of making a *prima facie* showing that the claim against which the motion is made

**PAGE 4 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

arises out of a statement, document or conduct described in subsection (2) of this section. If the defendant meets this burden, the burden shifts to the Plaintiff in the action to establish that there is a probability that the Plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case. If the Plaintiff meets this burden, the court shall deny the motion.

(4) In making a determination under subsection (1) of this section, the court shall consider pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(5) If the court determines that the Plaintiff has established a probability that the Plaintiff will prevail on the claim:

    (a) The fact that the determination has been made and the substance of the determination may not be admitted in evidence at any later stage of the case; and

    (b) The determination does not affect the burden of proof or standard of proof that is applied in the proceeding."

Although Plaintiff's complaint is carefully drafted, its timing (filed on Plunkett's birthday), accompanying message (six white roses representing executed resistors), and the attribution of alleged defamatory statements to Ms. Plunkett "on information and belief" demonstrate that it is brought as payback for Ms. Plunkett's report of Plaintiff's abusive, assaultive, and threatening behavior to law enforcement and the courts. To the extent the claims in the complaint "arise out of" anything other than a personal vendetta against Plunkett, they "arise out of" Ms. Plunkett's exercise of protected rights to petition police and courts for protection from Plaintiff, and from other protected communications, and therefore they must be dismissed pursuant to ORS 31.150.

**PAGE 5 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

2. **Plaintiff's Complaint Arises Out Of Ms. Plunkett's Exercise of her Constitutional Rights of Free Speech and Petition.**

Ms. Plunkett's report to police that defendant had sexually and physically assaulted her were statements" made * * * in connection with an * * * other proceeding authorized by law. . ." ORS 31.150(2)(b).  A statement made in a criminal investigation, as with statements made in other investigations that lead or may lead to litigation, are statements "made * * * in connection with a proceeding authorized by law."  *Wollam v. Brandt*, 154 Or App 156 (1998); *see also Ramstead v. Morgan*, 219 Or 383, 388-393 (1959) (collecting cases); 3 Restatement, Torts, Vol. 3, §§ 587 ("A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation thereto. . . ." and 588 ("A witness is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding and as a part of a judicial proceeding in which he is testifying, if it has some relation thereto."); *Parker v. Title & Trust Co.*, 233 F.2d 505 (9th Cir. 1956), *rehearing denied* 237 F.2d 423).

A special motion to strike a claim in a civil case is proper when the case "arises out of" statements made in criminal investigation, or any other conduct in furtherance of the exercise of the constitutional rights of petition and free speech.  ORS 31.150(2).  This is particularly so when the societal interest at issue is significant, as in the case of sexual and physical assault:

> "[The] privilege] rests upon the same idea, that conduct which otherwise would be actionable is to escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of

**PAGE 6 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

>uncompensated harm to the Plaintiff's reputation. The interest thus favored may be one of the defendant himself, of a third person, or of the general public. If it is one of paramount importance, considerations of policy may require that the defendant's immunity for false statements be absolute, without regard to his purpose or motive, or the reasonableness of his conduct. * * *."

Prosser, Torts § 114, p 776 (4th ed 1971).

This lawsuit was filed as a pretext to harass, intimidate, and retaliate against Ms. Plunkett for reporting Plaintiff's sexual and physical assault to law enforcement and the court. While the Plaintiff has not relinquished his constitutional rights as a result of his criminal conduct, "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F2d 351, 353 (10th Cir. 1989) (citation omitted); *see also Bill Johnson's Restaurants, Inc. v. National Labor Relations Board*, 461 U.S. 731, 743 (1983).

**3.      ORS 31.150(2)(d) Applies to Ms. Plunkett's Statements to Police and Others.**

Ms. Plunkett's statements to police and others were "other conduct in furtherance of the exercise of [her] constitutional right of petition * * * in connection with a public issue or an issue of public interest." ORS 31.250(d).

**A.      Reporting Criminal Activity to Police is the Exercise of a Constitutional Right to Petition the Government for a Redress of Grievances.**

Ms. Plunkett's statements to police and others were an exercise of her constitutional right to petition the government for a redress of her grievance that Plaintiff had sexually and

**PAGE 7 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

physically assaulted her.  Reporting criminal activity is protected by the First Amendment[1] because the Supreme Court has made it clear that the right to petition includes "all departments of the Government."  *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *see also Gable v. Lewis*, 201 F.3d 769, 771 (6th Cir. 2000) ("Submission of complaints and criticisms to nonlegislative and nonjudicial public agencies like a police department constitutes petitioning activity protected by the petition clause"); *Estate of Morris ex rel. Morris v. Dapolito*, 297 F.Supp. 2d 680, 692 (S.D.N.Y. 2004) (swearing out a criminal complaint against a high school teacher for assault and seeking his arrest were protected First Amendment petitioning activities); *Lott v. Andrews Ctr.*, 259 F.Supp.2d 564, 568 (E.D. Tex. 2003) ("There is no doubt that filing a legitimate criminal complaint with law enforcement officials constitutes an exercise of the First Amendment right"); *United States v. Hylton*, 558 F.Supp. 872, 874 (S.D. Tex. 1982) (same); *Curry v. State*, 811 So.2d 736, 743 (Fla. Dist. Ct. App. 2002) (complaints, though numerous, to law enforcement agencies are protected First Amendment activity regardless of "unsavory motivation" of petitioner).

Moreover, while Ms. Plunkett had no legal requirement to report Plaintiff's actions toward her, public policy has for centuries either required or strongly encouraged private citizens to report criminal activity:

---

[1] A similar provision exists in the Oregon Constitution, which is equally applicable to Ms. Plunkett's statements to police:

> "No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

Or.Const. Art. I, § 8.

**PAGE 8 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

> "Concealment of crime has been condemned throughout our history. The citizen's duty to "raise the `hue and cry' and report felonies to the authorities," *Branzburg* v. *Hayes*, 408 U.S. 665, 696 (1972), was an established tenet of Anglo-Saxon law at least as early as the 13th century. 2 W. Holdsworth, History of English Law 101-102 (3d ed. 1927); 4 *id.*, at 521-522; *see* Statute of Westminster First, 3 Edw. 1, ch. 9, p. 43 (1275); Statute of Westminster Second, 13 Edw. 1, chs. 1, 4, and 6, pp. 112-115 (1285). The first Congress of the United States enacted a statute imposing criminal penalties upon anyone who, "having knowledge of the actual commission of [certain felonies,] shall conceal, and not as soon as may be disclose and make known the same to [the appropriate] authority. . . ." Act of Apr. 30, 1790, § 6, 1 Stat. 113.[2] Although the term "misprision of felony" now has an archaic ring, gross indifference to the duty to report known criminal behavior remains a badge of irresponsible citizenship."

*Roberts v. United States*, 445 U.S. 552, 557-58 (1980). Indeed, such information has been privileged for centuries: "[I]nformation which [a private citizen] has of the commission of an offence against [the laws of his country] * * * is a privileged and confidential communication, for which no action of libel or slander will lie." *In re Quarles and Butler*, 158 U.S. 532, 535-36 (1895).

Statements made by Ms. Plunkett in her restraining order petition and in related proceedings were absolutely privileged, because statements made during the course of a judicial proceeding are absolutely privileged. *Vasquez v. Courtney*, 276 Or 1053 (1976) ("Absolute immunity attaches to all statements made in the course of, or incidental to, a judicial proceeding, so long as they are relevant to the proceedings.").

While the right to petition the government for redress of grievances is not absolute, *e.g. McDonald v. Smith*, 472 U.S. 479 (1985), for purposes of meeting her initial burden under ORS

---

[2] The statute, as amended, is still in effect. 18 U.S.C. § 4. It has been construed to require "both knowledge of a crime and some affirmative act of concealment or participation." See *Branzburg* v. *Hayes*, 408 U.S. 665, 696, n. 36 (1972).

**PAGE 9 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

31.150(2)(d), Ms. Plunkett must only make a *prima facie* showing that the action filed by the Plaintiff arose out of alleged statements that constituted "conduct in furtherance of the exercise of [Ms. Plunkett's] constitutional right of petition * * * in connection with a public issue or an issue of public interest."  She has met that burden through the evidence submitted, and now Plaintiff must "establish that there is a probability that [he] will prevail on the claim by presenting substantial evidence to support a *prima facie* case."  ORS 31.150(3).

### B. Ms. Plunkett's Statements to Police and Others Were Made in Connection With a Public Issue or an Issue of Public Interest.

A serious crime such as forcible sexual assault is both a "public issue" and an "issue of public interest."  *See, e.g., In Defense of Animals v. OHSU*, 199 Or App 160, 188 (2005) ("A matter or action is commonly understood to be 'in the public interest' when it affects the community or society as a whole, in contrast to a concern or interest of a private individual or entity"); *Black's Law Dictionary* 1266 (8th ed. 2004) (defining "public interest" as the "general welfare of the public that warrants recognition and protection" and as "[s]omething in which the public as a whole has a stake; esp., an interest that justifies governmental regulation"); *accord Unelko Corp. v. Rooney*, 912 F.2d 1049, 1056 (9th Cir. 1990) (defamatory statement a matter of public concern because it "was of general interest and was made available to the general public").

While no Oregon appellate cases define "public issue" or "public interest" in the context of ORS 31.150, at least one of Oregon's federal district courts has done so, looking to two Multnomah County Circuit Court interpretations for guidance:

**PAGE 10 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4330  EOLSON@ERINOLSONLAW.COM

> "The two Oregon circuit court cases[3] contain no discussion of this particular issue.  But, the fact that the judges in those cases applied the statute to the facts before them suggests that the 'public issue' and 'public interest' terms were broadly interpreted.

*Gardner v. Martino*, Findings and Recommendation, 05-CV-769-HU, September 19, 2005 (Hubel, M.J.), adopted December 13, 2005 (Brown, J.).

Additionally, a second Oregon federal district court held that statements in an ethics complaint filed against a forensic scientist with a professional association he belonged to "constituted an exercise of free speech in connection with a public issue." *Englert v. MacDonnell*, Civil Case No. 05-1863-AA, May 10, 2006 (Aiken, J.).  If an ethics complaint filed with a private professional association is speech in connection with a public issue, certainly statements relating to alleged sexual and physical assaults are statements of a "public issue" and a matter of "public interest."

Finally, this court has applied the anti-SLAPP law to defamation and false light claims arising from a true crime book published about a spousal homicide.  *Northon v. Rule*, 357 Fed. Appx. 905 (9th Cir. 2009) and 409 Fed. Appx. 146 (9th Cir. 2011) (affirming Judge Mosman's dismissal pursuant to ORS 31.150 in D.C. No. CV-06-00851-MO).  Claims arising from speech about spousal physical and sexual assault warrant similar treatment by this court.

---

[3]  The two cited cases were *Thale v. Business Journal Publ'ns*, Mult. Co. No. 0402-02160, Order (May 20, 2004) and *Kurdock v. Electro Scientific Indus., Inc.*, Mult. Co. No. 0406-05889, Order (October 15, 2004).

**PAGE 11 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

## CONCLUSION

For the reasons set forth herein and those to be presented at oral argument, defendant Noirin Plunkett asks the court to strike all claims against her in this lawsuit pursuant to ORS 31.150.

Further, Ms. Plunkett asks the court to award costs and attorney fees pursuant to ORS 31.152(3).

DATED this 20th day of February, 2014.

s/ Erin K. Olson  
Erin K. Olson, OSB 934776  
Attorney for Defendant

**PAGE 12 – MEMORANDUM IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150 (ANTI-S.L.A.P.P. STATUTE)**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM