Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **DECLARATION OF BEAR WILNER-NUGENT IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S SPECIAL MOTION TO STRIKE** |
| v. | |
| NÓIRÍN PLUNKETT, | |
| Defendant. | |

I, BEAR WILNER-NUGENT, make the following declaration under the penalty of perjury and based on my own personal knowledge. I am competent to testify to the following:

1. I am the attorney for plaintiff Michael G. Schwern. I make this declaration in support of plaintiff's motion for extension of time to respond to defendant Nóirín Plunkett's special motion to strike the complaint under ORS 31.150.

2. Defendant filed her motion on February 20, 2014. The response is thus due March 6 under LR 7-1(e)(1).

3. I am seeking an additional 14 days to respond, which would make the new deadline March 20.

DECLARATION OF BEAR WILNER-NUGENT IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 1

4. The special motion to strike is scheduled for a hearing on April 9. Thus a response deadline of March 20 would leave defendant 14 days to reply to the response (by April 3) without requiring a continuance of the hearing.

5. This is plaintiff's first motion for an extension of time to respond.

6. I am making this motion because I need more time to research and write the response to this potentially dispositive motion.

7. When defendant filed the special motion to strike, I was in the midst of a motion hearing on a serious felony case. Within three days after the motion was file, I had to leave for four very long days in New York City conducting a criminal defense investigation that had taken months to arrange. Since my return from New York City, I have had multiple hearings to prepare for and attend and have spent over half a day in a law enforcement proffer in a felony case.

8. During the next week, I have a serious felony sentencing in federal court, two civil bench trials in state court, a motions deadline in an attempted murder case, and six significant meetings scheduled, one of which involves a military prosecutor and a Naval Criminal Investigative Service special agent flying in from another state to interview a client of mine in a homicide case.

9. For these reasons, I cannot start meaningful work in response to the special motion to strike — a motion I did not anticipate — until March 12.

10. I have consulted with opposing counsel Erin Olson, who objects to this motion.

11. Ms. Olson said that she would not object to an extension of time if I agreed not to seek discovery until after the Court ruled on the special motion to strike. I was unable to make that agreement with her.

12. Ms. Olson requested that I convey her perspective to the Court as follows: "You have stated that you wish to proceed with discovery while plaintiff's motion to strike is pending notwithstanding the clear policy reasons, as set forth in the anti-SLAPP statute, for waiting until the motion is adjudicated before commencing discovery. If I am required to both oppose your discovery requests and reply to your late-filed response to my anti-SLAPP motion, it will increase the burden my already-burdened schedule. While I could request more time and a postponement of the hearing, that would not be in my client's interest, as she wishes to have this lawsuit disposed of as soon as possible."

13. I respectfully believe that it is both in my client's best interests and the legally correct course for me to endeavor to proceed with discovery notwithstanding defendant's assertion of the discovery bar contained in ORS 31.152(2). A state law limiting discovery while a special motion to strike is pending cannot control over the Federal Rules of Civil Procedure, this Court's Local Rules, and this Court's scheduling order. ORS 31.155(2) plainly states that ORS 31.150 and ORS 31.152 are procedural rules only and "do not

DECLARATION OF BEAR WILNER-NUGENT IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 2

    affect… substantive law." In federal court, federal procedure controls, not state procedure. U.S. Const., Art. VI, cl. 2; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

14. Therefore, I cannot agree with Ms. Olson to forego discovery (specifically, I am asking Ms. Olson to engage in a Rule 26(f) conference) in order to secure her concurrence in this motion for an extension of time.

15. I am not making this motion for the purpose of delay.

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand that they are made for use as evidence in court and are subject to penalty for perjury.

RESPECTFULLY SUBMITTED March 4, 2014.

                                              /s/ Bear Wilner-Nugent
                                              Bear Wilner-Nugent, OSB #044549
                                              Attorney for Defendant Ross William Jones