**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN,<br><br>         Plaintiff,<br><br>v.<br><br>NÓIRÍN PLUNKETT,<br><br>         Defendant. | Case No.:  3:14-cv-00146-PK<br><br>**DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME** |

I, Erin K. Olson, under penalty of perjury under the laws of the State of Oregon and the United States, hereby declare as follows:

1.      I am the attorney for the defendant in this case, and was retained by the defendant on an hourly basis.

2.      I am a solo practitioner assisted by one legal assistant with a caseload of mostly civil trial and appellate-level cases, but also criminal cases in which victims' rights are at issue.

3.      Prior to the scheduled April 9th hearing on defendant's anti-SLAPP motion, I have the following deadlines:  (1) a reply brief due March 14th in *Hughes v. Ephrem*, Oregon Court of Appeals case No. A155125; (2) a reply memo in support of a motion for summary judgment due

**PAGE 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

March 21st in *Paddock v. Ephrem*, Multnomah County Case No. 1311-16252; (3) a response

memo due March 27th to a motion for summary judgment in *Paddock v. Ephrem*, Multnomah

County Case No. 1311-16252; and (4) preparation to present a half-day CLE for the Oregon

State Bar's Criminal Law Section on April 4th.  In addition, a petition for a writ of mandamus

was filed February 25, 2014, in a case I have agreed to defend if the Oregon Supreme Court

hears it, *Schmidt v. Frager*, Multnomah County Case No. 1211-72195.  Finally, I have several

days of depositions scheduled in various cases prior to the April 9th hearing, and because I am

leaving the day after the hearing for a four-day, long-planned out-of-state vacation, I must also

prepare for 3-4 days of depositions in *E.T. v. State of Oregon et al.* (Multnomah County Case

No. 1307-10388) scheduled for April 14-17, as well as draft an answering brief due April 21st in

*Father M. v. Various Tort Claimants*, Ninth Circuit case no. 13-36105, prior to the hearing.

    4.    Defendant filed her anti-SLAPP motion on February 20, 2014, which is the date

her answer to the complaint or other responsive pleading was due.  The following day, i.e.

February 21, 2014, plaintiff's counsel sent the following e-mail to undersigned defendant's

counsel:

> "Dear Ms. Olson,
>
> I am in receipt of your motion to strike and will respond by the court's
> deadline of March 6.
>
> As I am sure you are aware, simply filing a state-law motion to strike does
> not grant either party relief from the initial case management order or the
> deadlines contained in it. Thus I am obligated as counsel for plaintiff to
> contact you and request that we schedule a Rule 26(f) conference. I am
> free to confer by telephone at the following times:
>
> [Listed dates and times omitted]
>
> Please let me know if any of these times work for you.

**PAGE 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Respectfully,

Bear Wilner-Nugent"

5.      Moments after receiving the foregoing e-mail, I received another one that read as

follows:

> "By the way, my legal authority for asserting this is contained in ORS
> 31.155(2) (stating that a special motion to strike is strictly procedural in
> nature) and the *Erie* doctrine -- which is why your motion is improperly
> brought in federal court in the first place.
>
> Bear Wilner-Nugent, Counselor and Attorney at Law LLC
> bwnlaw@gmail.com
> 503-351-BEAR
> 620 SW 5th Avenue, Suite 1008
> Portland, Oregon 97204"

6.      ORS 31.152(2) is part of Oregon's anti-SLAPP law, and it provides,

> "All discovery in the proceeding shall be stayed upon the filing of a
> special motion to strike under ORS 31.150.  The stay of discovery shall
> remain in effect until entry of the judgment.  The court, on motion and for
> good cause shown, may order that specified discovery be conducted
> notwithstanding the stay imposed by this subsection."

The legislative purpose of this provision is expressly stated in a different subsection of the

same statute:

> "The purpose of the procedure established by this section and ORS 31.150
> and 31.155 is to provide a defendant with the right to not proceed to trial
> in cases in which the plaintiff does not meet the burden specified in ORS
> 31.150(3).  This section and ORS 31.150 and 31.155 are to be liberally
> construed in favor of the exercise of the rights of expression described in
> ORS 31.150(2)."

In applying Oregon's anti-SLAPP statutes, the Ninth Circuit observed that "Anti-SLAPP statutes

are designed to allow the early dismissal of meritless lawsuits aimed at chilling expression

through costly, time-consuming litigation."  *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir.

2009).  In that same decision, the Court also expressly rejected plaintiff's apparent belief that

**PAGE 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Oregon's anti-SLAPP statutes do not apply in federal diversity suits, holding that "Oregon's anti-SLAPP statute, which requires entry of a judgment of dismissal without prejudice, does not directly conflict with the federal Rules and Oregon's civil procedure rules." *Id.* at 991.

That said, the Ninth Circuit has also concluded that the discovery-staying provisions of anti-SLAPP laws may conflict with Fed. R. Civ. P. 56(f) "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Metabolife Intern. Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

7.      In light of my schedule, the stated intention of plaintiff's counsel to seek to undertake discovery, the inevitability of the additional litigation that opposing those efforts would require, the open question of the availability and reasonableness of undertaking discovery at this point, and plaintiff's counsel's request for accommodation, I offered to allow his extension of time to file a response to defendant' anti-SLAPP motion in exchange for his agreement not to seek discovery until after the court's ruling on the motion.  I believed that to be a reasonable approach to the circumstances as a whole, and one in the best interest of my client, who wishes to conclude this case promptly and cost-effectively if that is possible.

**I declare under penalty of perjury under the laws of the United States of America and the State of Oregon that the foregoing is true and correct.**

EXECUTED this 5th day of March, 2014.

s/ Erin K. Olson
Erin K. Olson, OSB 934776
Attorney for Defendant

**PAGE 1 – DECLARATION OF ERIN K. OLSON IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME**