Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE** |
| v. | |
| NÓIRÍN PLUNKETT, | **Oral Argument Requested** |
| Defendant. | |

Plaintiff Michael G. Schwern, through counsel, respectfully submits this response to defendant's special motion to strike the complaint under ORS 31.150. The Court should deny the special motion to strike because it invokes a state-law procedure not available in federal court; because plaintiff is only bringing this lawsuit against defendant as a result of defendant's unprivileged defamatory speech; and because plaintiff is likely to prevail on the merits. Upon denying the motion, the Court should deny the stay of discovery entered on March 10, 2014, as the stay was entered only because of the pendency of the motion.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 1

## FACTS

Plaintiff cannot materially improve on the narrative recitation of the facts in his complaint at this juncture, and incorporates it by reference here. For the purpose of this motion, plaintiff relies on paragraphs 9 and 10 of his declaration to verify the complaint and hence give it evidentiary substance as an outline of what plaintiff's testimony would be at trial. *Young v. Davis*, 259 Or. App. 497, 313 P.3d 350 (2013) (if a case is covered by the anti-SLAPP statute, the burden of production is on the plaintiff to overcome a special motion to strike, but there shall be no weighing of the veracity of competing evidence; if the plaintiff *produces* substantial evidence, including but not limited to by way of affidavits, that suffices). At a trial, of course, plaintiff would call other witnesses, but none are legally required for plaintiff to meet the "substantial evidence" threshold of ORS 31.150(3).

Plaintiff's declaration does add further points of fact in response to the claims in defendant's declaration. In addition, plaintiff submits the following exhibits:

| | |
|---|---|
| Exhibit 1 | Tweet by Ashe Dryden referenced in paragraph 15 of the complaint and responsive tweets |
| Exhibit 2 | Tweet by Leigh Honeywell referenced in paragraph 15 of the complaint and responsive tweets |
| Exhibit 3 | Tweet by Tim Chevalier referenced in paragraph 15 of the complaint and responsive tweets |
| Exhibit 4 | Tweet by the Ada Initiative introducing blog post referenced in paragraph 17 of the complaint and responsive tweets |
| Exhibit 5 | Blog post by the Ada Initiative referenced in paragraph 17 of the complaint |
| Exhibit 6 | Blog post by Geek Feminism referenced in paragraph 18 of the complaint |
| Exhibit 7 | Blog post by the Stumptown Syndicate referenced in paragraph 18 of the complaint and comments |
| Exhibit 8 | Blog post by the Ada Initiative referenced in paragraph 27 of the complaint |

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 2

## ANALYSIS

**I. Oregon's Anti-SLAPP Law Is Purely Procedural and Hence Cannot Apply in Federal Court.**

Defendant invokes state law — ORS 31.150 through ORS 31.155 — as the basis for her special motion to strike plaintiff's complaint. ORS 31.155(2) provides, however, that "ORS 31.150 and 31.152 create a procedure for seeking dismissal of claims described in ORS 31.150 (2) and do not affect the substantive law governing those claims." Because state procedural law does not govern civil actions in federal court, defendant's motion must fail.

The Supremacy Clause (Article VI, clause 2) of the United States Constitution provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

Thus, this action is governed by the Federal Rules of Civil Procedure and not the Oregon Rules of Civil Procedure, which differ in material respects (e.g. the availability of interrogatories). The action is governed by the Federal Rules of Evidence and not the Oregon Evidence Code, which again have significant differences (e.g. which exceptions to the hearsay rule are codified). The common law of Oregon gives rise to plaintiff's claims, and Oregon common law and statutory law will furnish the substance of defendant's defenses when she answers plaintiff's complaint, but the manner in which these claims and defenses are adjudicated is entirely defined by Congress and the federal courts.

It is well-settled doctrine that in actions in which federal jurisdiction is based on diversity of citizenship, federal courts apply state substantive law but federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Consequently, the Federal Rules of Civil Procedure govern all diversity cases as long as those rules are "rationally capable" of

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 3

being thought of as procedural rather than substantive. *Hanna v. Plumer*, 380 U.S. 460, 472, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965). The Federal Rules of Civil Procedure do not contain any analogue to the Oregon anti-SLAPP law's special motion to strike a complaint. *See* Fed. R. Civ. P. 12.

The "[c]lassification of a law as 'substantive' or 'procedural' for *Erie* purposes is sometimes a challenging endeavor." *Gasperini v. Center for Humanities*, 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) (footnote omitted). ORS 31.155(2) makes this endeavor less challenging in the instance case. By squarely declaring the anti-SLAPP statutes procedural rather than substantive, ORS 31.155(2) renders improper their application in federal court. This is because the Federal Rules of Civil Procedure explicitly set forth all the bases for striking or dismissing a complaint or obtaining judgment on the pleadings in federal court, leaving nothing for state law to define that does not create a conflict. *See Burlington N. R. Co. v. Woods*, 480 U.S. 1, 4-6, 107 S. Ct. 967, 94 L. Ed. 2d 1 (1987).

Defendant has pointed out that the Ninth Circuit resolved this issue differently in *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). Decl. of Erin K. Olson in Support of Defendant's Resp. to Plaintiff's Mot. for Ext. of Time ¶6. It does not appear from *Gardner*, however, that the Ninth Circuit considered the impact of ORS 31.155(2). In view of that omission and the governing principles of law as enunciated by the Supreme Court, plaintiff respectfully submits that *Gardner* was wrongly decided. Further, plaintiff welcomes defense counsel's candor in pointing out that the Ninth Circuit has also held that Oregon's anti-SLAPP law's provision for an automatic stay on discovery does conflict with federal law. Olson Decl. ¶6, citing *Metabolife Intern. Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001). Thus, to the extent that plaintiff's claims might be bolstered by additional discovery that this Court has

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 4

stayed, the Court should give plaintiff leave to conduct that discovery before implementing any tentative decision to strike plaintiff's complaint under the anti-SLAPP laws (of course, if the Court is disposed to not strike the complaint for other reasons, there would be no reason to delay such a ruling from plaintiff's perspective).

## II. Oregon's Anti-SLAPP Law Does Not Apply to This Lawsuit Because It Is Not a SLAPP.

This is not the type of lawsuit that the anti-SLAPP statute was drafted to address. "The hallmark of a SLAPP suit is that it lacks merit." *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970 (9th Cir. 1999). Oregon's anti-SLAPP law was written in order "to provide for the dismissal of claims against persons participating in public issues, when those claims would be privileged under case law, before the defendant is subject to substantial expenses in defending against them." *Staten v. Steel*, 222 Or. App. 17, 29, 191 P.3d 778 (2008). A special motion to strike is, accordingly, available only "against a claim that arises out of the exercise of the right of petition or free speech in connection with a public issue or an issue of public interest." *Id.*, citing ORS 31.150(2)(d). More specifically, "[t]he purpose of the special motion to strike procedure, as amplified in the pertinent legislative history, is to expeditiously terminate *unfounded* claims that threaten constitutional free speech rights." *Staten*, 222 Or. App. at 32 (emphasis in original).

*Staten* is thus in accordance with the law review article that first defined SLAPP lawsuits, which enumerated the following characteristics: (1) "a civil claim for monetary damages," (2) "filed against nongovernmental individuals and institutions," (3) "based on advocacy before a government branch official or the electorate, and," (4) "on a substantive issue of some public or societal significance." Penelope Canan & George W. Pring, Research Note, *Studying Strategic Lawsuits Against Public Participation: Mixing Quantitative and Qualitative Approaches*, 22 L.

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 5

& Soc. Rev. 385, 386 (1988). Defendant's contention that plaintiff's lawsuit against defendant is a SLAPP ignores the third and fourth of these definitional characteristics.

Plaintiff is not suing defendant because of her advocacy before a government branch official or the electorate. Decl. of Michael G. Schwern ¶¶7-8. Rather, plaintiff is suing defendant because of defendant's unprivileged defamatory speech about plaintiff to private parties. Complaint ¶¶13, 15, 17-22, 34-35, 37-39, 41-43; Schwern Decl. ¶¶9-10. Additionally, plaintiff is not suing defendant because of any statement defendant has made on a substantive issue of some public or societal significance. Rather, plaintiff is suing defendant because defendant has lied about the parties' private life in such a way as to harm plaintiff's career and his future relationships. Complaint ¶¶7, 9, 13, 34-35, 37-39, 41-43; Schwern Decl. ¶¶2-4, 8-10.

ORS 31.150(1) states that a "defendant may make a special motion to strike against a claim in a civil action described in subsection (2) of this section." ORS 31.150(2) states:

> A special motion to strike may be made under this section against any claim in a civil action that arises out of:
>
> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;
>
> (b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;
>
> (c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or
>
> (d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

ORS 31.150(3) states that "A defendant making a special motion to strike under the provisions of this section has the initial burden of making a prima facie showing that the claim against which the motion is made arises out of a statement, document or conduct described in subsection (2) of

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 6

this section."

Here, defendant has failed to meet her initial burden. As observed above, plaintiff's complaint was specifically drafted to assign liability only to defendant's unprivileged statements to private parties about issues of strictly personal import. Complaint ¶¶ 13, 15, 17-22. Defendant argues to the contrary, attempting to spin the straw of the parties' former intimate relationship into the gold of a matter of genuine public interest. Memo. in Support of Defendant's Special Mot. to Strike at 6-11.

None of the cases cited by defendant, however, compel a contrary conclusion, because none are apposite to the type of claim that plaintiff is making here: that defendant, in addition to her admittedly privileged speech to police and prosecutors, falsely told the parties' friends and professional associates that plaintiff had sexually abused defendant, thus harming plaintiff's personal and professional reputations in irreversible ways (particularly given the persistence of information on the internet and the ubiquity of internet use among the communities of the parties' mutual interest). For this reason, the Court should deny defendant's special motion to strike without needing to examine plaintiff's evidence.

### III. Even If Oregon's Anti-SLAPP Law Applies, Plaintiff Can Present Substantial Evidence to Support a Prima Facie Case.

ORS 31.150(3) provides that if a defendant meets her initial burden under the anti-SLAPP law, then "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." This burden, however, is not as weighty as it might sound at first blush. "Substantial evidence" does not mean that a plaintiff must introduce any unusually forceful piece of evidence; ordinary evidence that would suffice to get a case to a jury will do. *Oregon Educ. Ass'n v. Parks*, 253 Or. App. 558, 565-566, 291 P.3d 789 (2012). Moreover, this

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 7

evidence may come by way of affidavit, ORS 31.150(4), or declaration, Or. R. Civ. P. 1 E. Additionally, a plaintiff's case may be built on inferences from admissible evidence, just as in the summary judgment or judgment as a matter of law contexts. *Oregon Educ. Ass'n*, 253 Or. App. at 566-567.

Most importantly, at this stage of the case, even if ORS 31.150 does apply to the case, the Court is not permitted to weigh the credibility of the parties, nor to use any of defendant's assertions to invalidate plaintiff's competing assertions. *Young*, 259 Or. App. 497 (slip op. at 11-15) (holding that the trial court erred in weighing the relative strength of the plaintiff's and defendant's claims). Rather, the Court must ascertain only whether plaintiff has met his burden of production. ORS 31.150(3). In other words, can plaintiff introduce admissible evidence (including evidence presented by way of a sworn statement) that tends to prove each material element of each of his causes of action? If so, the Court must deny the special motion to strike.

The Oregon Court of Appeals most recently grappled with the anti-SLAPP law in *Neumann v. Liles*, __ Or. App. __, __ P.3d __ (March 12, 2014), which was a defamation case as this case is. In summarizing its prior case law, the court observed that ORS 31.150's requirement that plaintiff produce "substantial evidence to support a prima facie case" was a "low bar" meant only "'to weed out meritless claims meant to harass or intimidate' a defendant." *Neumann* (slip op. at 9), quoting *Young*, 259 Or. at 508, and citing *Staten*, 222 Or. App. at 32. As the *Neumann* court explained, if "the evidence submitted by plaintiff[], if true, would permit a reasonable factfinder to find in [plaintiff]'s favor on a claim of defamation" (slip op. at 10), then plaintiff should prevail on defendant's special motion to strike.

In Oregon, the elements of a defamation claim are "'(1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the

statement is defamatory *per se* and therefore gives rise to presumptive special harm.'" *Id.* (slip op. at 10-11), quoting *National Union Fire Ins. Co. v. Starplex Corp.*, 220 Or. App. 560, 584, 188 P.3d 332, *rev. den.*, 345 Or. 317 (2008). Plaintiff can testify that defendant's statements about plaintiff are false and injurious factual claims, and hence defamatory. Schwern Decl. ¶¶2-5, 8-10; Complaint ¶¶ 7, 9, 13, 23, 34-35. Exhibits 1 through 7 tend to demonstrate that defendant's statements were published, over and above the correlative portions of the complaint. The question is thus whether plaintiff must introduce evidence of special harm beyond his own averments.

Plaintiff need not do so. Allegations such as those that defendant made against plaintiff are defamatory *per se* for several reasons. First, they tend to injure plaintiff in his business or profession. Complaint ¶¶29-32; *Davis v. Sladden*, 17 Or. 259, 261, 21 P. 140 (1889); *Affolter v. Baugh Const. Oregon, Inc.*, 183 Or. App. 198, 203-204, 51 P.3d 642 (2002); *Muresan v. Philadelphia Romanian Pentecostal Church*, 154 Or. App. 465, 473-474, 962 P.2d 711 (1998). Second, defendant imputed moral turpitude to plaintiff. Complaint ¶¶15, 17-22; *Ruble v. Kirkwood*, 125 Or. 316, 320, 266 P. 252 (1928), *overruled in part on other grounds by Hinkle v. Alexander*, 244 Or. 267, 271, 411 P.2d 829 (1966). Third, defendant falsely accused plaintiff of committing a crime. Complaint ¶13; *Muresan*, 154 Or. App. at 474. Thus, plaintiff need not introduce evidence of special harm at this stage and his defamation claim must survive defendant's special motion to strike.

The case is no less clear-cut for plaintiff's claim of intentional infliction of severe emotional distress. To prevail on that claim, plaintiff must prove that "defendant intended to inflict severe mental or emotional distress" or that such distress was substantially certain to eventuate as a result of defendant's conduct; that defendant's actions did indeed result in severe

mental and emotional distress on plaintiff's part; and that defendant's actions amounted to "'some extraordinary transgression of the bounds of socially tolerable conduct'" or went beyond "'any reasonable limit of social toleration.'" *Patton v. J.C. Penney Co., Inc.*, 301 Or. 117, 122, 719 P.2d 854 (1986) (quoting *Hall v. May Dept. Stores Co.*, 292 Or. 131, 135, 137, 637 P.2d 126 (1981); *Schiele v. Montes*, 231 Or. App. 43, 48, 218 P.3d 141 (2009).

      Plaintiff can meet this burden. First, it is substantially certain that anyone who accuses someone else of sexual assault in a public forum will cause the accused person severe mental or emotional distress, particularly given the criminal penalties and social opprobrium that can follow such accusations. There is evidence to show that plaintiff made such claims. Schwern Decl. ¶¶9-10; Complaint ¶¶13, 15-22; Exhibits 1-7. Second, plaintiff can testify that he has suffered severe mental and emotional distress. Schwern Decl. ¶9; Complaint ¶¶25-26, 28, 30-32. Third, to make a false sexual assault accusation is unequivocally a socially intolerable action. Schwern Decl. ¶¶2-4; *see Kraemer v. Harding*, 159 Or. App. 90, 110-111, 976 P.2d 1160 (1999). Thus plaintiff's claim of intentional infliction of severe emotional distress must survive defendant's special motion to strike.

      Finally, plaintiff has alleged intentional interference with prospective economic relations. This is the area in which additional discovery would most assist plaintiff, but plaintiff's averments should still suffice to sustain the claim at this preliminary stage. The elements of this tort are as follows:

  (1) The existence of a professional or business relationship (which could include, e.g., a contract or a prospective economic advantage);

  (2) Intentional interference with that relationship or advantage;

  (3) By a third party;

  (4) Accomplished through improper means or for an improper purpose;

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL MOTION TO STRIKE – Page 10

    (5) A causal effect between the interference and the harm to the relationship or prospective advantage; and

    (6) Damages.

*Allen v. Hall,* 328 Or. 276, 281, 974 P.2d 199 (1999). *See McGanty v. Staudenraus,* 321 Or. 532, 535-536, 901 P.2d 841 (1995); *Straube v. Larson,* 287 Or. 357, 360-361, 600 P.2d 371 (1979); *Wampler v. Palmerton,* 250 Or. 65, 73-76, 439 P2.d 601 (1968).

Oregon State Bar, *Torts* §26.2 (2012 rev.).

    Plaintiff has clearly pleaded the elements of this tort. Complaint ¶¶2-3, 24-32, 41-43. He has sworn to the truth of these allegations to the extent that the current state of his knowledge permits him to do. Schwern Decl. ¶¶9-10. Exhibits 4-8 corroborate plaintiff's allegations. The Court should deny the special motion to strike outright, or at the very least should permit plaintiff to seek third-party discovery to augment his evidence.

## CONCLUSION

    For the foregoing reasons, the Court should deny defendant's special motion to strike and dissolve its stay of discovery.

    RESPECTFULLY SUBMTTED March 20, 2014,

                                      /s/ Bear Wilner-Nugent
                                      Bear Wilner-Nugent, OSB #044549
                                      Attorney for Plaintiff