**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

       Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN,<br><br>               Plaintiff,<br><br>v.<br><br>NÓIRÍN PLUNKETT,<br><br>              Defendant. | Case No.:  3:14-cv-00146-PK<br><br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150** |

## <u>INTRODUCTION</u>

       Plaintiff responded to defendant's anti-SLAPP motion by asserting that:  (1) ORS 31.150 does not apply in federal court; (2) the speech at issue is unprivileged; and (3) plaintiff is likely to prevail on the merits.

       Plaintiff's response does not defeat defendant's anti-SLAPP motion, because:  (1) ORS 31.150 indisputably applies in federal court diversity actions, including this one; (2) defendant's speech was privileged or otherwise protected by ORS 31.150; and (3) plaintiff cannot meet his burden of establishing that there is a probability he will prevail on any of his claims by presenting substantial evidence to support a *prima facie* case.

**PAGE 1 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL
        MOTION TO STRIKE PURSUANT TO ORS 31.150**

## <u>OBJECTIONS TO EVIDENCE</u>

**A.      LR 7-1(a) Certification.**

In the spirit of LR 56-1(b), defendant certifies that the parties made a good faith effort through e-mail communication and a telephone conference to resolve defendant's objections to plaintiff's evidence, and were unable to do so.

**B.      Objections to Plaintiff's Evidence in Opposition to Defendant's Special Motion to Strike.**

Defendant objects to the admission of the following inadmissible hearsay evidence incorporated by reference into ¶ 9 of plaintiff's declaration:  Complaint, ¶¶ 10, 12, 13, and 22. FRE 802.

Further, defendant objects to the admission of the following for any evidentiary use: plaintiff's testimony "on information and belief," incorporated by reference into ¶ 10 of plaintiff's declaration, to-wit:  Complaint, ¶¶ 15, 17, 18, 19, 20, 21, 28, and 31.  This is not competent evidence, and if it has a foundation at all, the foundation is inadmissible hearsay.  FRE 602; FRE 802.

Additionally, defendant objects to the admission of speculative and conclusory evidence incorporated by reference into ¶ 9 of plaintiff's declaration, to-wit:  Complaint, ¶¶ 23, 25, 26, 28, 29, 30, 31, and 32.  This is not competent evidence, it lacks foundation, and if it has a foundation at all, the foundation is inadmissible hearsay.  FRE 602; FRE 104(b); FRE 802.

Finally, defendant objects to the admission of the exhibits that plaintiff has filed in support of his response (docket #16), which plaintiff's counsel has attempted to belatedly authenticate and lay the foundation for by filing an untimely declaration without court authorization and without good cause. FRE 901; FRE 104(b); *see* LR 7-1(e).

**PAGE 2 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

<u>**REPLY ARGUMENT**</u>

**1.      ORS 31.150 Applies in Federal Court Diversity Cases.**

Since Washington passed the first anti-SLAPP law in 1989[1] twenty-seven more states,

the District of Columbia, and Guam have all enacted anti-SLAPP laws[2] to mitigate the harassing

and chilling effect of meritless lawsuits brought to silence those who exercise their constitutional

rights of speech and petition.  Oregon is among those states, having enacted the law that became

ORS 31.150 in 2001.  Or. Laws 2001 ch. 601.  Oregon's anti-SLAPP law was closely modeled

after California's, and it "was intended that California case law would inform Oregon courts

regarding the application of ORS 31.150 to ORS 31.155."  *Page v. Parsons*, 249 Or App 445,

461, 277 P.3d 609 (2012).

In 1999, the Ninth Circuit held that California's anti-SLAPP law was applicable in federal

court.  *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972-73 (9th Cir.

1999).  Since that time, the Ninth Circuit has routinely addressed anti-SLAPP appeals in federal

diversity cases.  *E.g., Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003); *Gardner v. Martino*, 563

F.3d 981 (9th Cir. 2009); *Hilton v. Hallmark Cards,* 599 F.3d 894 (9th Cir. 2010); *Northon v.

Rule*, 637 F.3d 937 (9th Cir. 2011); *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009 (9th Cir.

---

[1]   RCW 4.24.510 (immunity for communications to government agencies on matters of concern).

[2]   A listing of the jurisdictions and their statutes can be found at http://www.anti-slapp.org/your-states-free-speech-protection/ (last accessed March 27, 2014).  Two other states, Colorado and West Virginia, have court-created procedures similar to anti-SLAPP laws.  *Protect Our Mountain Environment, Inc. v. District Court*, 677 P.2d 1361 (Colo. 1984); *Harris v. Adkins*, 189 W.Va. 465, 432 S.E.2d 549 (W.Va. 1993).  *See generally* Thomas R. Burke, *Anti-SLAPP Litigation* (Rutter Group 2013).

**PAGE 3 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL
MOTION TO STRIKE PURSUANT TO ORS 31.150**

2013).[3]  A year ago, Chief Judge Alex Kozinski requested the *en banc* court to reconsider and reverse its ruling in *Newsham*, arguing that federal courts "have no business applying exotic state procedural rules which, of necessity, disrupt the comprehensive scheme embodied in the Federal Rules."  *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 272 (9th Cir. 2013) (Kozinski, C.J. concurring).  The full Court refused to do so.  *Makaeff v. Trump Univ., LLC*, 736 F.3d 1180 (9th Cir. 2013).

In this circuit, there can be no reasonable dispute that states' anti-SLAPP laws apply in federal court diversity actions.

**2.      Defendant's Speech Was Protected Under ORS 31.150.**

Plaintiff argues that his complaint "was specifically drafted to assign liability only to defendant's unprivileged statements to private parties about issues of strictly personal import." Plaintiff's Response (Docket #14), p. 7.  Plaintiff identifies the "unprivileged statements" as those in ¶¶ 13, 15, and 17-22 of his complaint.  Those paragraphs read as follows:

> "13.
> In addition to her statements to medical personnel, police, and prosecutors, defendant, on and after September 19, 2013, intentionally made false and unprivileged claims to other third parties that plaintiff had sexually abused defendant and subjected defendant to intimate partner violence.
>
> *      *      *
>
> 15.
> On September 21, prominent open source software developers Ashe Dryden and Leigh Honeywell both tweeted that plaintiff had been arrested for attacking defendant. Fellow developer Tim Chevalier made a similar tweet on September 22. On information and belief, Ms. Dryden, Ms. Honeywell, and Mr. Chevalier were all republishers of defendant's

---

[3]   The First and Fifth Circuit Courts of Appeal have also applied state anti-SLAPP laws in federal diversity cases.  *Godin v. Schencks*, 629 F.3d 79, 91 (1st Cir. 2010); *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 168-70 (5th Cir. 2009).

**PAGE 4 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL
MOTION TO STRIKE PURSUANT TO ORS 31.150**

unprivileged false claims about plaintiff, and based their tweets on these claims.

\*      \*      \*

17.

On September 25, the Ada Initiative published a blog post on its website entitled "The Ada Initiative does not support Michael Schwern's ally work." This post can be viewed at http://adainitiative.org/2013/09/the-ada-initiative-does-not-support-michael-schwerns-ally-work/. The post contains the statement "The Ada Initiative declines now and in future to work with Michael Schwern or to promote his work based on the information above" about plaintiff's arrest. On information and belief, Ada Initiative leaders, in publishing this post, were basing their decision on unprivileged false claims by defendant. The Ada Initiative has subsequently added links to these negative claims about plaintiff to its previously published blog posts about plaintiff's work on the Ada Initiative's behalf.

18.

On September 30, the Geek Feminism blog, another institution in open source feminist culture to which both parties had previously contributed, published a post on its website entitled "Co-Signing the Ada Initiative's Statement on Michael Schwern." This post can be viewed at http://geekfeminism.org/2013/09/30/co-signing-the-ada-initiatives-statement-on-michael-schwern/.  The post endorses the claims made in the September 25 post described in paragraph 17, *supra*. The post is co-signed by seven individuals, three of whom — Ashe Dryden, Leigh Honeywell, and Tim Chevalier — had tweeted about plaintiff's arrest as described in paragraph 15, *supra*. On information and belief, at least some of the authors of the Geek Feminism post were basing their decision to post it on unprivileged false claims by defendant.

19.

Stumptown Syndicate is a nonprofit organization that coordinates many open source community activities in Portland and with which plaintiff had long been an active contributor.  On November 18, Stumptown Syndicate published a blog post on its website authored by its president, Christie Koehler, entitled "Regarding Michael Schwern." This post can be viewed at http://stumptownsyndicate.org/2013/11/18/regarding-michael-schwern/. Stumptown Syndicate asserted in the post that plaintiff's "actions harmed another community member." Therefore, the post continues, "The Stumptown Syndicate Board has concluded that the safety and well-being of our community is best served by not allowing Schwern to attend our events or other activities until such time as we indicate it is appropriate for him to resume involvement." On information

**PAGE 5 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

and belief, Ms. Koehler and the Stumptown Syndicate Board were basing their decision to publish this post on unprivileged false claims by defendant.

20.

Around the first week of September, Robert Young, a friend of defendant's, told Jessica Stroia, a friend of plaintiff's, that defendant was planning to stay with Mr. Young in the near future. On September 19, around 9:25 p.m., after the parties had had sex and gone their separate ways but before plaintiff was arrested, Mr. Young text messaged Ms. Stroia and told her not to tell anyone that defendant was going to be staying with him. On information and belief, Mr. Young acted as he did because defendant was planning her campaign against plaintiff with his unwitting connivance, and because defendant had made unprivileged false claims about plaintiff to Mr. Young.

21.

Talena Gandy has been a friend of both parties. Ms. Gandy moved from Portland to the Boston area before defendant did. Ms. Gandy subsequently stopped speaking with plaintiff. On information and belief, Ms. Gandy did so because defendant made unprivileged false claims about plaintiff to her.

22.

In Boston, Massachusetts, Casey West, an old friend of plaintiff's, encountered defendant after plaintiff's September arrest. Defendant intentionally and falsely told Mr. West that plaintiff had raped her with a knife. Defendant also intentionally and falsely told Mr. West that plaintiff's work with open source software was all a ploy to get closer to defendant's friends so that plaintiff could control defendant and interfere with defendant's ability to tell people about plaintiff's supposed abuse of defendant.

Complaint (Docket #1).

Paragraph 13 is presumably an introduction to the paragraphs that follow because it identifies no third persons to whom defendant purportedly made defamatory statements, and contains only a conclusory and unsupported assertion that defendant "made false and unprivileged claims to other third parties that plaintiff had sexually abused defendant and subjected defendant to intimate partner violence."  Even if this paragraph did allege that

**PAGE 6 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

defendant had made such a statement to an identified third party, and even if defendant did make such a statement, it would be protected under ORS 31.150 because it is a statement "in connection with an issue under consideration or review by a * * * executive or judicial body" and/or a statement "in connection with an issue of public interest" and/or "other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with an * * * issue of public interest."  ORS 31.150(2)(b)-(d).

Paragraphs 15 and 17-21 do not contain alleged statements, but rather, assert conclusions the plaintiff or his counsel have apparently drawn from the postings or other information identified in the respective paragraphs.  As established below, "information and belief" are insufficient to support claims subject to ORS 31.150.  Moreover, all of these postings or other information could easily have arisen from public records of the plaintiff's arrest, booking, and court docketing.  *See, e.g.,* Declaration of Michael G. Schwern in Support of Plaintiff's Response to Defendant's Special Motion to Strike (hereinafter "Schwern  Dec.") (Docket #16), Exh. 2 (Tweeted link to plaintiff's booking photo by "@hypatiadotca").  All such sources of information are readily available to the public, and plaintiff offers nothing to suggest that the social media postings arose from statements made by the defendant rather than publicly-available information concerning his arrest, booking, and docketed court appearance.  While plaintiff's arrest, booking, and docketed court appearance indisputably arose from defendant's allegations that he had assaulted her, those allegations were privileged and protected by ORS 31.150, as explained below.

Paragraph 22 is the only portion of plaintiff's complaint that alleges statements actually made by the defendant to an identified third party.  However, the statements all relate to defendant's sexual assault and were allegedly made after defendant had complained to law

**PAGE 7 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

enforcement and the court.  They are, therefore, statements that -- if made at all -- were made "in connection with an issue under consideration or review by a * * * executive or judicial body" and/or were statements "in connection with an issue of public interest" and/or "other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with an * * * issue of public interest."  ORS 31.150(2)(b)-(d).

Sexual assault – even marital rape – is an issue of public interest.  *See The Florida Star v. B.J.F.*, 491 U.S. 524, 536-37 (1989) ("[T]he news article * * * involved a matter of paramount public import:  the commission, and investigation, of a violent crime which had been reported to authorities.").  Sexual assault allegedly perpetrated by a prominent member of an industry – particularly one who by his own admissions, has been a public advocate against sexual harassment – is an issue of interest within that organization, and is therefore an "issue of public interest" within the meaning of ORS 31.150(2)(c)-(d).  *See, e.g., Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 13 Cal. Rptr. 3d 353 (4th Dist. 2004) (anti-SLAPP statute applied to controversy in the cat breeding community); *McGarry v. University of San Diego*, 154 Cal. App. 4th 97, 109-111, 64 Cal Rptr. 3d 467 (4th Dist. 2007) (even though reasons for football coach's termination were private and confidential, his abrupt termination mid-season and on the eve of an important game "was an issue of import to a substantial segment of the public"); *see also Unelko Corp. v. Rooney*, 912 F.2d 1049, 1056 (9th Cir. 1990) (public criticism of an automobile water-repellent product was a matter of public concern because it "was of general interest and was made available to the general public").

Because defendant's alleged statements were within the protection of ORS 31.150, plaintiff must establish that there is a probability he will prevail on his claims by presenting substantial evidence to support a *prima facie* case for each of them.

**PAGE 8 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

3.    **Plaintiff Has Failed to Meet His Burden to Establish That There is a Probability He Will Prevail on his Claims by Presenting Substantial Evidence to Support a *Prima Facie* Case, as Required by ORS 31.150(3).**

Because defendant has demonstrated that plaintiff's claims arise out of conduct described in ORS 31.150(2), the burden shifts to plaintiff to establish, through the production of substantial evidence, a probability that he will prevail on these claims.  ORS 31.150(3); *see Or. Educ. Ass'n v. Parks*, 253 Or App 558, 566, 291 P.3d 789 (2012) ("ORS 31.150(3) expressly shifts the burden of production of evidence onto the nonmoving plaintiff, and it requires a court to evaluate the evidence and draw a conclusion as to whether there is a probability that the plaintiff will prevail.").  For the following reasons, plaintiff has not met this burden with regard to any of the three claims in his complaint.

A.    **Plaintiff Has Failed to Present Admissible Evidence on Most of the Elements of His Claims.**

The only evidence submitted by plaintiff in support of his *prima facie* case is his own declaration, which purports to swear to the veracity of many of the allegations in his complaint, and a series of unauthenticated social media postings.

In his declaration, plaintiff denies ever sexually assaulting or engaging in nonconsensual sexual contact with defendant.  He then claims in ¶ 9 of his declaration that he can testify from personal knowledge as to specifically-identified allegations in his complaint.  However, plaintiff is not a competent witness to testify to most of the allegations identified in ¶ 9 except to the extent that he can describe his own experiences with defendant, with law enforcement, and with the courts.  His failure to provide admissible evidence to support elements of each of his three claims is specifically addressed below, but by way of example of the shortcoming of plaintiff's evidence, he offers absolutely no admissible evidence that defendant has made an unprivileged

PAGE 9 – **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

statement to a third party that he sexually assaulted her.  The only potentially unprivileged statement he identified with any specificity in his complaint was a statement allegedly made by defendant to someone named Casey West.  (<u>Complaint</u>, ¶ 22)  Plaintiff has offered no declaration or affidavit of Casey West, yet plaintiff states in ¶ 9 of his declaration that the allegations in paragraph 22 "are true based on [his] personal knowledge[,] and that [i]f called as a witness in a hearing or trial in this case, [he] would testify consistently with this knowledge."  (<u>Schwern Dec.</u>, ¶ 9).  Plaintiff would not be permitted to testify at a hearing or trial as to what defendant told Casey West since it is apparent that plaintiff was not present when the statement was allegedly made.  Evidence of what defendant told Casey West is not admissible through the testimony of plaintiff.  OEC 802; *see OEA v. Parks*, 253 Or App 558, 567 (2012) (evidence for purposes of ORS 31.150(4) "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant or declarant is competent to testify as to the matter stated therein.") (quoting ORCP 47 D); *accord* Fed.R.Civ.P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

Additionally, "information and belief" is not admissible evidence to support a *prima facie* case, nor is plaintiff's "belief" that defendant has caused him the damages alleged in his complaint.  (<u>Schwern Dec.</u>, ¶¶ 10 and 11)  As plaintiff's counsel acknowledges in plaintiff's opposition memorandum, the question is, "can plaintiff introduce admissible evidence (including evidence presented by way of a sworn statement) that tends to prove each material element of each of his causes of action?"  (<u>Plaintiff's Response</u>, p. 8)  Plaintiff has failed to do so with respect to all three of his claims, as more specifically set forth below.

**PAGE 10 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

**B.  Plaintiff's First Claim for Relief (Defamation) Must Be Dismissed for Lack of Substantial Evidence.**

To survive defendant's motion to strike his claim for defamation, plaintiff must present admissible evidence to support each of the elements of such a claim, which are:  "(1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory *per se* and therefore gives rise to presumptive special harm."  *Nat'l. Union Fire Ins. Co. v. Starplex Corp.*, 220 Or App 560, 584, 188 P.3d 332, *rev den*, 345 Or 417 (2008).

A statement is defamatory only if it is false, and plaintiff's first hurdle is to establish the falsehood of defendant's alleged statements.  In this proceeding, plaintiff has filed a sworn statement that he did not sexually assault or have nonconsensual sexual contact with defendant, and defendant has filed a sworn statement saying he did.  However, in a prior proceeding, defendant sought and obtained a restraining order against plaintiff in Cambridge, Massachusetts District Court based on sworn allegations that plaintiff had sexually assaulted her.  (<u>Declaration of Noirin Plunkett</u>, ¶ 8 and Exhs. 1 and 2)  Plaintiff was represented by counsel at the hearing to contest the issuance of the restraining order, and had an opportunity to litigate it.  (*Id.* at ¶ 9 and Exh. 2, p. 2; *see also Frizado v. Frizado*, 420 Mass. 592, 651 N.E.2d 1206 (1995) (finding procedures in Mass. Gen. L. c. 209A facially constitutional))*; see* Mass. Gen. L. c. 209A, § 3(d) (no presumption of abuse arises from order).  At the conclusion of the hearing, the judge extended the initial *ex parte* order, in which the court had found that "there is a substantial likelihood of immediate danger of abuse."  The burden at such a hearing requires that "the plaintiff proves, by a preponderance of the evidence, that the defendant has caused or attempted to cause physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear of

**PAGE 11 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

imminent serious physical harm." *MacDonald v. Caruso*, 467 Mass. 382, 386, 2014 Mass.

LEXIS 122 (2014).  Having already established in a prior court proceeding by a preponderance

of evidence that plaintiff sexually assaulted defendant – a court proceeding of which plaintiff had

notice, an opportunity to be heard, and an opportunity to cross-examine the defendant – the

defendant's evidence supporting her anti-SLAPP motion does more than refute plaintiff's

evidentiary support for his claims, and for that reason, is distinguishable from the Oregon Court

of Appeals' criticism of the trial court's weighing of the competing evidence in *Young v. Davis*,

259 Or App 497, 509-510, 314 P.3d 350 (2013).  In this case, defendant is entitled to a

presumption that the Cambridge District Court's finding supporting the issuance of a protective

order was the result of the lawful exercise of that court's jurisdiction.  FRE 302/OEC 311(1)(k);

*see also* OEC 311(1)(c) ("Evidence willfully suppressed would be adverse to the party

suppressing it.").

Plaintiff's failure to meet his burden of establishing that defendant's statements were false

is but one of the reasons defendant's motion with respect to plaintiff's defamation claim must be

granted.  Defendant's statements – those for which there is actual admissible evidence in the

record – were also privileged, because reports of crime to police or others involved in the

criminal investigatory process are privileged.  *See Ducosin v. Mott*, 292 Or. 764, 770, 642 P.2d

1168 (1982) (report to medical examiner of suspected foul play was absolutely privileged); *c.f.*

*DeLong v. Yu Enterprises, Inc.*, 334 Or 166, 47 P.3d 8 (2002) (informal report to law

enforcement was conditionally privileged); *see also Comstock v. Aber*, 212 Cal. App. 4th 931,

941, 151 Cal. Rptr. 3d 589 (1st Dist. 2012) ("the law is that communications to the police are

within SLAPP."); *Chabak v. Monroy*, 154 Cal. App. 4th 1502, 1512 65 Cal. Rptr. 3d 641 (5th

**PAGE 12 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL
MOTION TO STRIKE PURSUANT TO ORS 31.150**

Dist. 2007) (defendant's reports of child abuse to the police were protected by California's anti-SLAPP statute because they arose out of the defendant's "right to petition the government.").

Moreover, statements made in judicial proceedings are absolutely privileged. *Vasquez v. Courtney*, 276 Or 1053, 1055, 557 P.2d 672 (1976). All of defendant's written statements about plaintiff's sexual and other abuse of her were made either in the Massachusetts protective order proceeding or in this proceeding, and are absolutely privileged. *Id.*

Additionally, plaintiff has provided no admissible evidence that defendant has published any of her statements to others, other than in judicial proceedings. The only evidence offered by plaintiff of publication of defendant's statements is in the unauthenticated social media postings filed as exhibits 1-8 (Docket #16) There is no evidence that the information in those postings was either available to the public or came from the defendant. Indeed, the only original source to which any of the postings is attributed is the Multnomah County Sheriff's website showing jail bookings. (Schwern Dec., Exh. 2)

Finally, plaintiff has alleged that defendant made the statements complained of with "actual malice," presumably because plaintiff claims to be a public figure within his community, and actual malice is required to prove a public figure has been defamed. *Curtis Pub. Co. v. Butts*, 388 U.S. 130, 155 (1967); *see Neumann v. Liles*, 261 Or App 567, 579, __ P.3d __ (2014) (discussing claim that plaintiffs were "limited public figures who were required to present evidence that defendant acted with malice in order to establish a *prima facie* case of defamation"). Without reaching the question of whether plaintiff is or is not a public figure for purposes of proving his defamation claim, plaintiff has introduced no admissible evidence that defendant's allegedly defamatory statements were made with actual malice.

**PAGE 13 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

Plaintiff has failed to meet his burden with respect to his defamation claim, and defendant's special motion to strike it must therefore be granted.

### C.  Plaintiff's Second Claim for Relief (Intentional Infliction of Severe Emotional Distress) Must Be Dismissed for Lack of Substantial Evidence.

To survive defendant's motion to strike his claim for intentional infliction of emotional distress, plaintiff must present admissible evidence to show that the defendant:  (1) intended to inflict severe emotional distress on the plaintiff; (2) the defendant's actions caused the plaintiff severe emotional distress; and (3) the defendant's actions transgressed the bounds of socially tolerable conduct.  *McGanty v. Staudenraus*, 321 Or 532, 543, 901 P.2d 841 (1995).

To meet his burden with respect to the first element, plaintiff must establish that the defendant either desired to inflict severe emotional distress on plaintiff or knew that such distress was certain or substantially certain to occur.  *Id.* at 550.  He has introduced no admissible evidence that defendant's intention in reporting his sexual assault to law enforcement and the courts was to inflict severe emotional distress upon him.  While being arrested may have in fact caused the plaintiff severe emotional distress, he offers no competent or admissible evidence that it was defendant's intention to do so.

Nor has plaintiff offered admissible evidence that defendant reported his sexual assault of her to anyone other than law enforcement and the courts.  As noted above, reports to those persons and entities are privileged.  *See* ¶ 3.B, *supra*.

Finally, defendant's complaints that plaintiff had sexually assaulted her do not exceed the bounds of socially tolerable conduct – such a judgment is one "of social standards rather than of specific occurrences."  *House v. Hicks*, 218 Or App 348, 358-59, 179 P.3d 730 (2008).  It is socially tolerable to report criminal acts of violence.

**PAGE 14 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

Plaintiff has failed to meet his burden with respect to his claim for intentional infliction of emotional distress, and defendant's special motion to strike it must therefore be granted.

### D.  Plaintiff's Third Claim for Relief (Intentional Infliction [sic] with Prospective Economic Relations) Must Be Dismissed for Lack of Substantial Evidence.

Plaintiff's third claim is for intentional interference with economic relations, which requires proof of the following elements:  "(1) the existence of a professional or business relationship (which could include, *e.g.*, a contract or a prospective economic advantage), (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages." *McGanty*, 321 Or at 535.

Plaintiff has offered no evidence of *any* relationship with any of the entities he lists in ¶ 41 of his complaint.  Even if he had offered or could offer such evidence, he has offered no evidence that the defendant's reports to law enforcement and the court were intended to interfere with any such relationship, or that such reports were an "improper means or for an improper purpose."  Similarly, he has offered no competent or admissible evidence of causation or damages.

The purpose of the tort of intentional interference with economic relations is to protect "economic relationships, both commercial and noncommercial, that would have very likely resulted in a pecuniary benefit to the plaintiff but for the defendant's interference." *Cron v. Zimmer*, 255 Or App 114, 127, 296 P.3d 567 (2013).  There is nothing in the record to support this claim.  The unauthenticated social media and other internet postings filed by plaintiff contain no evidence that the posters were prospective employers.  One of the postings (Stumptown Syndicate) states that *plaintiff* is the source of its information.  (Schwern Dec., Exh. 7)  Another

**PAGE 15 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO STRIKE PURSUANT TO ORS 31.150**

of the postings (Ada Initiative) states that information therein came from "a lawyer representing

Michael Schwern" who "published a press release."  (*Id.*, Exh. 6, p. 1)  None of the exhibits

attached to plaintiff's declaration contains a statement from defendant, or even a statement that

one could reasonably infer came from the defendant.  While a court is entitled to draw

reasonable inferences from the evidence submitted by a plaintiff to support a *prima facie* case in

opposition to an anti-SLAPP motion, the evidence from which the inferences may be drawn must

itself be admissible, and not mere speculation.

## CONCLUSION

For these reasons and those to be presented at oral argument, defendant Noirin Plunkett

asks the court to strike all claims against her in this lawsuit pursuant to ORS 31.150 and to award

her costs and attorney fees pursuant to ORS 31.152(3).

DATED this 2nd day of April, 2014.


s/ Erin K. Olson
Erin K. Olson, OSB 934776
Attorney for Defendant


**PAGE 16 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL
MOTION TO STRIKE PURSUANT TO ORS 31.150**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true copy of the foregoing document on the following

by CM/ECF System Transmission:

Bear Wilner-Nugent
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
bwnlaw@gmail.com

Dated:  April 2, 2014

s/ Erin K. Olson_____
Erin K. Olson

**PAGE 17 – DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF SPECIAL
MOTION TO STRIKE PURSUANT TO ORS 31.150**