**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN,<br><br>                  Plaintiff,<br>v.<br><br>NÓIRÍN PLUNKETT,<br><br>                  Defendants. | Case No.: 3:14-cv-00146-PK<br><br><br><br>**DEFENDANT'S OBJECTIONS TO**<br>**FINDINGS AND RECOMMENDATION** |

## **INTRODUCTION**

    Pursuant to Fed.R.Civ.P. 72(b)(2), defendant objects to the magistrate judge's proposed findings and recommendations on the following grounds:

    (1) The late-filed evidence submitted by plaintiff should not have been admitted;

    (2) No reasonable inference can be drawn that the third parties who published information concerning the incident on the Internet received their information from defendant;

    (3) Other than the untimely declaration of Casey West, there was no evidence presented by the plaintiff that defendant made statements accusing plaintiff of sexual

**PAGE 1 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

assault to third parties other than privileged statements made to persons in furtherance of the criminal investigatory process or made in the course of judicial proceedings;

(4) The plaintiff did not "establish that there is a probability that [he] will prevail on the claim[s] by presenting substantial evidence to support a prima facie case," as required by ORS 31.150(3); and

(5) If this Court rejects the magistrate judge's recommendation that defendant's anti-SLAPP motion be denied, the Court should also reject the recommendation that plaintiff be permitted to conduct discovery.

## **OBJECTIONS TO FACTUAL FINDINGS AND CONSIDERATION OF EVIDENCE**

With one immaterial exception,[1] defendant agrees with the recitation of facts set forth in pp. 5-10 of the "Findings and Recommendations." However, defendant objects to the inclusion in the factual findings – and to the admission – of evidence from the "Declaration of Casey West" (Docket #19), which was filed the morning of the hearing on the motion, and also to the late-filed declaration authenticating the Internet postings relied on by plaintiff (Docket #17). The late-filings were not preceded by motion or by any showing of good cause for why they were untimely.

LR 7-1(e)(1) requires a response to a motion to be filed within fourteen days after service of the motion. However, LR 1-4 allows a judge, "[i]n the interest of justice," to "suspend or modify the application of these rules in an individual case." At the request of plaintiff's counsel, Judge Papak did extend the time for plaintiff to file his response to defendant's anti-SLAPP motion, doubling the time allowed by LR 7-1(e)(1). (Docket # 13) Defendant submits that

---

[1] The assertion on p. 7 of the "Findings and Recommendations" that Plunkett stated in her declaration that Schwern "penetrated her vaginally with *the blade of* a knife" is incorrect. Her declaration actually says Schwern "penetrated my vagina with a knife." Plunkett Decl., ¶ 5.

**PAGE 2 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

considering critical evidence filed late – including evidence filed and served on defendant's counsel moments before the hearing on the motion was to start – did not serve the interests of justice, but only the interests of plaintiff.

In recommending the consideration of the late-filed declaration by this Court, Judge Papak wrote that "no legitimate purpose could be served by declining to consider otherwise competent evidence on the grounds of untimeliness, and considerations of judicial economy weigh heavily in favor of admitting all proffered evidence *nunc pro tunc* in the interest of deciding the issues raised by Plunkett's motion definitely and expeditiously." Findings and Recommendation, p. 16.  This recommendation is consistent with the argument made by plaintiff's counsel at the hearing, which was basically that if the court did not admit the late-filed declaration and denied defendant's anti-SLAPP motion due to lack of evidence, plaintiff would just re-file the lawsuit with the evidence in hand.

Defendant submits that a threat by a plaintiff's attorney to re-file a lawsuit if the court dismisses the current suit based on lack of competent evidence is not an appropriate ground for admitting late-filed evidence based on a finding that considerations of judicial economy favor it. One purpose of anti-SLAPP statutes is to deter the filing of questionable lawsuits that target the exercise of protected constitutional rights by requiring plaintiffs who file such lawsuits to have in hand the evidence to support their claims.  *Staten v. Steel*, 222 Or App 17, 27, 30, 191 P3d 778 (2008), *rev den*, 345 Or 618 (2009) (purpose of ORS 31.150 is to "permit a defendant who is sued over certain actions taken in the public arena to have a questionable case dismissed at an early stage[,]" and the motion "thus, may require the plaintiff to present the factual basis for its claim at the beginning of the litigation.").  Allowing such evidence to be filed late, when an

**PAGE 3 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

opponent has no meaningful opportunity to challenge the evidence, does not serve the interests of justice.

Finally, as more fully set forth below, defendant objects to the inferences drawn from the evidence considered by Judge Papak in concluding that plaintiff had met his burden "to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a *prima facie* case." ORS 31.150(3).

## OBJECTIONS TO RECOMMENDATION

Judge Papak correctly found that defendant's alleged statements were within the protection of ORS 31.150. *See Higher Balance, LLC v. Quantum Future Group, Inc.*, Case No. 08-233-HA (D. Or. 2008) (postings to online forum were matters of public interest within the meaning of ORS 31.150). However, he erred in concluding that plaintiff met his burden to establish that there is a probability he will prevail on his claims by presenting substantial evidence to support a *prima facie* case for each of them, as required by ORS 31.150(3).

1. **There Is No Competent Evidence in the Record that Defendant Made Unprivileged Statements to Third Parties that are Grounds for Plaintiff's Claims.**

In his analysis, Judge Papak observed that "[t]wo material factual questions regarding Plunkett's purported statements to third parties are * * * a common element of each of Schwern's claims." Findings and Recommendation, p. 18. The first material factual question is "the falsehood of Plunkett's purported statements to third parties." *Id.* at p. 19. Defendant does not dispute at this stage Judge Papak's conclusion that plaintiff's declaration that he did not sexually assault defendant is sufficient to meet his burden. It is Judge Papak's conclusion as to the second of the two material factual questions to which defendant objects: that plaintiff presented admissible evidence that Plunkett actually made any such statements. *Id.* In finding plaintiff had

**PAGE 4 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

met his burden of demonstrating that defendant actually made any such statements, Judge Papak wrote:

> "Interpreting this evidence in the light most favorable to Schwern, it is a fair inference therefrom (for purposes of Plunkett's special motion only) that at least some of the third parties publishing such posts received their information regarding the incident directly from Plunkett (one such post references a press release issued by Schwern's counsel as a source of primary information, but that release issued September 24, 2013, after several of the other posts had already been published), if only due to the manifest improbability that members of the general public would otherwise have learned about the incident (and adopted Plunkett's perspective as to what had occurred) directly from publicly available arrest records within fewer than 48 hours following the arrest. I therefore recommend that the court presume the truth of the inference, for purposes of determining whether Schwern has met his burden at the second step of the two-step process only, that Plunkett made unprivileged defamatory statements to third parties regarding Schwern's conduct of September 19, 2013, as alleged in Schwern's complaint."

<u>Findings and Recommendation</u>, pp. 19-20.

This finding requires speculation, because there is no evidence that defendant was the source of the information published on the Internet. The finding also ignores the reality of the Internet and the speed with which information can be distributed. *See generally Reno v. ACLU*, 521 U.S. 844, 849-853 (1997) (describing the evolution, availability, and use of the Internet); http://en.wikipedia.org/wiki/Internet (last accessed May 3, 2014) (describing modern uses and social impact of the Internet).

The only direct evidence that defendant made <u>any</u> unprivileged statements to any third party is in the challenged declaration of Casey West. However, as noted by Judge Papak, West was not a person who publicly posted anything about the sexual assault, and "West's testimony standing alone is therefore not sufficient, in the absence of any affirmative inference drawn therefrom, to establish a probability that Schwern will prove his contention that Plunkett made

**PAGE 5 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

similar statements to the other third parties whose social media responses are at issue here." Findings and Recommendation, p. 16, note 3.

Beyond the information in the West declaration, there is simply no evidence that the defendant made statements to the third parties whose Internet postings plaintiff relies on to support his claims. The postings themselves identify only plaintiff's counsel and plaintiff's publicly-available arrest record as the sources of their information. It is not a reasonable inference to draw from the evidence presented by the plaintiff that the source of the postings was defendant. Rather, it is mere speculation. While the postings may establish that their source "could conceivably" have been plaintiff, they do "not give rise to a reasonable inference" that the source was plaintiff. *Cafasso v. General Dynamics C4 Systems*, 637 F.3d 1047, 1061 (9th Cir. 2011) (analyzing reasonableness of inferences in the context of summary judgment motion). To find that plaintiff met his burden from the postings themselves "would require undue speculation[,]" and a plaintiff's obligation is to "set forth non-speculative evidence of specific facts, not sweeping conclusory allegations." *Id.*

An even more reasonable inference to be drawn from the Internet postings is that their source was plaintiff's counsel and/or public records, because those are the only cited sources of information in the postings themselves. *See also Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir. 1985) ("In determining whether an inference may be reasonable, the district court should not weigh competing inferences against each other."). Absent the late-filed West declaration and the <u>un</u>reasonable inference that defendant is the source of the information posted on the Internet, there is no evidence that defendant made unprivileged statements that plaintiff sexually assaulted her. "Speculation and conjecture cannot take the place of reasonable inferences and evidence[.]" *Juan H. v. Allen*, 408 F.3d 1262, 1279 (9th Cir. 2005).

**PAGE 6 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

### 2. Plaintiff Did Not Produce Substantial Evidence to Support a *Prima Facie* Case for Any of his Claims.

While Judge Papak cited to recent decisions of the Oregon Court of Appeals in concluding that plaintiff had produced "substantial evidence to support a prima facie case," his application of the legal standard discussed in those cases was flawed.

The most comprehensive recent discussion of the plaintiff's burden under ORS 31.150(3) was in *Young v. Davis*, 259 Or App 497, 314 P3d 350 (2013). In analyzing the statute's intended meaning of the burden placed on a plaintiff once the defendant has made a *prima facie* showing that the challenged claims fall within the protection of the statute, the Court of Appeals wrote:

> "Here, the phrase 'that there is a probability' is qualified by the phrase '*by* presenting substantial evidence to support a prima facie case.' (Emphasis added.) Thus, the statute, read as a whole, dictates that a plaintiff has met its burden where it has, in fact, 'present[ed] substantial evidence to support a prima facie case.' In other words, the statutory text indicates that the presentation of substantial evidence to support a *prima facie* case is, *in and of itself*, sufficient to establish a probability that the plaintiff will prevail; whether or not it is 'likely' that the plaintiff will prevail is irrelevant in determining whether it has met the burden of proof set forth by ORS 31.150(3). *See OEA v. Parks*, 253 Or App 558, 565, 291 P3d 789 (2012), *rev den*, 353 Or 867 (2013) (rejecting argument that 'the standard established by ORS 31.150 requires *more* evidence than that from which a reasonable jury could conclude that [the] plaintiffs had established the facts necessary to prove their claim' (emphasis in original)); *see also Oviedo v. Windsor Twelve Properties, LLC*, 212 Cal App 4th 97, 112, 151 Cal Rptr 3d 117 (2012) ('The probability of prevailing standard is satisfied when the party opposing an anti-SLAPP motion presents admissible evidence demonstrating the existence of a *prima facie* case * * *.')."

*Young v. Davis*, 259 Or App at 508. The Court of Appeals went on to describe the plaintiff's burden as a "low bar" intended "to weed out meritless claims meant to harass or intimidate – not to require that a plaintiff prove its case before being allowed to proceed further." *Id.*

Despite the "low bar" faced by a plaintiff seeking to defeat an anti-SLAPP motion, the bar requires "<u>substantial</u> evidence to support a *prima facie* case." ORS 31.150(3) (emphasis

**PAGE 7 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

added).  That is, the bar requires both <u>evidence</u>, and that the evidence be <u>substantial</u>.  The word "substantial" cannot simply be ignored.  ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to * * * omit what has been inserted  evidence[.]").

"Substantial evidence is more than a mere scintilla." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938) (quoted with approval in *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 684 (9th Cir. 1985)).  It is also more than a weak inference where a stronger inference to the contrary can be drawn from the same evidence.

The evidence presented by the defendant was that the only statements she made to third parties about the plaintiff's sexual attack on her were privileged, because they were either made in furtherance of a criminal investigation and prosecution, or they were made in a judicial proceeding.  The plaintiff produced no evidence, let alone substantial evidence, that the information posted on Internet that is the basis for his claims came from unprivileged statements made by the defendant rather than information generated by public officials as a result of the defendant's privileged statements.  Indeed, the only evidence of the sources of the posted information is as follows:  Stumptown Syndicate stated that *plaintiff* is the source of its information.  (<u>Schwern Dec.</u>, Exh. 7) (emphasis added).  Ada Initiative stated that information therein came from "a lawyer representing Michael Schwern" who "published a press release." (*Id.*, Exh. 6, p. 1)  None of the exhibits attached to plaintiff's declaration contains a statement from defendant, or even a statement that one could reasonably infer came from the defendant.  As argued above, while a court is entitled to draw reasonable inferences from the evidence submitted by a plaintiff to support a *prima facie* case in opposition to an anti-SLAPP motion, the inferences must be reasonable, and not mere speculation. Absent substantial evidence, the

**PAGE 8 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

defendant's anti-SLAPP motion should have been granted, and Judge Papak's recommendation to the contrary should be rejected by the Court.

Finally, in addition to the lack of competent, substantial evidence that defendant made any unprivileged statements to persons that ended up on the Internet postings presented, with respect to the evidence presented by the plaintiff in support of the remaining elements of his claims, defendant submits that no substantial evidence was presented of the following:

With respect to the claim for intentional infliction of severe emotional distress, defendant objects to the findings that plaintiff has produced competent, substantial evidence of the elements of the claim other than the severe emotional distress he asserts he has experienced, and defendant disputes that plaintiff has met his burden with respect to the remaining elements, i.e. that the defendant: (1) intended to inflict severe emotional distress on the plaintiff; and (2) the defendant's actions transgressed the bounds of socially tolerable conduct. Defendant also objects to the conclusion that Talena Gandy stopped speaking to plaintiff because of unprivileged statements made by defendant since there is absolutely no evidence to support this finding other than timing. Defendant similarly objects to the presumption "that Plunkett made false statements accusing Schwern of heinous criminal acts to members of Schwern's professional community," Findings and Recommendations, p. 22, since the only evidence of such a statement was in the West declaration, and Casey West is nowhere identified as a "member of Schwern's professional community."

With respect to the claim for intentional interference with economic relations, defendant objects to the findings that plaintiff has produced competent, substantial evidence of any of the elements of the plaintiff's claim, to wit: (1) the existence of one or more professional or business relationships; (2) intentional interference with those relationships; (3) by the

**PAGE 9 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

defendant; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages.

The belatedly-authenticated social media and other Internet postings filed by plaintiff contain no evidence that the posters were prospective employers, and plaintiff does not allege that they were so in his complaint. Plaintiff has offered no evidence that his relationship with any of the entities he lists in this claim (¶ 41 of his complaint) was a prospective business relationship (notably, Stumptown Syndicate is not one of the prospective employers listed in ¶ 41). That plaintiff hoped to someday have relationships with the companies listed in ¶ 41 of his complaint is not competent evidence that such relationships existed or were feasible. *C.f. Aylett v. Universal Froze Foods Co.*, 124 Or App 146, 861 P2d 375 (1993) (allowing potato growers to bring a claim against the defendant potato buyer for interfering with growers' prospective relationship with another buyer). Even if plaintiff had offered or could offer such evidence or a prospective business relationship, he has not established by any evidence that the defendant's reports to law enforcement and the court were intended to interfere with such relationships, or that such reports were an "improper means or for an improper purpose." Similarly, he has offered no competent or admissible evidence of causation or damages, other than wishful speculation.

The purpose of the tort of intentional interference with economic relations is to protect "economic relationships, both commercial and noncommercial, that would have very likely resulted in a pecuniary benefit to the plaintiff but for the defendant's interference." *Cron v. Zimmer*, 255 Or App 114, 127, 296 P3d 567 (2013). There is no competent evidence in the record to support this claim.

**PAGE 10 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

3.  **Authorizing Plaintiff to Seek Discovery Relating to Whether Defendant Made Defamatory Statements Would Defeat a Fundamental Purpose of the Anti-SLAPP Law.**

In his recommended disposition of defendant's anti-SLAPP motion, Judge Papak recommends the denial of the motion, but if not, urges the Court to "order the automatic stay of discovery lifted for the limited purpose of permitting Schwern to seek discovery relating to whether Plunkett made defamatory statements to [third party members of Schwern's professional community] (such discovery to include Plunkett's limited deposition), and to defer decision on Plunkett's special motion pending completion of such discovery."  <u>Findings and Recommendation</u>, p. 26.  Defendant strongly objects to this recommendation.

The fundamental purpose of anti-SLAPP statutes is "to protect individuals from meritless, harassing lawsuits whose purpose is to chill protected expression."  *Metabolife Int'l Inc. v. Wornick*, 264 F.3d 832, 837 n. 7 (9th Cir. 2001) (applying California's anti-SLAPP law).  The procedure created by the laws is intended "to provide a defendant with the right to not proceed to trial in cases in which the plaintiff does not meet the burden specified in ORS 31.150(3)."  ORS 31.152(4).

Among Oregon's anti-SLAPP procedures are the requirement that an anti-SLAPP motion be filed "within 60 days after the service of the complaint" unless a later filing is permitted by the court.  ORS 31.152(1).  Additionally, ORS 31.152(2) provides:

> "All discovery in the proceeding shall be stayed upon the filing of a special motion to strike under ORS 31.150.  The stay of discovery shall remain in effect until entry of the judgment.  The court, on motion and for good cause shown, may order that specified discovery be conducted notwithstanding the stay imposed by this subsection."

As with California's similar provisions, "Together, these two subsections 'create a default rule that allows the defendant served with a complaint to immediately put the plaintiff to his or her

**PAGE 11 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

proof before the plaintiff can conduct discovery.'" *Metabolife Int'l Inc. v. Wornick*, 264 F.3d at 846 (quoting *Rogers v. Home Shopping Network, Inc.,* 57 F.Supp.2d 973, 980 (C.D. Cal. 1999)).

In *Metabolife*, the Ninth Circuit remanded to the district court with the directive to allow plaintiff to conduct certain discovery, concluding based on the Supreme Court's statement in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5 (1986), that the Federal Rules of Civil Procedure preempted the California law's automatic discovery stay. The quoted statement in *Anderson v. Liberty Lobby* was that discovery must be allowed "where the nonmoving party has not had the opportunity to discovery information that is essential to its opposition." According to one critic of the application of state anti-SLAPP laws in federal court, "*Metabolife* crippled the anti-SLAPP statute by forcing defendants sued in federal court to suffer the slings and arrows of outrageous discovery, pushing back by months or years the time when they can free themselves from litigation." *Makaeff v. Trump University, LLC*, 715 F.3d 254, 275 (9th Cir. 2013) (Kozinski, C.J., concurring).

Notwithstanding the characterization of the *Metabolife* holding by Chief Judge Kozinski, his Court as a whole has said with respect to anti-SLAPP proceedings that "Rule 56(d) of the Federal Rules of Civil Procedure * * * requires discovery only 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Metabolife*, 264 F.3d at 846)). Plaintiff made no attempt to file a motion demonstrating good cause to obtain specified discovery in order to enable him to respond to defendant's anti-SLAPP motion. Because of the "good cause" requirement, such a motion would have required that plaintiff identify the discovery he needed and what it was needed for. *See Roberts v. McAfee, Inc.*, 660 F.3d at 1169 (it is within the discretion of the district court to deny a motion for discovery where plaintiff had

**PAGE 12 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

not shown it was essential to plaintiff's opposition to anti-SLAPP motion), citing *Getz v. Boeing Co.*, 654 F.3d 852, 868 (9th Cir. 2011) (affirming the denial of a Rule 56(f) discovery motion where the party seeking the discovery failed to show that it existed and would have prevented summary judgment).

Plaintiff filed no motion seeking discovery. His counsel argued at the hearing on the anti-SLAPP motion that if the court found that plaintiff had failed to meet his burden, it was because he had been foreclosed from obtaining discovery. Plaintiff's counsel's argument was not evidence, and did not constitute a showing of good cause. *See Page v. Parsons*, 249 Or App 445, 456-57, 277 P3d 609 (2012) ("As part of their consideration of the statute, legislators explained that the reason for this procedure was to prevent expensive, protracted litigation in the types of cases covered by the statute and that, to obtain discovery, a plaintiff would have the burden to show a need for discovery and courts would have discretion to decide whether to allow it."). Granting a motion that plaintiff has not made without affording defendant an opportunity to oppose it, particularly in a case such as this involving a sexual attack, is contrary to the interests of justice.[2] In particular, the recommendation that if discovery is permitted, plaintiff be permitted to depose defendant (limited or not) would defeat the fundamental purpose of the anti-SLAPP law by allowing the plaintiff to further harass and intimate the defendant.

Oregon's anti-SLAPP laws "are to be liberally construed in favor of the exercise of the rights of expression described in ORS 31.150(2)." ORS 31.152(4). Allowing plaintiff to seek discovery from persons and entities who have exercised those rights would defeat the purpose of

---

[2] To the extent plaintiff's counsel's argument at the hearing on defendant's anti-SLAPP motion could be construed as an oral motion, it also violated LR 7-1, which requires that motions be filed separate from other documents and be accompanied by a separately filed legal memorandum, and provides the other party with an opportunity to respond.

**PAGE 13 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

the laws, and in this case, would also permit an accused sexual assailant to interrogate his victim and to delve into her private records.

## CONCLUSION

For these reasons and those in defendant's initial and reply memoranda, the Court should grant defendant's anti-SLAPP motion, dismiss this case without prejudice, and award defendant her costs and attorney fees.

DATED this 6th day of May, 2014.

                                            s/ Erin K. Olson
                                            Erin K. Olson, OSB 934776
                                            Attorney for Defendant

**PAGE 14 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3130  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true copy of the foregoing document on the following

by CM/ECF System Transmission:

Bear Wilner-Nugent
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
bwnlaw@gmail.com

      Dated:  May 6, 2014

                                          s/ Erin K. Olson
                                          Erin K. Olson

**PAGE 15 – DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4321  EOLSON@ERINOLSONLAW.COM