Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION** |
| v. | |
| NÓIRÍN PLUNKETT, | |
| Defendant. | |

    Plaintiff Michael G. Schwern was a leader for gender equity and a campaigner against sexual misconduct in the open-source software community. Complaint ¶2, Schwern Decl. ¶9. When plaintiff and his ex-wife, defendant Nóirín Plunkett, divorced, defendant — for reasons best known to her — chose to salt the earth by deliberately and maliciously spreading the lie that plaintiff had raped defendant. Complaint ¶¶8, 9, 13-23; Schwern Decl. ¶¶2-4, 8, 9; Exhibits 1-3. The criminal justice system rejected defendant's allegations. Complaint ¶¶11-12; Schwern Decl. ¶9. In private life, however, defendant's defamation of plaintiff made it vastly more difficult for plaintiff to find employment in his specialized field, and essentially impossible for plaintiff to

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION – Page 1

continue his avocation as an activist. Complain ¶¶24-32; Schwern Decl. ¶9; Exhibits 4-7. When plaintiff pursued the only lawful remedy open to him — an action for damages — defendant filed a special motion to strike the complaint under Oregon's anti-SLAPP law, in an effort to enlist the Court's power to keep plaintiff from obtaining the discovery that plaintiff has every reason to believe will further substantiate his claim. Schwern Decl. ¶10.

Judge Papak recommended that the Court deny defendant's special motion to strike the complaint. Findings and Recommendation at 2, 26. Defendant objected. Plaintiff, through counsel, now respectfully submits this response to defendant's objections, pursuant to Fed. R. Civ. P. 72(b)(2). Because plaintiff has presented substantial evidence to support a prima facie case and has thereby established that there is a probability that plaintiff will prevail on each of his claims, as these terms are construed by courts called upon to adjudicate special motions to strike under Or. Rev. Stat. §31.150, Judge Papak's findings and recommendation are well-taken. The Court should, accordingly, accept them.

## I. THE COURT SHOULD CONSIDER ALL PLAINTIFF'S ADMISSIBLE EVIDENCE.

Plaintiff filed his complaint on January 27, 2014. Defendant filed her special motion to strike, supporting memorandum, and declaration on February 20. On March 10, the Court ordered that plaintiff could have until March 20 to file a response to defendant's motion. Plaintiff filed his responsive memorandum, declaration, and exhibits on March 20. On April 2, defendant filed her reply memorandum. The Court scheduled oral argument on defendant's motion for April 9.

On March 30, defendant's counsel emailed plaintiff's counsel with a list of evidentiary objections that defendant intended to make at the motion hearing. One of the objections was that

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION – Page 2

plaintiff's exhibits were unauthenticated. Plaintiff's counsel immediately filed a declaration authenticating the exhibits. Wilner-Nugent Decl. ¶1. Defendant has not objected to the evidentiary sufficiency of this declaration, but rather only to its timeliness. Objections at 2.

As part of the process of preparing to oppose defendant's motion, plaintiff's counsel submitted a proposed declaration to witness Casey West based on facts counsel had learned in his investigation of the case. Mr. West evidently took some time to consult with his own attorney in order to determine whether to sign the declaration. On April 9, as plaintiff's counsel was preparing for the hearing, counsel received Mr. West's signed declaration. Counsel immediately filed it. Again, defendant objected to the timeliness of the declaration.[1]

Local Rule 7-1(e) requires that a response to a motion be filed within 14 days after service of the motion. Neither that rule nor any other rule establishes a deadline for the submission of evidence, however. Or. Rev. Stat. §31.150(4) requires the Court to consider "pleadings and supporting and opposing affidavits[2] stating the facts upon which the liability or defense is based." It does not establish a deadline for filing such affidavits.

Judge Papak found that plaintiff's counsel's declaration and Mr. West's declaration were both untimely filed. He nonetheless recommended that the Court consider the declarations as though they had been timely filed. Judge Papak agreed with plaintiff's oral argument to the effect that excluding the declarations could, at worst, lead to dismissal of the complaint without prejudice. Or. Rev. Stat. §31.150(1). If the complaint were dismissed without prejudice, plaintiff could immediately refile it. Doing so would make the declarations' use in response to any

---

[1] This sequence of events was discussed on the record at the motion hearing. Defendant, as the objecting party, bears the burden of producing a transcript of this hearing in support of her objections in the absence of an order of the Court to the contrary. Fed. R. Civ. P. 72(b)(2). To date, defendant has not done so.

[2] Under 28 U.S.C. §1746, as under Or. Rule Civ. P. 1 E, sworn declarations such as those submitted by both sides in this case may be used interchangeably with affidavits.

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION – Page 3

subsequent motion to strike timely. Judge Papak thus recommended that the Court admit the declarations in furtherance of judicial economy. Findings and Recommendation at 16-17.

Defendant objects to this aspect of the Findings and Recommendation. Objections at 2-4. From defendant's perspective, the timing of plaintiff's filing of the declarations violated Local Rule 7-1(e). Defendant also argues that considering plaintiff's declarations would contravene the legislative intent behind the anti-SLAPP statutes, which are meant to provide for expeditious dismissal of non-meritorious lawsuits arising out of public participation in government or discussion of issues of public interest. *Id.* at 3, citing *Staten v. Steel*, 222 Or. App. 17, 27, 30, 191 P.3d 778 (2008).

The Court should overrule defendant's objections. Judge Papak was correct to rule that receiving rather than excluding the declarations best serves the overriding goal of a speedy and conclusive determination of this action. Moreover, the declarations were relatively peripheral to Judge Papak's ultimate recommendation that plaintiff be allowed to proceed with this action. Counsel's declaration was essentially ministerial in character, as it simply authenticated exhibits rather than supplying additional substantive evidence. And Judge Papak explicitly said that he did not rely heavily on Mr. West's declaration. Findings and Recommendation at 16 n. 3.

Additionally, plaintiff respectfully maintains that no source of law establishes a deadline for the submission of evidence in opposition to a special motion to strike a complaint. Under the governing statutes, plaintiff could have submitted evidence at any time until Judge Papak took the matter under advisement at the close of the hearing. For that independent reason, the declarations were timely.

Finally, defendant's counsel essentially invited the filing of plaintiff's counsel's declaration by pointing out a potential evidentiary objection that counsel's declaration

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION – Page 4

straightforwardly and conclusively answered. Wilner-Nugent Decl. ¶1. As to Mr. West's declaration, defendant responded to Mr. West's averrals on their merits at the hearing, and she does so again in her objections to Judge Papak's findings and recommendation. Objections at 5-6, 9. The manifest lack of prejudice to defendant from either of these declarations — since defendant's counsel pointed out the need for one and was prepared to answer the other — is a third reason that the Court should accept Judge Papak's recommendation to consider the declarations in its ultimate determination of the motion.

## II. PLAINTIFF HAS ESTABLISHED A PROBABILITY THAT HE WILL PREVAIL.

Judge Papak determined that plaintiff had adduced sufficient evidence for the action to proceed normally, notwithstanding defendant's special motion to strike. Before doing so, Judge Papak described the governing legal standard.

> In evaluating special motions to strike under Section 31.150, the Oregon courts consider "the facts underlying plaintiffs' claims in the light most favorable to plaintiffs," *Neumann v. Liles*, 261 Or. App. 567, 570 n. 2 (2014), and do not weigh the evidence or make any determination of the likelihood that plaintiffs will ultimately prevail, *see Young v. Davis*, 259 Or. App. 497, 508 (2013). Each of the two steps of the process presents a question of law. *See* [*Neumann*] at 572, *citing Young*, 259 Or. App. at 507-510. Section 31.150 is intended to create a "low bar" for plaintiffs to overcome, and is intended only "to weed out meritless claims meant to harass or intimidate — not to require that a plaintiff prove [hi]s case before being allowed to proceed further." *Young*, 259 Or. App. at 508, *citing Staten v. Steel*, 222 Or. App. 17, 32 (2008) ("The purpose of the special motion to strike procedure… is to expeditiously terminate *unfounded* claims that threaten constitutional free speech rights, not to deprive litigants of the benefit of a jury determination that a claim is *meritorious*" (emphasis original)). A plaintiff meets his burden under Section 31.150 by submitting evidence that, if credited, "would permit a reasonable factfinder" to rule in the plaintiff's favor. *Neumann*, 261 Or. App. at 575; *see also Young*, 259 Or. App. at 508 ("the presentation of substantial evidence to support a *prima facie* case is, *in and of itself*, sufficient to establish a probability that the plaintiff will prevail; whether or not it is 'likely' that the plaintiff will prevail is irrelevant in determining whether it has met the burden of proof set forth by ORS 31.150(3)" (emphasis original)). As necessarily follows from the foregoing, the fact that the defendant may present substantial evidence to the contrary is likewise irrelevant to determining whether the plaintiff has met his burden. *See Young*, 259 Or. App. at 510.

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION – Page 5

Findings and Recommendation at 4-5. Judge Papak correctly relied on the two most recent reported Oregon appellate cases applying Or. Rev. Stat. §31.150 *et seq*. The Court should do the same.

A pair of factual determinations made in keeping with the above-described legal standard underlie Judge Papak's conclusion that plaintiff has presented substantial evidence to support a prima facie case as to each of his three claims. Findings and Recommendation at 18-20. First, Judge Papak assumed "that [defendant]'s statements to third parties characterizing the incident of September 19, 2013 as nonconsensual sexual and physical assault, if made, were false." *Id.* at 19. Mindful of the way in which the law requires the Court to consider plaintiff's evidence at this stage, defendant subsequently stated that she does not object to this assumption for purposes of the special motion to strike. Objections at 4.

Second, Judge Papak recommended that the Court infer, also for purposes of the motion, "that [defendant] made unprivileged defamatory statements to third parties regarding [plaintiff]'s conduct of September 19, 2013, as alleged in [plaintiff]'s complaint." *Id.* at 20. Judge Papak explained that this inference was based on the timing and sequence of the promulgation of particular sorts of negative information about plaintiff online. *Id.* at 19-20. Here, defendant parts ways from Judge Papak, characterizing the inference that defendant made the unprivileged defamatory statements in question as unduly speculative. Objections at 4-6.

Viewing the facts underlying plaintiff's claims in the light most favorable to plaintiff, Judge Papak's inference is reasonable. The parties had consensual sex on September 19, 2013. Complaint ¶9; Schwern Decl. ¶¶2-4, 9. Hours later, plaintiff was booked and released on misdemeanor domestic violence charges. Complaint ¶11; Schwern Decl. ¶9. Within three days, three of the parties' professional peers separately asserted on Twitter that plaintiff had assaulted

defendant. Complaint ¶15; Schwern Decl. ¶9; Exhibits 1-3. On September 23, the Multnomah County district attorney's office first announced that it would not prosecute plaintiff. Complaint ¶11; Schwern Decl. ¶9. After a more thorough review by sex crime prosecutors, the office confirmed its decision not to prosecute. Complaint ¶12; Schwern Decl. ¶9. Notwithstanding these favorable legal developments for plaintiff, during the ensuing several weeks, three prominent organizations in the parties' professional community — organizations with which defendant had close ties — publicly denounced plaintiff. Complaint ¶¶16-19; Schwern Decl. ¶9.

Based on these facts, as Judge Papak explained,

> it is a fair inference… that at least some of the third parties publishing such posts received their information regarding the incident directly from [defendant]… if only due to the manifest improbability that members of the general public would otherwise have learned about the incident (and adopted [defendant]'s perspective as to what had occurred) directly from publicly available arrest records within fewer than 48 hours following the arrest.

Findings and Recommendation at 19-20. This inference is corroborated by the fact that, during the same time period, defendant demonstrably made defamatory comments of the sort that she inferentially made to the authors of Exhibits 1 through 7 to Casey West, a mutual acquaintance of the parties. Complaint ¶22; Schwern Decl. ¶9; West Decl. Even if the Court were to exclude Mr. West's declaration, however, the distinctive pattern of increasing opprobrium toward plaintiff on the Internet, viewed in the light most favorable to him, constitutes sufficient evidence for plaintiff to overcome defendant's special motion to strike.

Plaintiff has presented substantial evidence to support a prima facie case of defamation. Defendant does not take issue with Judge Papak's summary of the elements of this cause of action, so plaintiff will not repeat them needlessly. *Compare* Findings and Recommendation at 20-21 *with* Objections at 8-9. Rather, the sticking point for defendant remains the inferential support for the proposition that defamatory remarks by defendant were the source of changing

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION – Page 7

attitudes toward plaintiff among the parties' colleagues and friends during the fall of 2013. Objections at 4-9.

Plaintiff has already addressed the factual coherence of that inference. The *legal* dissonance that mars the reasoning in defendant's objection originates in defendant's disregard of the pertinent case law clarifying how low an evidentiary threshold Section 31.150 establishes for plaintiffs. Again, the purpose of the anti-SLAPP law is to weed out lawsuits meant primarily to harass or intimidate people who are exercising their free speech rights. *Young*, 259 Or. App. at 508, *citing Staten*, 222 Or. App. at 32. If a plaintiff is able to produce evidence that tends to establish each element of the plaintiff's cause of action when viewed in the light most favorable to the plaintiff, the action must proceed. *Neumann*, 261 Or. App. at 570 n. 2, 575; *Young*, 259 Or. App. at 508, 510.

To combat this point of law, defendant marshals inapposite authority. For instance, as part of a larger cavil about not ignoring the word "substantial," defendant imports a federal definition of "substantial evidence" taken from a case written generations before the anti-SLAPP law Objections at 7-8, citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 299, 59 S. Ct. 206, 83 L. Ed. 126 (1938). Oregon law is already amply clear about what "substantial evidence" means, however, as can be seen from the common use of the phrase in numerous unrelated sections of the Oregon Revised Statutes. *See e.g.* Or. Rev. Stat. §§34.040(1)(e), 109.309(3)(a)(C), 183.482(8)(c), 420A.203(6)(c), 663.215(1), 813.450(4)(c).

In affirming a determination that plaintiffs had presented substantial evidence to overcome a special motion to strike, the Oregon Court of Appeals has held that substantial evidence may consist in part of reasonable inferences from other evidence. *OEA v. Parks*, 253 Or. App. 558, 565, 291 P.3d 789 (2012). Judge Papak's inference from the evidence in the record

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION – Page 8

viewed in the light most favorable to plaintiff is reasonable. Therefore, the Court should conclude that plaintiff has presented substantial evidence that defendant was the source of the defamatory remarks that caused the authors of Exhibits 1 through 7 to make their subsequent negative online statements about plaintiff.

Plaintiff has likewise presented substantial evidence to support prima facie cases of intentional infliction of severe emotional distress and intentional interference with prospective economic relations. Again, defendant evinces no disagreement with how Judge Papak defines these torts. *Compare* Findings and Recommendation at 21, 23-24 *with* Objections at 9-10. Plaintiff thus confines his response to defendant's specific objections.

Defendant argues that plaintiff has not presented sufficient evidence of defendant's intent as to either tort. Objections at 9-10. The best evidence of defendant's intent is inaccessible to plaintiff while the automatic stay of discovery remains in effect. Still, Judge Papak was able to determine that, in the light most favorable to plaintiff, "it is reasonable to infer from the presumed falseness of [defendant]'s presumptive statements and from the identities of the persons to whom the statements were presumptively made that the statements were either made with the intent to inflict emotional distress on [plaintiff] or with the knowledge that they were substantially certain to cause such distress." Findings and Recommendation at 22-23. Judge Papak reached an identical conclusion with regard to plaintiff's evidence on the intentional interference claim. *Id.* at 25.

Defendant, in response, asks to have her cake and eat it too. Specifically, defendant requests that the Court both disregard the evidence of her intent that plaintiff has adduced and simultaneously prevent plaintiff from gathering more evidence. Objections at 11-14. The Court should decline defendant's self-contradictory request. Either Judge Papak's inference about

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION – Page 9

defendant's intent is reasonable or plaintiff should be afforded the opportunity to develop more direct evidence of defendant's intent. After all, Or. Rev. Stat. §31.152(2) provides that "[t]he court, on motion and for good cause shown, may order that specified discovery be conducted notwithstanding the stay imposed by" the anti-SLAPP law. Contrary to defendant's suggestion, Objections at 13, that "[p]laintiff filed no motion seeking discovery," plaintiff argued for leave to conduct such discovery in his response to defendant's special motion to strike. Response at 4-5. Plaintiff further explores this point in Section III, *infra*.

Defendant argues that evidence of her acts is lacking as well as evidence of her intent. Objections at 9-10. In doing so, she again parts ways with Judge Papak. As to the intentional infliction of severe emotional distress claim, Judge Papak pointed out that, viewing the evidence in the light most favorable to plaintiff, defendant blatantly and falsely accused plaintiff of rape in front of one mutual acquaintance, and said something to another mutual acquaintance around the same time that caused the second mutual acquaintance to stop speaking with plaintiff. Findings and Recommendation at 21-22; *see* Complaint ¶¶21-22; Schwern Decl. ¶9; West Decl. Given the "low bar" plaintiff must clear at this stage of the action, *Young*, 259 Or. App. at 508, this should suffice.

As to defendant's intentional interference with prospective economic relations claim, Judge Papak found that multiple professional forums in which plaintiff was accustomed to working had become closed to him as a result of defendant's statements about plaintiff. As a result, plaintiff's job prospects have materially suffered. Findings and Recommendation at 24-25; *see* Complaint ¶¶16-19, 25-27, 30-32; Schwern Decl. ¶9. Defendant rejoins that plaintiff's prospective economic relations with the corporate third parties enumerated in his complaint are speculative. Objections at 10. The problem with this argument is that it fails to grapple with

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION – Page 10

Judge Papak's accurate citation of Oregon case law, which provides that "[t]he requisite 'professional or business relationship' may be purely prospective in nature." Findings and Recommendation at 23, citing *Cron v. Zimmer*, 255 Or. App. 114, 125, 296 P.3d 567 (2013), and *McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995). Defendant cites a different passage in *Cron*, Objections at 10, but elides the key point that "a defendant can be liable for interference 'even though the arrangement interfered with does not rise to the dignity of a contract.'" Findings and Recommendation at 23, citing *Cron*, 255 Or. App. at 114, quoting *Luisi v. Bank of Commerce*, 252 Or. 271, 275, 449 P.2d 441 (1969). The Court should accept Judge Papak's recommendation that plaintiff has presented substantial evidence to support a prima facie case as to each of his claims.

### III. IF THE COURT WERE UNCERTAIN ABOUT WHETHER PLAINTIFF HAS ESTABLISHED A PROBABILITY THAT HE WILL PREVAIL, THE CORRECT REMEDY WOULD BE TO PERMIT PLAINTIFF TO PROCEED WITH DISCOVERY, NOT TO STRIKE THE COMPLAINT.

In the final section of his Findings and Recommendation, Judge Papak recommends that, should the Court not accept his proposal to deny defendant's motion outright, the Court order the automatic stay of discovery

> lifted for the limited purpose of permitting [plaintiff] to seek discovery relating to whether [defendant] made defamatory statements to [third-party members of plaintiff's professional community] (such discovery to include [defendant]'s limited deposition), and… defer decision on [defendant]'s special motion pending completion of such discovery.

Findings and Recommendation at 26.

Defendant takes sharp issue with this proposed alternative disposition. Defendant argues both that plaintiff never moved for leave to conduct discovery and that any such motion would not have been well-taken. Objections at 11-14.

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND RECOMMENDATION – Page 11

With respect, defendant is mistaken. On February 21, plaintiff's counsel wrote to defendant's counsel proposing dates for a Rule 26(f) conference for discovery planning. On March 3, when plaintiff's counsel requested defendant's counsel's position on plaintiff's proposed motion for an extension of time to March 20 to respond to the special motion to strike, defendant's counsel informed plaintiff's counsel that "[s]ubject to your agreement to postpone a Rule 26(f) conference until after the motion is ruled upon, I do not oppose your request." Declaration of Erin K. Olson in Support of Defendant's Response to Plaintiff's Motion for Extension of Time ¶¶4, 7. On March 10, Judge Papak presided over a telephone conference at which he ultimately ruled that plaintiff could have the extra time he needed to respond to defendant's motion but that discovery would be stayed pending the Court's final ruling on the motion. Minute Order of March 10, 2014. In plaintiff's response to the motion, as previously noted, plaintiff renewed his request for discovery. Response at 4-5.

As this procedural record demonstrates, and in contrast to defendant's depiction of plaintiff's conduct of the litigation prior to the issuance of Judge Papak's Findings and Recommendation, plaintiff has consistently sought discovery from defendant. Plaintiff has argued that the automatic stay provided for in Or. Rev. Stat. §31.152(2) should not apply in federal court. When plaintiff did not prevail with that argument, he made an alternative argument that the Court should apply the provision of that subsection permitting focused discovery for good cause shown. Judge Papak recommended that the Court not reach this question, because he recommended that the Court simply deny the motion. In light of plaintiff's continuing efforts to obtain discovery, however, and the anti-SLAPP law's allowance for discovery in certain circumstances, Judge Papak's alternative recommendation is more reasonable than defendant makes it out to be. If the Court is at all disposed to grant defendant's motion in the absence of

PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO FINDINGS AND
RECOMMENDATION – Page 12

additional evidence, the Court should instead follow Judge Papak's recommendation to lift the automatic stay and permit specified discovery.

## CONCLUSION

For the foregoing reasons, the Court should accept the magistrate judge's findings and recommendation in its entirety, deny defendant's special motion to strike the complaint, lift the automatic stay of discovery, and order defendant to serve a responsive pleading within 14 days, as set forth in Fed. R. Civ. P. 12(a)(4)(A). In the alternative, the Court should lift the automatic stay of discovery in order to permit plaintiff to seek discovery relating to whether defendant made defamatory statements to third-party members of plaintiff's professional community and decline to grant defendant's special motion to strike in the absence of that discovery and further briefing.

RESPECTFULLY SUBMTTED May 20, 2014,

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Plaintiff