**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN,<br><br>    Plaintiff,<br><br>v.<br><br>NÓIRÍN PLUNKETT,<br><br>    Defendant. | Case No.: 3:14-cv-00146-PK<br><br>**Defendant Nóirín Plunkett's**<br>**MOTION TO STAY PENDING APPEAL**<br><br>**Oral Argument Requested** |

### LR 7-1(A) CERTIFICATION

Undersigned counsel certifies that the parties made a good faith effort through telephone conference to resolve the dispute herein and have been unable to do so.

### MOTION

Pursuant to Fed. R. App. P. 8 (1)(A) and ORS 31.152(2), defendant Nóirín Plunkett moves to stay all proceedings in this Court until her appeal to the Ninth Circuit Court of Appeals of the denial of her anti-SLAPP motion is finally decided.

A stay of proceedings in this Court is necessary to effectuate the purposes of Oregon's anti-SLAPP law.

**PAGE 1 – DEFENDANT'S MOTION TO STAY PENDING APPEAL**

**MEMORANDUM**

In 2009, the Ninth Circuit held that Oregon's anti-SLAPP statute, ORS 31.150, did not provide for an immediate right of appeal from the denial of an anti-SLAPP motion. *Englert v. MacDonnell*, 551 F.3d 1099 (9th Cir. 2009). In so holding, the Court noted:

> "The failure of the Oregon Legislature to provide for an appeal from the denial of a special motion to strike provides compelling evidence that, unlike their California counterparts, Oregon lawmakers did not want 'to protect speakers from the trial itself,' *id.* at 1025, as much as they wanted to have in place a process by which a *nisi prius* judge would promptly review the evidence underlying the defamation complaint to determine whether it had sufficient merit to go forward."

*Id.* at 1106 (quoting *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003). The *Englert* court's distinction of Oregon's anti-SLAPP law from California's, which expressly did provide for a right of interlocutory appeal, was critical to its holding.

The *Englert* opinion was released January 7, 2009. On February 16, 2009, the Oregon Senate introduced Senate Bill 543, which provided for the immediate right of appeal of the denial of an anti-SLAPP motion. SB 543-Introduced (2009). The Senate Judiciary Committee's Staff Measure Summary noted that issues discussed by the committee included the anti-SLAPP law's "[s]imilarity to California's law." That committee added an amendment to the bill to emphasize the intent of Oregon's anti-SLAPP law:

> "The purpose of the procedure established by this section and ORS 31.150 and 31.155 is to provide a defendant with the right to not proceed to trial in cases in which the plaintiff does not meet the burden specified in ORS 31.150(3). This section and ORS 31.150 and 31.155 are to be liberally construed in favor of the exercise of the rights of expression described in ORS 31.150(2)."

Senate Amendments to Senate Bill 543 (April 27, 2009).

In its Staff Measure Summary, the House Committee on Judiciary summarized the issues addressed by the bill by noting that "Oregon's SLAPP suit law is working well but this

**PAGE 2 – DEFENDANT'S MOTION TO STAY PENDING APPEAL**

inability to immediately appeal has been a glitch," and describing the effect of SB 543A as "allow[ing] the defendants to immediately appeal. Without the opportunity for immediate appeal, defendants can file a rarely granted motion with the Oregon Supreme Court, or proceed with paying the costs to defend the case." *Id.*

SB 543A (2009), as amended by the Senate Judiciary Committee, passed both the Senate and House unanimously, and went into effect January 1, 2010. 2009 Or Laws ch. 449.

The Ninth Circuit has expressly acknowledged the effect of the 2009 amendment in effectively overturning its decision in *Englert*:

> "*Englert* has been superseded by changes to the underlying statute. Subsequent to our decision, Oregon's anti-SLAPP statute was amended to specifically provide for a right of immediate appeal. Act of June 23, 2009, ch. 449, § 1, 2009 Or. Laws 1194, 1194 (codified at Or. Rev. Stat. § 31.150(1)); *see also id.* § 3, 2009 Or. Laws at 1195 (codified at Or. Stat. § 31.152(4)) (stating that the purpose of the revised anti-SLAPP statute is 'to provide a defendant with the right not to proceed to trial in cases in which the plaintiff does not meet the burden specified' by the statute). Thus, the Oregon statute now likely affords immunity from suit, as California's does."

*DC Comics v. Pacific Pictures Corp.*, 706 F.3d 1009, 1016, n. 8 (9th Cir. 2013).

The decision in *DC Comics* has relevance beyond just its express statement that a defendant whose anti-SLAPP motion was denied has an immediate right of appeal. With regard to this motion to stay, the last sentence of the above-quoted footnote – that Oregon's anti-SLAPP statute "likely affords immunity from suit" – is critical to the discussion. The context of the *DC Comics* decision is helpful in understanding why.

In *DC Comics,* the Ninth Circuit was asked to revisit its holding in *Batzel v. Smith* allowing an immediate appeal of the denial of an anti-SLAPP motion under California law. The plaintiff in *DC Comics* argued that *Batzel* was no longer good law following a decision of the United States Supreme Court that analyzed the application of the collateral order doctrine. That

**PAGE 3 – DEFENDANT'S MOTION TO STAY PENDING APPEAL**

decision, *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009), held that the collateral order doctrine did not permit the immediate appeal of an adverse discovery ruling on the applicability of the attorney-client privilege. *Id.* at 114.

In rejecting the suggestion that the Supreme Court's decision in *Mohawk Industries* had overturned its holding in *Batzel v. Smith*, the Ninth Circuit noted that California's anti-SLAPP statute is effectively an immunity from suit rather than a defense against liability, and as such, "remains among the class of orders for which an immediate appeal is available." *DC Comics*, 706 F.3d at 1015. "This is especially so given the particular public interests that the anti-SLAPP statute attempts to vindicate. It would be difficult to find a value of a 'high[er] order' than the constitutionally-protected rights to free speech and petition that are at the heart of California's anti-SLAPP statute." *Id.* (quoting *Mohawk Industries*, 130 S.Ct. at 605-06).

Oregon's anti-SLAPP statute is materially indistinguishable from California's, as implicitly noted by the Ninth Circuit in the *DC Comics* case, 706 F.3d at 1016, n. 8, and as intended by the Oregon Legislature in amending ORS 31.150 in 2009 so that it provides for an immediate right of appeal. Therefore, like California's law, Oregon's anti-SLAPP law provides for immunity from suit rather than just a defense from liability. When a state law "recognizes the protection of the Anti-SLAPP statute as a substantive immunity from suit, this Court, sitting in diversity, will do so as well." *Batzel v. Smith*, 333 F.3d at 1025-26 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

As with other types of immunities from suit, the substantive policies of the anti-SLAPP law would be seriously impaired if a plaintiff could bring a SLAPP suit and wear the opposing

**PAGE 4 – DEFENDANT'S MOTION TO STAY PENDING APPEAL**

party down in discovery while the anti-SLAPP motion is pending.[1]  *Cf  Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("The entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial."); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").  For that reason, the discovery stay and good cause requirements of Oregon's anti-SLAPP law are substantive protections, not merely state procedural protections that are automatically trumped by federal procedural rules.  To allow matters to proceed in the district court under a federal rule before defendant's anti-SLAPP motion has been finally decided by the appellate courts would controvert the substantive purposes of ORS 31.150.  *See Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S.Ct. 1431 (2010) (under the Rules Enabling Act, a federal rule cannot govern when it "would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." 130 S. Ct. at 1452 (Stevens, J., concurring))[2].

---

[1]  By definition, the SLAPP plaintiff "does not hope to win the lawsuit and instead 'tries to wear down the other side by forcing it to spend time, money, and resources battling the SLAPP instead of the protected activity.'"  *Schering Corp. v. First Databank Inc.*, 2007 WL 1176627, at *6 (N.D. Cal. 2007) (quoting *Visher v. City of Malibu*, 126 Cal.App.4th 364 (2005)).  Plaintiff's efforts to wear down defendant extend beyond this case, as evidenced by the fact that on the date of oral argument in this Court on defendant's anti-SLAPP motion, he moved to reopen the parties' divorce proceedings, and thereafter had the defendant personally served with process in Massachusetts.  That matter is still pending in Multnomah County Circuit Court (Case No. 1309-70265).

[2]  Justice Stevens' concurring opinion provides the controlling rule in Shady Grove, because when "a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices," the "narrowest ground" on which the judgment rests then represents the controlling rule. *Marks v. United States*, 430 U.S. 188, 193 (1977).

**PAGE 5 – DEFENDANT'S MOTION TO STAY PENDING APPEAL**

For these reasons, the Court should stay all proceedings in this court until the defendant's appeal is resolved.

DATED this 15th day of July, 2014.

s/ Erin K. Olson
Erin K. Olson, OSB 934776
Attorney for Defendant

**PAGE 6 – DEFENDANT'S MOTION TO STAY PENDING APPEAL**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true copy of the foregoing document on the following

by CM/ECF System Transmission:

Bear Wilner-Nugent
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
bwnlaw@gmail.com

Dated:  July 15, 2014.

                                                  s/ Erin K. Olson
                                                  Erin K. Olson

Case 3:14-cv-00146-PK    Document 29    Filed 07/15/14    Page 7 of 7

**PAGE 7 – DEFENDANT'S MOTION TO STAY PENDING APPEAL**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4835  EOLSON@ERINOLSONLAW.COM