Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL** |
| v. | |
| NÓIRÍN PLUNKETT, | |
| Defendant. | |

Plaintiff Michael G. Schwern, through counsel, respectfully submits this response to defendant Nóirín Plunkett's motion to stay all proceedings in this Court until the Ninth Circuit resolves defendant's appeal of the denial of defendant's special motion to strike the complaint. The Court should deny defendant's motion to stay for three reasons. First, defendant is seeking a broader stay than the law would allow even in the view most favorable to her position. Second, granting the motion to stay would be inconsistent with the denial of the special motion to strike and thus violate the law of the case doctrine. Third, defendant has failed to make the showing required by the Ninth Circuit's case law concerning stays pending appeal.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL –
Page 1

## PROCEDURAL HISTORY

Plaintiff sued defendant in diversity, alleging defamation, intentional infliction of severe emotional distress, and intentional interference with prospective economic relations, all causes of action under Oregon common law (#1). Rather than answer the complaint, defendant filed a special motion to strike under Or. Rev. Stat. §31.150 *et seq.*, Oregon's anti-SLAPP law (#4). The Court stayed discovery pending resolution of the special motion to strike, relying on Or. Rev. Stat. §31.152(2), which provides in part, "All *discovery* in the proceeding shall be stayed upon the filing of a special motion to strike under ORS 31.150. The stay of *discovery* shall remain in effect until entry of the judgment" (emphasis added) (#13).

The magistrate judge, after reviewing the briefing and hearing oral argument, recommended that the Court deny the special motion to strike (#21). Defendant objected to the magistrate judge's findings and recommendation (#23). Plaintiff replied to defendant's objections (#24). The Court overruled defendant's objections, adopted the findings and recommendation *in toto*, and denied the special motion to strike. The Court accordingly ordered that "the automatic stay of discovery is lifted" (#25).

Defendant appealed the denial of her special motion to strike to the Ninth Circuit (#26). The Ninth Circuit immediately ordered defendant, on its own motion, to show cause why the appeal should not be dismissed for lack of jurisdiction. Defendant responded to the order to show cause. Plaintiff intends to reply in due course. Defendant also filed a motion in this Court "to stay all proceedings in this Court until her appeal to the Ninth Circuit Court of Appeals of the denial of her anti-SLAPP motion is finally decided" (#29).

# ARGUMENT

## I. THE ANTI-SLAPP LAW ENVISIONS A LIMITED STAY OF DISCOVERY, NOT AN INDEFINITE STAY OF ALL PROCEEDINGS.

Or. Rev. Stat. §31.152(2) requires a court in which a special motion to strike a complaint is filed to stay "all discovery in the proceeding… until entry of the judgment." The context makes clear that the judgment to which subsection 31.152(2) refers is the judgment resolving the special motion to strike. "Upon granting the special motion to strike, the court shall enter a judgment of dismissal without prejudice. If the court denies a special motion to strike, the court shall enter a limited judgment denying the motion." Or. Rev. Stat. §31.150(1). Defendant, by appealing the order denying the motion, has treated the order as though it were denominated a limited judgment denying the motion. The Court should do the same.

By subsection 31.152(2)'s own terms, then, the Court was entirely right to lift the stay. After all, the Court was simultaneously entering what amounted to a limited judgment denying the motion. Nothing in Or. Rev. Stat. §31.150 *et seq.* provides for the automatic stay of discovery in the trial court to be converted into a stay of all proceedings pending appeal. Indeed, any discussion of appeals is entirely absent from the anti-SLAPP law. Defendant's motion seeks to "insert what has been omitted" from the law, in defiance of one of Oregon's bedrock rules of construction. *See* Or. Rev. Stat. §174.010; *Powell's Books, Inc. v. Kroger*, 622 F.3d 1202, 1215 (9th Cir. 2010). The Court should reject defendant's reliance on subsection 31.152(2) as a substantive basis for a stay.

A stay of discovery, which is all the statute envisions, is not synonymous with a stay of all proceedings. Certainly, while the special motion to strike was pending before this Court, it was appropriate for defendant not to answer the complaint. Or. Rev. Stat. §31.150(1) provides that "[t]he special motion to strike shall be treated as a motion to dismiss under ORCP 21 A,"

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL – Page 3

which is a rule of civil procedure providing that "[a] motion to dismiss making any of [certain enumerated] defenses shall be made before pleading if a further pleading is permitted." *See also* Fed. R. Civ. P. 12(b). Now that the Court has denied the special motion to strike, however, there is no further statutory basis for permitting defendant to refrain from answering the complaint. Fed. R. Civ. P. 12(a)(4)(A) provides that if a court denies a motion against a complaint, the answer to the complaint is due within 14 days after notice of the court's denial of the motion. Nothing in the anti-SLAPP law establishes a contradictory procedure.

The Court denied the special motion to strike on July 7. As far as the Rules of Civil Procedure govern matters, defendant's time to answer the complaint has by now expired. Unless defendant immediately answers the complaint, then, the Court would be within its authority to enter defendant's default under Fed. R. Civ. P. 55(a) rather than entering a stay. Even if there were explicit statutory authority to enter a stay as broad as the stay sought by defendant — which there is not — the Court should not permit defendant to further delay this litigation simply because an appeal of a collateral order is pending.

## II. THERE IS NO LEGAL BASIS IN THIS CASE FOR THE COURT TO REINSTATE A STAY THAT IT HAS JUST LIFTED.

The Court initially imposed the stay of discovery in a minute order after a telephone conference with the parties on March 10, 2014. The order provided that "discovery is stayed pending final ruling on the pending motion to dismiss/strike" (#13). On April 22, the magistrate judge issued a 27-page findings and recommendation exhaustively discussing the issues raised in plaintiff's motion. The magistrate judge concluded that since the special motion to strike should be denied, "[t]he automatic stay of discovery in this action should, in consequence, be lifted." Findings and Recommendation (#21) at 26. The magistrate judge alternatively concluded that,

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL –
Page 4

should the Court be disposed to grant defendant's special motion to strike, the stay of discovery should first be lifted in part in order to permit plaintiff to conduct discovery limited to producing substantial evidence to establish a *prima facie* probability that he would prevail on his claims. *Id.*

In her objections to the findings and recommendation, defendant argued at length that "authorizing plaintiff to seek discovery relating to whether defendant made defamatory statements would defeat a fundamental purpose of the anti-SLAPP law." Objections (#23) at 11; *see also id.* at 11-14. Plaintiff submitted an argument in opposition to this aspect of defendant's objections. Response to Objections (#24) at 11-13. Faced with a squarely joined issue concerning the propriety of conducting further discovery, the Court ruled unequivocally for plaintiff on July 8. "The automatic stay of discovery is lifted," read the Court's order (#25).

Plaintiff understands that defendant is obligated to seek a stay from this Court before applying for a stay from the Ninth Circuit. Fed. R. App. P. 8(a)(1)(A). To succeed in forestalling enforcement of the Court's order denying the special motion to strike, however, defendant would have to make a showing she has so far failed to make. Defendant's argument in the motion for stay pending appeal is essentially that the anti-SLAPP law confers an immunity, not a mere defense, and that this immunity is impermissibly infringed by requiring a defendant to lift a finger to defend herself. Motion for Stay (#29) at 4-5. Defendant has already made a substantially identical argument in the portion of her objections to the findings and recommendation that discussed the stay of discovery. Objections at 11-14. No provision of law affords defendant relief from discovery through a collateral motion for a stay pending appeal after the Court has denied a primary motion that was itself aimed at, among other things, halting discovery. Simply changing the type of motion pending before this Court does not entitle defendant to reconsideration.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL –
Page 5

To see why this is so, the Court should look to the law of the case doctrine. Under that doctrine,

> "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988). "For the doctrine to apply, the issue in question must have been decided 'explicitly or by necessary implication in [the] previous disposition.'" *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (alteration in original) (quoting *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)).

*United States v. Jingles*, 702 F.3d 494, 499-500 (9th Cir. 2012). Here, defendant asks the Court to reconsider an issue that the Court explicitly decided against her only two weeks ago after ample opportunity for briefing and argument — even though defendant can point to no intervening material change in circumstances. Defendant has not shown that the Court's decision was "clearly erroneous," nor that "its enforcement would work a manifest injustice." *Jeffries v. Wood*, 114 F.3d 1484, 1488-1492 (9th Cir. 1997) (en banc). The policy favoring finality of judicial decisions thus counsels firmly against adopting defendant's position.

### III. DEFENDANT'S MOTION TO STAY DOES NOT SATISFY THE TEST FOR A STAY ARTICULATED BY THE NINTH CIRCUIT.

A party who applies for a stay pending appeal

> must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tips in h[er] favor, and that a stay is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008).

*Humane Society of the United States v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009). Not only can defendant not make this showing, but defendant's motion for a stay fails even to address these factors. The Court should thus deny the motion for stay pending appeal on its merits regardless of whether it denies the motion for the other reasons previously addressed in this response.

Defendant has not established that she is likely to succeed on the merits. To the contrary,

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL – Page 6

the magistrate judge determined that plaintiff had "establish[ed] that there is a probability that [he] will prevail on [each of his] claims by presenting substantial evidence to support a *prima facie* case." Or. Rev. Stat. §31.150(3); Findings and Recommendation at 21, 23, 25. The Court agreed with this determination in its entirety. Order at 2. To be sure, the anti-SLAPP law provides that such a determination is not admissible "in evidence at any later stage of the case," such as summary judgment or trial. Or. Rev. Stat. §31.150(5)(a). But when considering a motion for a stay brought during the litigation of the special motion to strike itself, or in its immediate aftermath, at a minimum the Court's determination as to plaintiff's burden of production must cause the first stay factor to weigh against defendant. Plaintiff does not seek to introduce the determination "in evidence," after all. Plaintiff simply notes that nothing in defendant's motion for stay pending appeal, nor in the proceedings antedating it, supports defendant in establishing that there is a probability that she will ultimately succeed in the action.

Defendant has also failed to demonstrate a likelihood of irreparable harm in the absence of a stay. Plaintiff is not trying to "wear [defendant] down in discovery," as defendant claims. Motion for Stay at 4-5 & n. 1. If defendant sincerely believed that plaintiff had made any filing or undertaken any other procedural step in an effort to exhaust or harass defendant, defendant could move for sanctions. Defendant has not done so, because — as defendant must in candor admit — defendant has no basis for doing so. All plaintiff seeks is to receive an answer to his complaint, to be able to conduct ordinary discovery, and otherwise to be permitted to prosecute this action in the normal course. A presumption to the contrary on the record before the Court would cut against the policy favoring liberal discovery embodied in the Federal Rules of Civil Procedure. *See Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Irreparable harm "is traditionally defined as harm for which there is no adequate legal

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL –
Page 7

remedy." *Ariz. Dreamact Coalition v. Brewer*, __ F.3d __ (9th Cir. July 7, 2014) (slip op. at 26), citing *Rent-a-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Any potential harm occasioned by discovery could be prevented or mitigated through the use of an appropriate protective order. *See* Fed. R. Civ. P. 26(c). If plaintiff were to overstep seriously the bounds of acceptable conduct of discovery, various sorts of sanctions would be available. *See generally* Fed. R. Civ. P. 37. There are plainly adequate legal remedies on tap should defendant's warning of hypothetical abusive discovery practices prove other than speculative. Thus the second stay factor cuts against defendant as well.

Defendant cannot show that the balance of equities tips in her favor. She argues that permitting normal discovery — indeed, any further movement in this litigation — pending appeal would generically undermine the purposes of the anti-SLAPP law. Motion for Stay at 4-5. But continuing to delay discovery will damage plaintiff's case in a specific and concrete way. Defendant has already caused a five-month delay in discovery. During this time, witnesses' memories have been fading and there is every possibility that evidence is being lost or destroyed simply through inattention or the operation of ordinary record retention policies. This is a particularly significant risk given that this action concerns online communications including but not limited to communications made through blogs, social media, and email. Plaintiff needs to be able to begin issuing discovery requests and subpoenas in order simply to preserve the status quo at this point. Granting defendant's motion for stay would impede that goal. The balance of equities favors plaintiff.

Finally, defendant has made no showing that a stay is in the public interest. Defendant's argument is essentially that the public interest favors a reading of the anti-SLAPP law so expansive that a special motion to strike is entitled to a judicial afterlife, with a stay of discovery

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STAY PENDING APPEAL –
Page 8

surviving the denial of the motion. Motion to Stay at 2-4. But there is also a public interest in the finality of judicial proceedings and in promoting respect for authoritative judicial resolution of disputed issues. *See Montana v. United States*, 440 U.S. 147, 153, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981). The fourth factor is, at best for defendant, equivocal. Since the other factors unequivocally favor plaintiff, defendant's motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny defendant's motion to stay pending appeal.

RESPECTFULLY SUBMTTED July 22, 2014,

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Plaintiff