**Erin K. Olson, OSB 934776**
eolson@erinolsonlaw.com
Law Office of Erin Olson, P.C.
2014 N.E. Broadway Street
Portland, OR 97232-1511
Telephone 503-546-3150
Fax 503-548-4435

    Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN,<br><br>    Plaintiff,<br><br>v.<br><br>NÓIRÍN PLUNKETT,<br><br>    Defendants. | Case No.: 3:14-cv-00146-PK<br><br>**Defendant Nóirín Plunkett's**<br><br>**REPLY IN SUPPORT OF MOTION TO STAY PENDING APPEAL** |

Defendant responds as follows to plaintiff's three arguments in opposition to her motion to stay pending appeal:

1. **"Defendant is Seeking a Broader Stay than the Law Would Allow Even in the View Most Favorable to Her Position."**

Defendant seeks the stay contemplated by the Oregon Legislature in 2009 when it unanimously passed the bill amending Oregon's anti-SLAPP law to permit an immediate appeal from the denial of an anti-SLAPP motion. The 2009 amendments resulted from Senate Bill 543, which was introduced at the request of the American Civil Liberties Union with the urging of Charles F. Hinkle, an attorney specializing in constitutional and civil rights law. Recording, SB

PAGE 1 – REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL

543, Senate Judiciary Committee, March 18, 2009 (Testimony of Andrea Meyer)[1]. Mr. Hinkle's written testimony in support of SB 543 leaves no doubt that the intent of the amendments was to say proceedings in the trial court pending the outcome of an appeal of the denial of an anti-SLAPP motion:

> "By authorizing an immediate appeal from the denial of an anti-SLAPP motion, SB 543 makes it clear that the Oregon statute is intended to provide a substantive immunity from suit, just like the California statute on which it was modeled, and that the purpose of the statute is both 'to protect speakers from the trial itself' and to protect speakers from the expense of discovery leading up to a trial."

(*Id.* at Exh. 3 (Written Testimony of Charles F. Hinkle, a true copy of which attached hereto as Exhibit A for the reader's convenience). While Mr. Hinkle acknowledged in his testimony that SB 543 would only apply in state court, federal courts applying the California anti-SLAPP law's stay provisions have looked to state law in determining whether to order a stay pending appeal. *E.g. In re NCAA Student-Athlete Name & Likeness Litigation*, 2010 U.S. Dist. LEXIS 139724 (N.D. Cal. 2010) ("Because it has appealed the Court's denial of its anti-SLAPP motion to strike, [defendant] is entitled to an automatic stay concerning [plaintiff's] claims addressed in that motion."); *Future Ads LLC v. Gilman*, 2014 U.S. Dist. LEXIS 40398 (C.D. Cal. 2014).

The substance of the opinion and order in the *Future Ads* case succinctly analyzes the jurisprudence on this subject and the appropriate relief under the circumstances present here:

> "Denials of anti-SLAPP motions to strike constitute collateral orders that are immediately appealable. *Hilton v. Hallmark Cards,* 599 F.3d 894, 900 (9th Cir. 2010). The notice of appeal divests a district court 'of its

---

[1] The audio recording of the hearing can be accessed by clicking on "Audio" for 03/18/2009 here: http://arcweb.sos.state.or.us/pages/records/legislative/legislativeminutes/2009/-senate/judiciary/index.html. The minutes from the Senate Judiciary Committee are here: http://arcweb.sos.state.or.us/doc/records/legislative/legislativeminutes/2009/senate/judiciary/pdf/SJUD_031820090834.pdf.

**PAGE 2 – REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL**

> control over those aspects of the case involved in the appeal.' *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). Therefore, an 'appeal imposes an automatic stay of all proceedings related to the issues raised in its anti-SLAPP motion to strike.' *In re NCAA Student-Athlete Name & Likeness Litig., No. C 09-1967*, 2010 U.S. Dist. LEXIS 139724, at *13 (Dec. 17, 2010) (citing *All One God Faith, Inc. v. Hain Celestial Group, Inc.,* 2009 U.S. Dist. LEXIS 115928, at *2 n.2 (N.D. Cal. Dec. 14, 2009)).
>
> Plaintiff is correct that stays are limited. However, a stay is limited to the claim or issue that is appealed, not limited to the stage of litigation. *See Griggs,* 459 U.S. at 58. Here, Defendants moved to strike all of Plaintiff's claims and the Court denied the motion to strike in its entirety. Order, December 23, 201[3]. Therefore, Defendants' appeal applies to every claim, i.e. aspect, of this action. *See Griggs,* 459 U.S. at 58.
>
> When a denial of an anti-SLAPP motion as to a particular claim is appealed, most district courts counsel a stay of all proceedings related to that claim. *See, e.g., Makaeff v. Trump Univ., LLC, No. 10-CV-940,* 2011 U.S. Dist. LEXIS 13603 (S.D. Cal. Feb. 11, 2011); *In re NCAA,* 2010 U.S. Dist. LEXIS 139724; *All One God Faith,* 2009 U.S. Dist. LEXIS 115928; *Moser v. Encore Capital Group, Inc.,* No. 04-CV-2085, 2007 U.S. Dist. LEXIS 22970 (S.D. Cal. March 29, 2007).
>
> This Court follows suit. Defendants' Motion is GRANTED. All further proceedings, including discovery, are STAYED pending the outcome of Defendants' appeal. Furthermore, all pending motions and dates are VACATED. Finally, parties are ORDERED to move the Court to lift the stay within 30 days of a decision from the Ninth Circuit Court of Appeals."

*Future Ads LLC v. Gillman*, *supra.*

As also noted by Mr. Hinkle, the 2009 amendments to Oregon's anti-SLAPP law were intended to provide for immunity from suit rather than just a defense from liability. (Exh. A, p. 3; *see also* Recording, SB 543, Senate Judiciary Committee, March 18, 2009 (Testimony of Charles Hinkle)). If this Court erred in denying defendant's anti-SLAPP motion, allowing the case to proceed would eviscerate her immunity.

PAGE 3 – REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL

2. **"Granting the Motion to Stay Would Be Inconsistent With the Denial of the Special Motion to Strike and Would Thus Violate the Law of the Case Doctrine."**

This is defendant's first motion to stay proceedings pending appeal. Therefore, the law of the case doctrine does not apply.

3. **"Defendant has Failed to Make the Showing Required by the Ninth Circuit's Case Law Concerning Stays Pending Appeal."**

Plaintiff cites the wrong standard in support of his third argument, relying on a case applying the stay requirements of the Administrative Procedures Act, which in turn cites a case applying the preliminary injunction standard pending appeal. Neither case discusses the standard that applies to a stay pending appeal from the denial of an anti-SLAPP motion, for which the Oregon Legislature has set the standard – a stay is automatic.

To stay trial court proceedings pending the appeal of the denial of an anti-SLAPP motion was a key purpose and function of the 2009 amendments, which added to ORS 31.150(1) an immediate right of appeal, and which added to ORS 31.152(4) the statement that "This section and ORS 31.150 and 31.155 are to be liberally construed in favor of the exercise of the rights of expression described in ORS 31.150." As noted in defendant's motion, the amendments were in response to the Ninth Circuit's ruling in *Englert v. MacDonnell*, 551 F.3d 1099 (9th Cir. 2009). The Court reasoned that unlike the California anti-SLAPP statute on which the Oregon statute was based, the Oregon statute does not provide "a substantive immunity from suit" and does not "protect speakers from the trial itself." *Id.* at 1106. Mr. Hinkle's testimony in support of the amendments, and the amendments themselves, are clear that the goal of the 2009 amendments was to make Oregon's statute the same as California's in terms of protecting defendants sued for protected speech from proceeding to trial pending appeal. Exh. A, pp. 4-5; ORS 31.152(4). The

**PAGE 4 – REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL**

2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

effect of the 2009 amendments was to make Oregon's anti-SLAPP law indistinguishable in every material respect from California's. *Compare* ORS 31.150 - .155 *with* Cal. Civ. Proc. Code § 425.16. Notably, like Oregon's anti-SLAPP law, California's does not expressly say that all proceedings in the trial court shall be stayed pending appeal. Rather, the California Senate Judiciary Committee said that this was the purpose of the 1999 amendments that provided for a right of immediate appeal:

> "Without [the right of immediate appeal], a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated. . . . [W]hen a meritorious anti-SLAPP motion is denied, the defendant, under current law, has only two options. The first is to file a writ of appeal, which is discretionary and rarely granted. The second is to defend the lawsuit. If the defendant wins, the anti-SLAPP law is useless and has failed to protect the defendant's constitutional rights."

Cal. Sen. Judiciary Comm. Rep. on AB 1675, at 4, as quoted in *Englert v. MacDonell*, 551 F.3d at 1099, quoting *Batzel v. Smith*, 333 f.3d 1018, 1025 (9th Cir. 2003).

The Ninth Circuit has relied on the substantive provisions of states' anti-SLAPP laws in ruling on issues arising under those laws while exercising diversity jurisdiction. Oregon's anti-SLAPP law provides for substantive immunity from suit, and allowing litigation to proceed in the trial court while the denial of an anti-SLAPP motion is on appeal would be antithetical to that immunity.

DATED this 22nd day of July, 2014.

s/ Erin K. Olson<br>
Erin K. Olson, OSB 934776<br>
Attorney for Defendant

**PAGE 5 – REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL**

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true copy of the foregoing document on the following

by CM/ECF System Transmission:

Bear Wilner-Nugent
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
bwnlaw@gmail.com

      Dated:  July 22, 2014.

                                                s/ Erin K. Olson
                                                Erin K. Olson

**PAGE 6 – REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL**

LAW OFFICE OF ERIN OLSON, P.C.
2014 NE BROADWAY STREET   PORTLAND, OREGON 97232-1511
TEL (503) 546-3150  FAX (503) 548-4435  EOLSON@ERINOLSONLAW.COM

STATEMENT ON SB 543 (2009)

Submitted to Senate Committee on Judiciary

Charles F. Hinkle
Attorney at Law
900 SW Fifth Avenue
Portland, OR 97204
March 18, 2009

### A.   Introduction

1.   My name is Charles Hinkle. I am a partner in the Portland office of the Stoel Rives law firm. A large part of my practice over the past 37 years has involved the defense of the constitutional right of free expression. I am here today to testify in support of SB 543 (2009), but to raise a concern about its wording.

2.   SB 543 has one purpose: to allow for an immediate appeal from a trial court order denying a "special motion to strike" under the anti-SLAPP statute, ORS 31.150 to 31.155. It does so by providing that when such a motion is denied, the trial court must enter a "limited judgment," which is appealable under ORS 19.205(1).

### B.   Background

3.   The legislature adopted the statute in 2001. "SLAPP" is an acronym for "strategic lawsuit against public participation," and the purpose of the statute is "to provide for the dismissal of claims against persons participating in public issues, when those claims would be privileged under case law, *before the defendant is subjected to substantial expenses in defending against them.*" *Staten v. Steel*, 222 Or App 17, 29, 191 P3d 778 (2008), *rev den* 345 Or 618 (2009) (emphasis added). For that reason, an anti-SLAPP motion "must be filed within 60 days after the service of the complaint," ORS 31.152(1), and "before a responsive pleading is filed." *Horton v. Western Protector Ins. Co.*, 217 Or App 443, 453, 176 P3d 419 (2008).

4.   The statute provides that when a plaintiff's claim falls in the category of cases that are subject to the SLAPP statute, the burden is on the plaintiff to "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." ORS 31.150(3). The Court of Appeals has correctly held that in determining whether the plaintiff has met that burden, "the trial court may need to weigh the evidence," *Staten*, 222 Or App at 31, because a motion under the statute "tests the sufficiency of the evidence on the merits[.]" *Id.* at 35. "[T]he standards of 'substantial evidence' and '*prima facie* case' in ORS 31.150 contemplate that the trial court engage in an evaluation of the weight of all the evidence in the record[.]" *Id.* at 49 (Edmonds, P.J., concurring).

5.   Oregon's statute was "closely modeled" on the original version of the California

statute.[1] When the California statute was enacted in 1992, it did not contain a provision allowing for immediate appeal of an order denying a motion to strike. This meant that defendants were forced to go through with discovery and trial, even if the trial court had erroneously denied their anti-SLAPP motions. In 1999, the California legislature amended the statute to provide that an order denying a motion to strike is immediately appealable. The reasons for the new provision were described by the California Court of Appeal in *Doe v. Luster*, 51 Cal Rptr 3d 403, 406 (Cal App 2006):

> The Legislature concluded it was necessary to authorize an immediate appeal because, "[w]ithout this ability, a defendant will have to incur the cost of a lawsuit before having his or her right to free speech vindicated. When a meritorious anti-SLAPP motion is denied, the defendant, under current law has only two options. The first is to file a writ ..., which is discretionary and rarely granted. The second is to defend the lawsuit. If the defendant wins, the Anti-SLAPP Law is useless and has failed to protect the defendant's constitutional rights. Since the right of petition and free speech expressly granted by the U.S. Constitution are at issue when these motions are filed, the defendant should have the same right to appeal as plaintiffs already have under current law and have the matter reviewed by a higher court." (Assem. Com. on Judiciary, Rep. on Assem. Bill No. 1675 (1999-2000 Reg. Sess.) April 20, 1999.

### C. The Problem

6. The same situation now exists in Oregon. When an anti-SLAPP motion is denied, the defendant has only two choices: either file a petition for mandamus with the Oregon Supreme Court, or proceed with the defense of the case, including the costs of discovery and trial. That is the very thing that the statute was intended to avoid.

7. More than that, when a trial court denies an anti-SLAPP motion and the case proceeds to trial, an appellate court can *never* review whether the motion should have been granted, because once a trial occurs, appellate review is limited to what happened at trial, and the Court of Appeals held in *Staten* that in an appeal after a trial, the appellate court cannot review the question of whether the anti-SLAPP motion should have been granted. In short, under current law, "the denial of a special motion to strike [under the SLAPP statute] is not subject to appellate review"—*at any time*. *Staten*, 222 Or App at 36.

8. Current law has created an anomaly in federal court cases. When an anti-SLAPP motion is denied in a federal court action, the denial is appealable if the motion was made under the California statute, *Batzel v. Smith*, 333 F3d 1018 (9th Cir 2003), but it is not appealable if it

---

[1] Testimony of David Heynderickx, Legislative Counsel's office, to House of Representatives Committee on Judiciary, Subcommittee on Civil Law, March 19, 2001.

was made under the Oregon statute. *Englert v. MacDonell*, 551 F3d 1099 (9th Cir 2009). The Ninth Circuit said that although "California law recognizes the protection of the anti-SLAPP statute as a substantive immunity from suit" and was intended "to protect speakers from the trial itself," the Oregon statute merely creates "a process by which a *nisi prius* judge would promptly review the evidence underlying the defamation complaint to determine whether it had sufficient merit to go forward." *Englert*, 551 F3d at 1106.

### D. The Proposed Solution

9. By authorizing an immediate appeal from the denial of an anti-SLAPP motion, SB 543 makes it clear that the Oregon statute is intended to provide a substantive immunity from suit, just like the California statute on which it was modeled, and that the purpose of the statute is both "to protect speakers from the trial itself" and to protect speakers from the expense of discovery leading up to a trial. SB 543 will apply only in state court, of course, because a state legislature cannot overrule a federal court decision regarding a question of federal court appellate jurisdiction, but SB 543 will remove the basis for the Ninth Circuit's conclusion that California law and Oregon law point in different directions with respect to the appealability of an order denying an anti-SLAPP motion.

### E. Experience in other states

10. At least 23 other states now have anti-SLAPP statutes.[2] The question of whether a denial of an anti-SLAPP motion should be immediately appealable has arisen in several of those states. In Minnesota, the appellate courts allow an immediate appeal from an order denying an anti-SLAPP motion even without statutory authority, on the ground that the statute is intended to provide immunity from suit, and "an immunity 'is effectively lost if a case is erroneously permitted to go to trial.'" *Middle-Snake-Tamarac Rivers Watershed Dist. v. Stengrim*, 2009 WL 367286 at *1 n 1 (Minn App 2009). Massachusetts has adopted the same rule. "[T]he denial of a special motion to dismiss interferes with rights in a way that cannot be remedied on appeal from the final judgment. The protections afforded by the anti-SLAPP statute against the harassment and burdens of litigation are in large measure lost if the petitioner is forced to litigate a case to its conclusion before obtaining a definitive judgment through the appellate process. Accordingly, we hold that there is a right to interlocutory appellate review from the denial of a special motion to dismiss filed pursuant to the anti-SLAPP statute." *Fabre v. Walton*, 781 NE2d 780, 784 (Mass 2002).

11. In Oregon, however, unlike Massachusetts and Minnesota, an immediate appeal is not possible in the absence of statutory authority, because in Oregon, "[t]he right to appeal is purely statutory[.]" *Dougan v. SAIF*, 339 Or 1, 6, 115 P3d 242 (2005). In Oregon, therefore, the only way to obtain appellate review of an order denying an anti-SLAPP motion is by way of a

---

[2] *Marchant Investment & Management Co., Inc. v. St. Anthony West Neighborhood Organization*, 694 NW2d 92, 95 (Minn App 2005).

mandamus petition with the Supreme Court.[3] It is far better to have the Court of Appeals review such orders, with subsequent review in the Supreme Court a matter of that Court's discretion (as it is in most kinds of cases).

12. For that reason, by providing that an appealable "limited judgment" must be entered when a trial court denies a "special motion to strike" under the anti-SLAPP statute, SB 543 will provide for a statutory right of appeal, just as the legislatures of several other states have done with respect to their anti-SLAPP statutes. For example:

12.1 California: "An order granting or denying a special motion to strike shall be appealable under Section 904.1." Cal. Code Civil Procedure § 425.16(j). (Section 904.1 is the section of the California Code of Civil Procedure that defines appealable orders, and is comparable to ORS 19.205.)

12.2 Hawai'i: "(2) The moving party shall have a right: (A) To an immediate appeal from a court order denying the motion; ***." Hawai'i Revised Statutes § 634F-2.

12.3 Missouri: "Any party shall have the right to an expedited appeal from a trial court order on the special motions described in subsection 2 of this section or from a trial court's failure to rule on the motion on an expedited basis." Vernon's Annotated Missouri Statutes §537.528(3).

12.4 New Mexico: "Any party shall have the right to an expedited appeal from a trial court order on the special motions described in Subsection B of this section or from a trial court's failure to rule on the motion on an expedited basis." New Mexico Statutes Annotated § 38-2-9.1(c).

12.5 Utah: "[T]he moving party shall have a right to seek interlocutory appeal from a trial court order denying the motion or from a trial court failure to rule on the motion in expedited fashion." Utah Code Annotated § 78B-6-1404(1)(c).

**F.   One additional proposal: add "liberally construed" to the statute**

13. The California statute contains these sentences:

> "The Legislature finds and declares that it is in the public interest
> to encourage continued participation in matters of public interest
> significance, and that this participation should not be chilled

---

[3] A similar situation exists in Louisiana. Because the Louisiana SLAPP statute has no provision allowing for an appeal from an order denying the motion, a defendant whose anti-SLAPP motion is denied can seek appellate review only by filing a petition for a writ of certiorari. *Baxter v. Scott*, 847 So2d 225 (La App 2003), *vacated on mootness grounds*, 860 So2d 535 (La 2003). Oregon does not have certiorari, so the only available avenue for appellate review at present is by way of mandamus.

through abuse of the judicial process. To this end, this section shall be construed broadly." Cal. Code Civ. Pro. § 425.16(a).

14. Oregon has many statutes that provide that they should be "liberally construed" or "construed liberally." *See, e.g.*, ORS 30.475(5) (relating to limitation of liability for volunteer transportation providers); ORS 59.585(2) (relating to transfers of securities on death of owner); ORS 71.1020(1) (Uniform Commercial Code); ORS 90.830(3) (sales of manufactured homes and floating homes); ORS 109.072(17) (paternity determinations); ORS 118.810(2) (taxation of nonresident decedent estates); ORS 130.185(1) (creation of trusts for the care of pet animals); ORS 135.245 (7) (criminal sanctions to assure the court appearance of a criminal defendant); ORS 162.121 (public investment fraud); ORS 166.735(2) (Racketeer Influenced and Corrupt Organization Act); ORS 190.007 (intergovernmental cooperation); ORS 190.265(7) (intergovernmental corrections entities); ORS 203.035(2) (county home rule powers); ORS 222.310 (municipal consolidation and annexation); ORS 225.460(2) (municipal utilities); ORS 241.055 (county civil service); ORS 243.742(1) (arbitration of public employee labor disputes); ORS 253.500 (long term absent voters); ORS 261.240 (people's utility districts); ORS 261.900(1) (people's utility districts); ORS 263.300 (convention facilities); ORS 308A.104 (assessment of farm property); ORS 353.035 (OHSU); ORS 357.340 (Interstate Library Compact); ORS 376.715(1) (pedestrian malls); ORS 391.500(3) (mass transit); ORS 416.405 (parental responsibility for dependent children); ORS 419B.090 (juvenile courts and rights of children); ORS 421.245 (Interstate Corrections Compact); ORS 421.296 (Interstate Fire Suppression Compact); ORS 435.235 (family planning and birth control services); ORS 441.595 (health care facility construction financing); ORS 450.705(1) (sanitary districts); ORS 468B.010(2) (water pollution control); ORS 471.030(1) (liquor control); ORS 476.720 (fire protection); ORS 646A.290 (regulation of invoices); ORS 689.025 (regulation of pharmacies); ORS 703.030 (polygraph examiners); ORS 731.016 (insurance code); ORS 734.530 (Oregon Insurance Guaranty Association); ORS 735.025 (property insurance); ORS 735.400 (surplus lines insurance); ORS 756.062(2) (Public Utility Commission); ORS 802.540 (Driver License Compact); ORS 802.560 (Multistate Highway Transportation Agreement); ORS 823.013(2) (regulation of motor carriers and railroads); ORS 830.080 (boating offense compact); ORS 836.630(3) (airport siting).

15. The California provision has had a salutary effect in protecting the right of free expression on matters of public concern, and I urge the legislature to add similar wording to the Oregon statute. I propose the following, to be added as a new subsection (4) to ORS 31.152 (on page 2 of SB 543): "ORS 31.150 through 31.155 shall be liberally construed in favor of the exercise of the rights of expression described in ORS 31.150(2)."