Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PENDING APPEAL** |
| v. | |
| NÓIRÍN PLUNKETT, | |
| Defendant. | |

Plaintiff Michael G. Schwern, through counsel, respectfully submits this supplemental memorandum in opposition to defendant Nóirín Plunkett's motion to stay pending appeal.

Defendant argues:

> Plaintiff cites the wrong standard in support of his third argument, relying on a case applying the stay requirements of the Administrative Procedures Act, which in turn cites a case applying the preliminary injunction standard pending appeal. Neither case discusses the standard that applies to a stay pending appeal from the denial of an anti-SLAPP motion, for which the Oregon Legislature has set the standard — a stay is automatic.

Reply at 4; *see* Response at 6, citing *Humane Society of the United States v. Gutierrez*, 558 F.3d 896 (9th Cir. 2009) (which cites *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7,

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY PENDING APPEAL – Page 1

129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)).

Defendant is incorrect as a matter of law. The test for a stay pending appeal cuts across numerous case types. A quick sampling of recent Ninth Circuit cases applying the standards for stays demonstrates conclusively that the *Winter* test is used in case types other than those arising under the Administrative Procedures Act.

| Citation | Case type | Used *Winter* test? |
|---|---|---|
| *Wood v. Ryan*, __ F.3d __ (9th Cir. July 22, 2014) | Death penalty | Yes |
| *Alaska Survival v. Surface Transportation Board*, 704 F.3d 615 (2012) | Environmental | Yes |
| *Lair v. Bullock*, 697 F.3d 1200 (9th Cir. 2012) | Election – First Amendment | Yes |
| *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) | Immigration | Yes |
| *Stormans Inc. v. Selecky*, 526 F.3d 406 (9th Cir. 2008) | Reproductive rights | Yes |

As for defendant's argument that plaintiff has conflated the stay factors with the factors for a preliminary injunction, defendant should blame the Ninth Circuit rather than plaintiff. Stays and preliminary injunctions are both forms of short-term equitable relief. It is unsurprising that the Ninth Circuit should adapt the test for whether a party qualifies for one form of short-term equitable relief to a situation where a party is applying for another form of short-term equitable relief. And it is indisputable that the Ninth Circuit has actually done so and that district courts have appropriately followed the Ninth Circuit in doing so. *See e.g. Latta v. Otter*, case no. 1:13-CV-00482-CWD, order denying stay pending appeal (#100) (D. Idaho May 14, 2014).

When the correct factors are applied, defendant's arguments for a stay are unavailing. Despite filing a reply memorandum, defendant still has not articulated how she qualifies for a stay under the *Winter* test. The Court should deny defendant's motion.

RESPECTFULLY SUBMTTED July 23, 2014,

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Plaintiff

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO STAY PENDING APPEAL – Page 2