IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL G. SCHWERN,

    Plaintiff,

v.

NÓIRÍN PLUNKETT,

    Defendant.

3:14-CV-146-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

Plaintiff Michael G. Schwern filed this action against defendant Nóirín Plunkett on January 27, 2014. Schwern alleges that Plunkett falsely claimed to law enforcement officials, prosecutors, medical personnel, and "other third parties" that Schwern sexually and physically assaulted her. Based on Plunkett's alleged statements to "other third parties," Schwern alleges Plunkett's liability for defamation, intentional infliction of emotional distress, and intentional interference with prospective economic relations. This court has jurisdiction over Schwern's action pursuant to 28 U.S.C. § 1332(a), based on the complete diversity of the parties and the amount in controversy.

Page 1 - OPINION AND ORDER

On April 22, 2014, I recommended that Plunkett's special motion (#4) to strike pursuant to Oregon's so-called anti-SLAPP statute (Or. Rev. Stat. 31.150 *et seq.*) be denied, and on July 7, 2014, Judge Hernandez adopted that recommendation. On July 8, 2014, Plunkett filed a notice of appeal from Judge Hernandez' order to the Ninth Circuit. Now before the court is Plunkett's motion (#29) for stay of these proceedings pending the outcome of her appeal.

On July 23, 2014, I held a teleconference with the parties' respective counsel to permit oral argument in connection with Plunkett's motion. In the course of the teleconference, counsel discussed the Ninth Circuit's *sua sponte* order of July 15, 2014, that Plunkett show cause why her appeal should not be dismissed for lack of appellate jurisdiction, in that the district court order from which her appeal was taken did not dispose of all claims at issue in this action. At the close of the teleconference, I expressly reserved ruling on Plunkett's motion pending the Ninth Circuit's review of Plunkett's contemplated response to the appellate court's order to show cause.

Plunkett responded to the Ninth Circuit's order to show cause on July 30, 2014, and Schwern filed a response thereto on July 31, 2014. On August 7, 2014, the Ninth Circuit ruled that its order to show cause dated July 15, 2014, was discharged, and directed the parties to address the Ninth Circuit's appellate jurisdiction over Plunkett's appeal in their merits briefing, effectively combining the jurisdictional question with the questions to be submitted to the appellate court's merits panel. On August 12, 2014, I held a second teleconference with the parties' counsel to permit further oral argument in connection with Plunkett's motion for stay of these proceedings.

I have previously found, in my Findings and Recommendation (#21) dated April 22, 2014, that Oregon's anti-SLAPP statute is enforceable in this federal court, but that Schwern's

Page 2 - OPINION AND ORDER

claims do not fall within the scope of its provisions; as noted above, Judge Hernandez adopted those findings without modification. However, the Ninth Circuit's decision to treat its order to show cause as discharged strongly suggests that the appellate court finds Plunkett's argument that she may as of right file an interlocutory appeal from the district court's order denying her anti-SLAPP motion to strike to be, at minimum, colorable. If indeed Plunkett has the right to interlocutory appeal without first obtaining certification from this court pursuant to Federal Civil Procedure Rule 54(b) that its order was final and appealable, her right to do so would necessarily stem from adoption of her plausible interpretation of the statute as providing immunity from suit rather than (mere) defense against liability, which would place this court's order denying the anti-SLAPP motion "among the class of orders for which an immediate appeal is available." *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1015 (9th Cir. 2013); *see also id.* at 1016, n. 8 (based on a 2009 amendment to Oregon's anti-SLAPP statute to provide an immediate right of appeal, "the Oregon statute now likely affords immunity from suit"). Under that interpretation, it would entirely defeat the purpose of the statute to permit this action to proceed pending the outcome of Plunkett's appeal, in that even if Plunkett were ultimately entirely successful before the Ninth Circuit, absent a stay of trial-court proceedings she would still have been subjected to the necessity of litigating claims from which she presumptively should have been granted complete immunity.

In consequence, I find that Plunkett's motion for stay of these proceedings is well taken.

## CONCLUSION

For the reasons set forth above, Plunkett's motion (#29) for stay of these proceedings is granted. This action is stayed pending the outcome of Plunkett's appeal to the Ninth Circuit of

this court's order (#25) dated July 7, 2014. The parties are directed to file a formal Joint Status Report every 120 days from the date hereof regarding the status of Plunkett's appeal, and, in addition, promptly to advise the court of any material developments in connection with the appellate proceedings.

Dated this 15th day of August, 2014.

_____
Honorable Paul Papak
United States Magistrate Judge