Case 3:14-cv-00146-PK   Document 47   Filed 05/05/15   Page 1 of 4

Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **PLAINTIFF'S CERTIFICATE OF COMPLIANCE WITH LR 7-1(a)** |
| v. | |
| NÓIRÍN PLUNKETT, | |
| Defendant. | |

Plaintiff Michael G. Schwern, through counsel, respectfully submits this certificate of compliance with Local Rule 7-1(a) in support of his motion for sanctions against defendant. On May 4, 2015, plaintiff moved for sanctions against defendant and for this Court to lift its stay of this action for the limited purpose of hearing the motion for sanctions. Although the statement of facts in the memorandum in support of the motion for sanctions did outline the process that led up to the motion, the motion did not contain a formal certificate of compliance with LR 7-1(a). That was the result of an oversight by plaintiff's counsel, who apologizes for his error.

PLAINTIFF'S CERTIFICATE OF COMPLIANCE WITH LR 7-1(a) – Page 1

Plaintiff now, therefore, certifies as follows:

1. On February 25, 2015, plaintiff's counsel sent a letter to defendant Nóirín Plunkett's then-counsel Erin Olson in which he requested that defendant withdraw the false sworn declaration that is the subject of the motion for sanctions.

2. On March 13, plaintiff's counsel reiterated this request in a second letter.

3. On March 27, Ms. Olson moved to withdraw from her representation of defendant. The Court granted this motion on April 8, 2015.

4. On April 8, plaintiff's counsel served the proposed motion for sanctions on defendant pursuant to Fed. R. Civ. P. 11(c)(2).

5. On April 21, defendant emailed plaintiff's counsel and said she needed time to engage new counsel who could respond to the proposed motion for sanctions. Plaintiff's counsel immediately responded about conditions on which he would be willing to afford defendant more time.

6. On April 22, Massachusetts lawyer Daniel Booth emailed plaintiff's counsel, informed him that he now represented defendant, and asked to discuss settlement of the case, including addressing the proposed motion for sanctions.

7. On April 23, Mr. Booth said that he would accept service of any future filings on defendant's behalf. From this point forward, although Mr. Booth had not yet moved for *pro hac vice* admission in Oregon, plaintiff's counsel felt constrained by ORPC 4.2 not to communicate further with defendant about the motion for sanctions.

8. Between April 23 and April 30, plaintiff's counsel and Mr. Booth engaged in settlement discussions by email. The details of these discussions fall within the ambit of F.R.E. 408, but they did include a candid exchange about the proposed motion for sanctions. During these

PLAINTIFF'S CERTIFICATE OF COMPLIANCE WITH LR 7-1(a) – Page 2

discussions, the parties explicitly agreed to share their positions with each other by email rather than over the telephone.

9. On April 30, in connection with settlement discussions, Mr. Booth noted his objection to the filing of the proposed motion for sanctions while this Court's stay of the action remained in effect. Plaintiff's counsel accordingly drafted the now-filed motion to lift the stay to address Mr. Booth's concern.

10. On May 4, with defendant still refusing to withdraw the false sworn declaration and with the settlement discussions at an end, plaintiff filed the motion for sanctions.

    RESPECTFULLY SUBMTTED May 5, 2015.

/s/ Bear Wilner-Nugent<br>
Bear Wilner-Nugent, OSB #044549<br>
Attorney for Plaintiff

PLAINTIFF'S CERTIFICATE OF COMPLIANCE WITH LR 7-1(a) – Page 3

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing PLAINTIFF'S CERTIFICATE OF COMPLIANCE WITH LR 7-1(a) on *pro se* defendant Nóirín Plunkett by mailing a true copy of it to her at 1107 Cambridge Street, Cambridge, Massachusetts 02139 on May 5, 2015.

I also served the foregoing on defendant's Massachusetts attorney Daniel Booth, Esq., by mailing a true copy of it to him at Booth Sweet LLP, 32R Essex Street, Cambridge, Massachusetts 02139 on May 5, 2015. Mr. Booth is not a member of the bar of this Court but has informed me that he has been engaged by defendant and intends to seek *pro hac vice* admission so that he may represent her before this Court.

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Plaintiff

CERTIFICATE OF SERVICE