Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY PENDING APPEAL FOR A LIMITED PURPOSE** |
| v. | |
| NÓIRÍN PLUNKETT, | |
| Defendant. | |

Plaintiff Michael G. Schwern, through counsel, respectfully submits this reply memorandum of law in support of his motion for an order lifting the stay of this action entered on August 15, 2014, for the limited purpose of litigating plaintiff's simultaneously filed Rule 11 motion for sanctions against defendant. Defendant's memorandum in opposition makes four arguments against the motion. For the reasons that follow, none of those arguments constitute a legally sufficient basis to deny the motion. The Court should accordingly grant the motion, lift the stay, and hear the sanctions motion on its merits.

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY PENDING APPEAL FOR A LIMITED PURPOSE – Page 1

Defendant first argues that the Court should deny the motion because plaintiff's counsel failed to include in the first paragraph of the motion a certificate of conferral pursuant to LR 7-1(a). Opposition at 5. Plaintiff concedes that his counsel erred in this regard, and counsel regrets the error. Paragraph (3) of LR 7-1(a) provides only, however, that "[t]he Court *may* deny any motion that fails to meet this certification requirement" (emphasis added).

In this instance, it would be appropriate for the Court to exercise its discretionary authority under LR 7-1(a)(3) to refrain from denying the motion. After all, it was defendant's counsel who raised the existence of the stay as a point in opposition to plaintiff's proposed motion for sanctions. Ex. A at 1-2. Given that defendant clearly telegraphed her intent to rely on the stay to defend against the motion, it is hard to imagine that formal conferral on the motion to lift the stay would have served any purpose. To state matters plainly, plaintiff made a separate motion to lift the stay precisely because defendant announced her intent to make this argument. For that reason — and because denial of the motion to lift the stay for a lack of conferral would be without prejudice in any event — the Court should overrule defendant's objection to the alleged procedural impropriety of the motion to lift the stay. *See Strong v. City of Eugene*, case no. 6:14-CV-01709-AA, Opinion and Order, Part I (D. Or. May 19, 2015); *Klemp v. Columbia Collection Service, Inc.*, case no. 3:13-CV-01577-PK, Opinion and Order, Part I (D. Or. Jan. 17, 2014).

Defendant's next argument in opposition to the motion to lift the stay is grounded in defendant's consistent position that Or. Rev. Stat. §31.152(2) provides not only for a stay of "[a]ll discovery in the proceeding," as the statute's text reads, but also for a stay of any further proceedings whatsoever until the final resolution of a special motion to strike — and not only in the trial court, but on an interlocutory appeal. Opposition at 5-7; *see generally* Defendant's

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT
STAY PENDING APPEAL FOR A LIMITED PURPOSE – Page 2

Motion to Stay Pending Appeal (#29) and Defendant's Reply in Support of Motion to Stay Pending Appeal (#32). The Court previously agreed with defendant that a stay of all proceedings was appropriate in light of the logical implications of the Ninth Circuit's interim order on the question of appellate jurisdiction posed by defendant's appeal. Opinion and Order [granting stay] at 2-3. Given the hitherto unforeseen procedural circumstance of a motion for sanctions, however, the Court should take a fresh look at the scope of subsection 31.152(2)'s application to this case.

The final sentence of Or. Rev. Stat. §31.152(2) provides that "[t]he court, on motion and for good cause shown, may order that specified discovery be conducted notwithstanding the stay imposed by this subsection." Defendant acknowledges the existence of this exception to the stay provision by quoting a portion of the decision in *Page v. Parsons*, 249 Or. App. 445, 456-457, 277 P.3d 609 (2012), which references it. Opposition at 6. If, as defendant posits and this Court has so far agreed, the pertinent legislative history requires the statutory stay of "[a]ll discovery in the proceeding" to be read as a stay of all further proceedings, then an apposite reading of the final sentence of subsection (2) should allow a plaintiff to invoke its mechanism when there is a manifest need for a further non-discovery proceeding. This reading would be consistent with the legislative intent underlying the anti-SLAPP statutes on which the Oregon Court of Appeals explicitly relied in *Page*. 249 Or. App. at 456-458.

Defendant suggests a contrary reading of Section 31.152 that would both essentially nullify its last sentence and unduly diminish the authority of the Court. She argues that "[d]efendants immune from suit should not be subjected to the costs of motion practice or other litigation." Opposition at 6. Taken at face value, defendant's proposed rule would permit all manner of unreachable one-sided litigation misconduct by a defendant even in a case where the

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY PENDING APPEAL FOR A LIMITED PURPOSE – Page 3

plaintiff has prevailed on an anti-SLAPP motion, such as this case. Because defendant did not prevail before this Court in this case, though, her argument, and her supporting citation to *Clackamas River Water v. Holloway*, 261 Or. App. 852, 860-861, 322 P.3d 614 (2014), are unavailing.

Plaintiff, through his motion for sanctions and memorandum in support, has alleged that defendant has engaged in misconduct sufficiently serious — the filing of, and reliance on, a false declaration under penalty of perjury — that it will pervert the further course of this litigation if it is not timely addressed. The plain language of subsection 31.152(2) does not forbid courts before which anti-SLAPP motions have been brought to exercise their inherent powers to prevent, detect, and redress such misconduct. Therefore, the real question for decision by the Court should reduce to the merits of the motion for sanctions, which in turn presupposes the lifting of the stay.

Anticipating this, defendant tries to argue the merits of the sanctions motion out of one side of her mouth even as she asks the Court not to reach the merits out of the other. In sum, defendant asserts that plaintiff has not made a sufficiently colorable showing that defendant's declaration about the rose delivery was false. Opposition at 7-12. Defendant cannot have it both ways. Either the stay should not be lifted at all or the parties should be free to argue the merits of the sanctions motion. In keeping with defendant's unopposed motion for an extension of time (#54) and the Court's resulting scheduling order of May 29 (#56), plaintiff respectfully elects to wait to answer the sanctions motion until after the Court has ruled on the instant motion to lift the stay.

Finally, defendant argues that the motion for sanctions is a motion to compel discovery in another guise. Opposition at 12-14. Defendant confuses a request for information that would

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT STAY PENDING APPEAL FOR A LIMITED PURPOSE – Page 4

serve plaintiff's goals in prosecuting his complaint — in a word, discovery — with a request for information that would serve the Court's goals in assuring that all parties litigate fairly and lawfully. Plaintiff freely admits that the rose delivery issue is collateral to the allegations in his complaint. After all, plaintiff's counsel drafted the complaint before the rose delivery took place. For that reason, what plaintiff seeks to accomplish with the motion for sanctions cannot constitute discovery as the term is construed as a matter of law. The entirety of defendant's fourth argument is, therefore, beside the point.

Plaintiff does not have any desire to circumvent the stay for self-serving purposes. What is really happening in this case is that when plaintiff exercised his right to oppose defendant's effort to extend the Massachusetts restraining order, he unexpectedly obtained evidence that defendant had lied under oath and felt duty-bound to bring this evidence to the Court for its scrutiny. This evidence was apparently compelling enough that defendant's initial attorney — an experienced, skilled, and zealous advocate who had worked for well over a year to advance defendant's goals — withdrew from further representation of defendant rather than assist her to confront the evidence in court. Plaintiff's goal is to permit the Court to conduct proper oversight of the case before it.

"Courts are endowed with inherent powers which are necessary to the conduct of their business, including the power to sanction." *Yagman v. Republic Ins.*, 987 F.2d 622, 628-629 (9th Cir. 1993), citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Plaintiff's motion to lift the stay is a precursor whose necessity was suggested by defendant and whose aim is to clear the deck so that the Court can make a reasoned decision whether to exercise these inherent powers. Plaintiff respectfully submits that, once the Court has done so, it will more likely than not determine that this issue was worth bringing before it.

REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO LIFT
STAY PENDING APPEAL FOR A LIMITED PURPOSE – Page 5

## CONCLUSION

For the foregoing reasons, the Court should grant the motion, lift the stay, order defendant to respond expeditiously to plaintiff's motion for sanctions, and permit plaintiff to reply on the merits of that motion.

RESPECTFULLY SUBMTTED June 16, 2015.

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Plaintiff