IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL G. SCHWERN,

     Plaintiff,

                            3:14-CV-146-PK

v.                          OPINION AND
                              ORDER

NÓIRÍN PLUNKETT,

     Defendant.

PAPAK, Magistrate Judge:

     Plaintiff Michael G. Schwern filed this action against defendant Nóirín Plunkett on January 27, 2014. Schwern alleges that Plunkett falsely claimed to law enforcement officials, prosecutors, medical personnel, and "other third parties" that Schwern sexually and physically assaulted her. Based on Plunkett's alleged statements to "other third parties," Schwern alleges Plunkett's liability for defamation, intentional infliction of emotional distress, and intentional interference with prospective economic relations. This court has jurisdiction over Schwern's action pursuant to 28 U.S.C. § 1332(a), based on the complete diversity of the parties and the amount in controversy.

Page 1 - OPINION AND ORDER

On April 22, 2014, I recommended that Plunkett's special motion (#4) to strike pursuant to Oregon's so-called "anti-SLAPP statute" (Or. Rev. Stat. 31.150 *et seq.*) be denied, and on July 7, 2014, Judge Hernandez adopted that recommendation without modification. On July 8, 2014, Plunkett filed a notice of appeal from Judge Hernandez' order to the Ninth Circuit. Subsequently, effective August 15, 2014, I granted Plunkett's motion to stay further proceedings in this action pending the outcome of her appeal. Her appeal is currently pending before the Ninth Circuit.

On May 4, 2015, Schwern simultaneously filed a motion (#44) to lift the stay of these proceedings for a limited purpose and a motion (#45) for the imposition of sanctions against Plunkett on the grounds that she intentionally filed a false declaration in support of her special motion to strike.

Now before the court is Schwern's motion (#44) to lift the stay of these proceedings for the limited purpose of deciding the merits of his pending motion for imposition of sanctions. I have considered the motion, telephonic oral argument on behalf of the parties, and all of the pleadings and papers on file. For the reasons set forth below, Schwern's motion is denied.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The district court may, in its discretion, modify its own order imposing a stay pursuant to that same inherent power. The district courts of the Ninth Circuit routinely modify such orders for good cause shown.

Page 2 - OPINION AND ORDER

## FACTUAL BACKGROUND

In support of her special motion to strike the claims against her, Plunkett offered her own sworn declaration testimony that on January 27, 2014, the date upon which this action was filed and also Plunkett's birthdate, an anonymous person Plunkett believed to have been Schwern had sent her six white roses. According to Plunkett's declaration, in the symbology she shared in common with Schwern, a gift of white roses represented a threat of violence. Plunkett relied in part on this evidence in arguing that Schwern's claims were motivated by a purpose of harassment and should therefore be stricken.

Schwern asserts that, in connection with unrelated proceedings to lift the Massachusetts restraining order, he learned of evidence that Plunkett may have manufactured the incident of the white roses incident in its entirety, sending the roses to herself anonymously. Specifically, Schwern offers evidence that the roses and their delivery were paid for with Plunkett's credit card that Plunkett's telephone number was listed for contact purposes in connection with the order, and that the delivery instructions included specific information regarding Plunkett's residence that Schwern purportedly could not at that time have known. On the basis of that evidence, Schwern takes the position that Plunkett's sworn declaration testimony constituted perjury and a willful effort to perpetrate fraud on the court.

By and through his simultaneously filed motion for imposition of sanctions, Schwern seeks (i) an order striking that portion of Plunkett's declaration which relates to the white roses, (ii) an award against Plunkett of his fees incurred in defending the special motion to strike, and (iii) an order finding Plunkett in contempt of court.

## ANALYSIS

As a preliminary matter, I note that at telephonic oral argument in connection with

Schwern's motion to lift the stay counsel for Plunkett argued that this court may lack jurisdiction

to lift the stay of these proceedings for any purpose in light of the pendency of Plunkett's appeal

before the Ninth Circuit. That argument is unpersuasive. Under clear Ninth Circuit

jurisprudence, this court enjoys jurisdiction to consider the merits of Schwern's sanctions motion

notwithstanding the pendency of Plunkett's interlocutory appeal.

> Absent a stay, an appeal seeking review of collateral orders does not deprive the
> trial court of jurisdiction over other proceedings in the case, and **an appeal of an
> interlocutory order does not ordinarily deprive the district court of
> jurisdiction except with regard to the matters that are the subject of the
> appeal.** Manual for Complex Litigation (2d Ed.), Par. §§ 25.11, 25.16.

*Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (emphasis supplied).

Where, as here, concurrent proceedings before this court would address a matter easily severable

from the merits of the matter appealed to the Ninth Circuit, there is no jurisdictional barrier to

prevent such concurrent proceedings.[1]  *See id.* at n. 7, *citing Moses H. Cone Memorial Hospital*

*v. Mercury Construction*, 460 U.S. 1 (1983).

As a second preliminary matter, I note further that Plunkett argues for summary denial of

---

[1]  Moreover, the Ninth Circuit has not yet formally assumed jurisdiction over Plunkett's
appeal, and may yet decline to do so. On July 15, 2014, the Ninth Circuit ordered Plunkett either
to withdraw her appeal or to show cause within 21 days why her appeal should not be dismissed
for lack of jurisdiction. Plunkett responded to the order on July 21, 2014, and on August 7, 2014,
the Ninth Circuit found its order to show cause was "discharged" with the indication that the
jurisdictional issue would be decided by the panel assigned to determine the merits of the appeal.
Because the Ninth Circuit has deferred the question whether it can properly take jurisdiction over
Plunkett's appeal, it is all the clearer that this court faces no jurisdictional barrier to lifting the
stay of these proceedings for the limited purpose of deciding the merits of Schwern's sanctions
motion.

Page 4 - OPINION AND ORDER

Schwern's motion on the ground that his counsel failed to confer with her counsel in an effort to

resolve the issues it raises prior to filing it, as required under Local Rule 7-1(a). Specifically,

Plunkett concedes that Schwern's counsel conferred with her counsel regarding his then-proposed

motion for imposition of sanctions, and that her counsel advised Schwern's counsel that she

would rely in part on the stay of these proceedings in opposing the sanctions motion, but argues

that such conferral could not have compassed Schwern's motion to lift the stay as no such motion

had yet been expressly contemplated at the time the conferral took place. For his part, Schwern

concedes that he erred in treating his conferral regarding the sanctions motion as a conferral

regarding the motion to lift the stay, but argues that his error was harmless in light of Plunkett's

counsel stated intention to rely on the stay in opposition to the sanctions motion. Under the

circumstances, I agree with Schwern that further conferral would have been futile, and that his

non-compliance with Local Rule 7-1(a) was effectively harmless error; moreover, to deny the

motion on the technical ground of failure to comply with the local rule would merely delay

disposition of the issues raised by Schwern's motion. I therefore decline to deny Schwern's

motion on grounds of noncompliance with the local rule.

   As to the merits of the motion, Plunkett argues that the stay should not be lifted because

to do so would vitiate the purposes underlying Oregon's anti-SLAPP statute and permit Schwern

to make an "end-run" around its provisions by harassing her with vexatious discovery requests

notwithstanding her potential immunity to suit. In addition, Plunkett argues that the stay should

not be lifted because to do so would be futile in light of the purported lack of merit of the

arguments in support of the sanctions motion.

   I find that none of the issues raised by Plunkett constitutes good grounds for denying the

Page 5 - OPINION AND ORDER

motion. First, to the extent the arguments in support of the sanctions motion may have merit, litigation of the sanctions motion will not contravene the purposes of the anti-SLAPP statute, which exists to safeguard free speech by providing a mechanism for swift and early dismissal of meritless lawsuits calculated to chill expression, and not to shield fraudulent conduct from judicial scrutiny. Second, if stay of these proceedings were for the limited purpose of litigating the sanctions motion, this court's limiting orders would provide Plunkett with all due protection from vexatious discovery requests going to the merits of Schwern's claims rather than to the narrow issue of the identity of the person who ordered the white roses. Third, because analysis of the arguments in support of the sanctions motion establishes that they are at a minimum colorable, their purported weakness cannot constitute a valid reason for refraining from consideration of their merits.

As to whether Schwern has established good cause for lifting the stay, his argument-in-chief is that Plunkett's purported effort to defraud the court "constitutes a serious affront to the integrity of these proceedings and the dignity of this Court that should be corrected without delay." I wholeheartedly agree with Schwern that if it were established that Plunkett intentionally filed a false declaration in an effort to deceive the court, such conduct would indeed constitute "a serious affront to the integrity of these proceedings and the dignity of this Court" that would not be taken lightly. However, although I further agree with Schwern that litigation of the sanctions motion would be ancillary to the merits of both his claims and of Plunkett's anti-SLAPP defense, I find nothing in either Schwern's proffered argument or elsewhere in the record to establish the necessity for immediate litigation of the sanctions issue as opposed to litigation of the issue following resolution of Plunkett's appeal. Because I find to the contrary

that post-appeal litigation of the sanctions issue will be sufficient to remedy any potential affront

to the integrity of these proceedings and/or the dignity of this court, I decline to exercise my

discretion to lift the stay for the purpose of resolving Schwern's motion for sanctions.

**CONCLUSION**

For the reasons set forth above, Schwern's motion (#44) to lift the stay of these

proceedings for a limited purpose is denied.

Dated this 25th day of June, 2015.

Honorable Paul Papak
United States Magistrate Judge

Page 7 - OPINION AND ORDER