Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL G. SCHWERN, | Case No. 3:14-CV-00146-PK |
| Plaintiff, | **PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT** |
| v. | |
| NÓIRÍN PLUNKETT, | |
| Defendant. | |

Plaintiff Michael G. Schwern, through counsel, respectfully moves the Court for an order substituting Patrick Plunkett, father of Nóirín Plunkett and personal representative of her estate, as the defendant in this action. This motion is made pursuant to Fed. R. Civ. P. 25(a)(1). Undersigned counsel has conferred with Dan Booth, counsel for Mr. Plunkett, who is aware of undersigned counsel's plan to make this motion.

Mr. Booth gave the Court notice of Ms. Plunkett's death on July 31, 2015 (#61). On October 21, 2015, the probate court of the Commonwealth of Massachusetts, where Ms. Plunkett

PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT – Page 1

lived at the time of her death, granted Mr. Plunkett's petition to be named representative of her estate. Letters of Authority for Personal Representative, *In re Estate of Nóirín Patricia Plunkett*, Docket No. MI15P5711EA, Middlesex Probate and Family Court. Mr. Plunkett will also be represented by Mr. Booth, who this Court previously admitted *pro hac vice* to represent Ms. Plunkett. Mr. Plunkett is today moving in the Ninth Circuit to be substituted as appellant in the pending interlocutory appeal from this Court's denial of defendant's special motion to strike the complaint.

Because this is an action in diversity, it is governed by Oregon substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Or. Rev. Stat. §§30.080 and 30.100 jointly provide that when an alleged tortfeasor dies while an action for a personal injury is pending, the plaintiff may move to substitute the personal representative of the decedent as a defendant. *See also Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (discussing the effect of a substitution of parties under Fed. R. Civ. P. 25(a)(1)). The only substantive limitation on the action thereafter is that the plaintiff may not recover punitive damages from the decedent's estate. Or. Rev. Stat. §30.080. Furthermore, Mr. Plunkett is a citizen and resident of Ireland, so the parties will maintain complete diversity.

For these reasons, the Court should grant this motion. The caption of the case should therefore be amended to read:

/ / /

/ / /

/ / /

/ / /

/ / /

MICHAEL G. SCHWERN,

    Plaintiff,

    v.

PATRICK PLUNKETT,

Personal Representative of the Estate of Nóirín Plunkett,

    Defendant

    RESPECTFULLY SUBMTTED October 27, 2015,

    /s/ Bear Wilner-Nugent
    Bear Wilner-Nugent, OSB #044549
    Attorney for Plaintiff

PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT – Page 3