|      |      |
|------|------|
| From: | "dbooth@boothsweet.com" <dbooth@boothsweet.com> |
| Subject: | **Re: The future of our lawsuit** |
| Date: | July 30, 2015 7:39:09 PM EDT |
| To: | Bear Wilner-Nugent <bwnlaw@gmail.com> |
| Cc: | Lake Perriguey <lake@law-works.com> |

That is utterly repugnant. In all likelihood the representative would be Noirin's father. Does Mr. Schwern seriously intend on prosecuting this claim against him, after he buries his child? Can you not impress upon your client the sheer indecency of this path? I implore you to do all you can to persuade him to reconsider.

Dan Booth
Booth Sweet LLP
32R Essex Street #1A
Cambridge, MA 02139
(617) 250-8629
(617) 250-8883 fax
dbooth@boothsweet.com
http://boothsweet.com

On Jul 30, 2015, at 7:13 PM, Bear Wilner-Nugent wrote:

> Dear Mr. Booth and Mr. Perriguey,
>
> I write to discuss the future of our lawsuit in view of the tragic death this week of defendant Nóirín Plunkett. Let me begin by reiterating formally what I told you informally yesterday: Mr. Schwern and I are both deeply saddened by Ms. Plunkett's death. We send our best wishes to all those who cared for her. I have lost several clients to death while cases were pending over the years. It never gets easier. I hope both of you have access to good emotional support in this time.
>
> After consulting in depth with Mr. Schwern, I must inform you that we do intend to proceed with the lawsuit. We can leave issues of proof for another day when the case is back before the District Court in the appropriate posture. My concern for the moment is with procedure.
>
> Our case in diversity is governed by Oregon substantive law. ORS 30.080 and ORS 30.100 jointly provide that when an alleged tortfeasor dies while an action for a personal injury is pending, the plaintiff may move to substitute the personal representative of the decedent as a defendant. See also FRCP 25(a)(1)-(2). The only substantive limitation on the action thereafter is that the plaintiff may not recover punitive damages from the decedent's estate. ORS 30.080. Accordingly, Mr. Schwern will be moving to substitute Ms. Plunkett's personal representative, when one is named, as the defendant in this case, but he will abandon his pursuit of punitive damages.
>
> ORS 30.090 provides that if a personal representative is not named within 60 days of the decedent's death, the plaintiff may move the court to appoint an administrator. FRCP 25(a)(1) requires the court to dismiss the action if the plaintiff does not move to substitute the proper party within 90 days of service of a statement of a party's death. Therefore, there is a relatively narrow window within which I must take action. For now, I will await the appointment of a personal representative in accordance with the terms of Ms. Plunkett's will if she had one and under general Massachusetts law if she did not. On September 28, however, if no personal representative has been appointed, I will take action to see that an administrator is appointed. That is because I must move to substitute the proper party defendant by October 27.
>
> As for the pending appeal, FRAP 43(a)(1) governs. That rule provides that the personal representative may be substituted to prosecute the appeal and that, if no personal representative is named, the Court of Appeals should be informed of the party's death and will then take the action it considers appropriate. Similarly, FRCP 25(a)(2) provides that the District Court should be notified of a party's death.
>
> We have a deadline coming up on August 7 for a formal joint status report. I will be on vacation with my family August 6-9, so I would like to take initial action before that deadline. I propose that we file a joint status report in the District Court as soon as practicable informing the court that Ms. Plunkett has died, that Mr. Schwern intends to continue with the lawsuit, and that when a personal representative has been named he will move to substitute that person as the defendant. The status report, which is required by the court's order staying the proceedings during the pendency of the appeal, should suffice for compliance with FRCP 25(a)(2).
>
> As for the Court of Appeals, I do not think there is the same urgency with noting Ms. Plunkett's death. We can probably wait until the question of a personal representative has been sorted out. If you feel differently, of course, you should feel free to notify the Ninth Circuit of her death earlier.
>
> One final note: Ms. Plunkett's estate has a duty to preserve evidence in its possession or control, including electronic evidence, that is or may become relevant to the issues in this litigation. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216-218 (S.D.N.Y. 2003). I trust that you will inform the personal representative, when one is named, of the importance of complying with this duty. I also trust that you will each instruct any potential witness, records custodian, or other interested person with whom you have contact of this duty insofar as it applies to them.
>
> I wish sincerely that these were not the circumstances under which I were writing you. I appreciate your professionalism at this difficult time for all of us. And I wish you both very well.
>
> Respectfully,
>
> Bear Wilner-Nugent
>
> Bear Wilner-Nugent, Counselor and Attorney at Law LLC
> 620 SW 5th Avenue, Suite 1008
> Portland, Oregon 97204

503-351-BEAR
bwnlaw@gmail.com
bwnlaw.com
@OregonMJLaw