|  |  |
|---:|:---|
| From: | Bear Wilner-Nugent <bwnlaw@gmail.com> |
| Subject: | **Re: 3:14-cv-00146-PK Schwern v. Plunkett** |
| Date: | October 30, 2015 4:30:38 PM EDT |
| To: | "dbooth@boothsweet.com" <dbooth@boothsweet.com> |
| Cc: | "gary_magnuson@ord.uscourts.gov" <gary_magnuson@ord.uscourts.gov>, Lake Perriguey <lake@law-works.com> |

Thank you for the clarification. Have a good weekend.

Respectfully,

Bear Wilner-Nugent

Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
503-351-BEAR
bwnlaw@gmail.com
bwnlaw.com
@OregonMJLaw

On Fri, Oct 30, 2015 at 1:29 PM, dbooth@boothsweet.com <dbooth@boothsweet.com> wrote:
> Gentlemen,
>
> There's no need for any agita over a looming deadline. Mr. Plunkett has no objection to service made within a reasonable time, and that time is still a month away.
>
> Rule 25 requires that the motion to substitute be "made" within 90 days of the notice of death, and by my count, the motion was filed on day 88. The Rule does not state that *service* of the motion is also required within 90 days. Under Rule 25(a)(3), service is required as provided in Rule 4, so I'd refer there to determine a reasonable time. Rule 4(m) allows service within 120 days. The amended Rule 4, which will limit that to 90 days, won't be effective until December 1, after the 120 days have passed.
>
> I will note that nothing required Mr. Schwern to wait for the probate court to take action before filing his motion, and that there has never been any suggestion that anyone other than Mr. Plunkett would be the appropriate representative for the estate to make a substitute party. (In my September 22 email, I told Mr. Wilner-Nugent, "I believe Nóirín's father Patrick Plunkett will be the personal representative of the estate, and I presume that your motion would be to appoint him, but please let me know if you had other intentions." I never heard anything to the contrary.)
>
> I hope you all have a lovely weekend. Happy Halloween!
>
> Dan
>
> Dan Booth
> Booth Sweet LLP
> 32R Essex Street #1A
> Cambridge, MA 02139
> (617) 250-8629
> (617) 250-8883 fax
> dbooth@boothsweet.com
> http://boothsweet.com
>
> On Oct 30, 2015, at 3:45 PM, Bear Wilner-Nugent wrote:
>
>> Dear Mr. Magnuson,
>>
>> I do not have a certificate of service ready to file at this time. Please allow me to tender the explanatory timeline below to the Court.
>>
>> Mr. Booth served the statement noting Nóirín's Plunkett's death on July 31, 2015. I could not file a motion for substitution of parties at that time, however, because Patrick Plunkett had not yet been named as the personal representative of Ms. Plunkett's estate.
>>
>> On September 18, I asked Mr. Booth if he knew yet whether he would be representing Ms. Plunkett's estate. On September 21, he said he did not know yet.
>>
>> On September 22, Mr. Booth said that he had more information "that may make it worth briefly postponing any motion for substitution, in hopes that the motion can be more quickly resolved." He asked me to postpone the motion until October 14, because "we should then be in a better position to let you know who will be administering the estate, whether we can accept service, and whether the motion might be assented-to or joint." Mr. Booth noted that he believed I had until October 29 to file a motion, given the July 31 service of the formal notice of death.
>>
>> On October 20, Mr. Booth informed me for the first time that Patrick Plunkett had indeed retained Mr. Booth to represent him.
>>
>> On October 23, Mr. Booth informed me that Mr. Plunkett had been named personal representative of Ms. Plunkett's estate on October 21.
>>
>> On October 26, I asked Mr. Booth if the estate would itself file a motion to substitute in as defendant. Mr. Booth said that it would not.
>>
>> On October 27, I drafted the motion for substitution of defendant as an unopposed motion. This was otherwise in a form similar to the form in which I filed the motion -- that is, without a certificate of personal service on Mr. Plunkett. I emailed the draft motion to Mr. Booth and asked if he had any objections. He said that he would be unable to get Mr. Plunkett's personal position on the motion that day, so I rewrote the motion to remove the part about the motion being unopposed. I also made some other revisions to add legal

authority. Then I filed the motion, with service on Mr. Booth via CM/ECF. At that time, I had formed the erroneous belief, based on my course of dealing with Mr. Booth as recounted above and on Mr. Booth's acceptance of service of various other documents through CM/ECF, that Mr. Booth would be willing *to accept service* of the motion on his client Mr. Plunkett's behalf.

On October 29, as you know, you asked Mr. Booth if he would be filing a formal response to the motion. Mr. Booth said, "Mr. Plunkett will not oppose the motion, as long as it is properly served on him consistent with Rule 25." I asked Mr. Booth if he would require personal service pursuant to Rule 4. Mr. Booth said that he would. I want to emphasize that it was only at that point -- yesterday -- that I first learned that Mr. Booth would require personal service.

I immediately began preparing the paperwork for service on Mr. Plunkett through Ireland's Central Authority as required under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, in keeping with Rule 4(f)(1). I was unable to complete that paperwork yesterday due to family responsibilities. I am completing it today. It will take some time, though, to serve the motion on Mr. Plunkett in Ireland and then obtain and file a proof of service. Until that time, I would respectfully request that the Court keep the motion under advisement and not rule on it.

This course of action would be consistent with the stay of the case obtained by defendant last year and with the equities of this case. Mr. Plunkett has moved to be substituted as appellant in the Ninth Circuit, so it is not as though he is avoiding making a personal appearance in the case. He is simply exercising his right to force Mr. Schwern to engage in a more laborious process than was foreseen. Let me be clear: I fully acknowledge that Mr. Plunkett and Mr. Booth have every right to require me to accomplish personal service of the Rule 25 motion. I believe allowing a *reasonable amount of time t*o accomplish that service would be the most equitable decsion, however, given that Mr. Plunkett was only named personal representative on October 21 and that Mr. Schwern only learned about that appointment becoming official on October 23.

I am happy to answer any additional questions the Court may have. I will await its direction on how to proceed. In the meantime, I will continue to prepare the Rule 25 motion for personal service on Patrick Plunkett in Ireland through that country's Central Authority.

Respectfully,

Bear Wilner-Nugent

Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
503-351-BEAR
bwnlaw@gmail.com
bwnlaw.com
@OregonMJLaw

On Fri, Oct 30, 2015 at 12:01 PM, <gary_magnuson@ord.uscourts.gov> wrote:
> Mr. Wilner-Nugent:
>
> Judge Papak would like for you to file a Certificate of Service with regard to your motion to substitute before he rules on it.  Would you please get one filed asap?
>
> Thank you.
>
> Gary Magnuson,
> Courtroom Deputy,
> U.S. District Court,
> District of Oregon.
> (503) 326-8055; fax (503) 326-8010
> gary_magnuson@ord.uscourts.gov
>
> *****************************************
>
> From:       dbooth@boothsweet.com
> To:         gary_magnuson@ord.uscourts.gov
> Cc:         bwnlaw@gmail.com, lake@law-works.com
> Date:       10/29/2015 02:39 PM
> Subject:    Re: 3:14-cv-00146-PK Schwern v. Plunkett
>
> Mr. Plunkett will not oppose the motion, as long as it is properly served on him consistent with Rule 25. Thank you.
>
> Dan Booth
> Booth Sweet LLP
> 32R Essex Street #1A
> Cambridge, MA 02139
> (617) 250-8629
> (617) 250-8883 fax
> dbooth@boothsweet.com
> http://boothsweet.com
>
> On Oct 29, 2015, at 3:31 PM, gary_magnuson@ord.uscourts.gov wrote:
>
> Defense Counsel:
>
> Judge Papak would like to know if you plan on filing a formal response to Plaintiff's motion to substitute defendant in this matter.  Please advise.
>
> Thank you.
>
> Gary Magnuson,
> Courtroom Deputy,
> U.S. District Court,

District of Oregon.
(503) 326-8055; fax (503) 326-8010
gary_magnuson@ord.uscourts.gov

******************************************