**From:** "dbooth@boothsweet.com" <dbooth@boothsweet.com>
**Subject:** **Re: Schwern v. Plunkett, No. 3:14-cv-00146-PK**
**Date:** February 4, 2016 12:58:08 PM EST
**To:** Bear Wilner-Nugent <bwnlaw@gmail.com>

I sincerely doubt it. His company is not a law firm and does not market any law firm services on its website. Weir does not call himself a solicitor on his LinkedIn profile, which lists his education at Gransha Boys, a secondary school. Typically you'd expect a solicitor to mention some level of higher education.

Thanks,

Dan

Dan Booth
Booth Sweet LLP
32R Essex Street #1A
Cambridge, MA 02139
(617) 250-8629
(617) 250-8883 fax
dbooth@boothsweet.com
http://boothsweet.com

On Feb 4, 2016, at 11:55 AM, Bear Wilner-Nugent wrote:

> My understanding is that he is a solicitor in Northern Ireland who is authorized to serve process in Ireland.
>
> Bear Wilner-Nugent, Counselor and Attorney at Law LLC
> 620 SW 5th Avenue, Suite 1008
> Portland, Oregon 97204
> 503-351-BEAR
> bwnlaw@gmail.com
> bwnlaw.com
> @OregonMJLaw
>
> On Thu, Feb 4, 2016 at 8:53 AM, dbooth@boothsweet.com <dbooth@boothsweet.com> wrote:
>> Bear,
>>
>> I have insisted on service consistent with the Rules. Notice is not a substitute under the Rules and I have not insisted on it.
>>
>> Is Andrew Weir a solicitor in Ireland?
>>
>> Dan Booth
>> Booth Sweet LLP
>> 32R Essex Street #1A
>> Cambridge, MA 02139
>> (617) 250-8629
>> (617) 250-8883 fax
>> dbooth@boothsweet.com
>> http://boothsweet.com
>>
>> On Feb 4, 2016, at 11:28 AM, Bear Wilner-Nugent wrote:
>>
>>> To be clear, we did place the motion for service with the Central Authority, having crossed all relevant i's and dotted all pertinent t's, but after three months of no progress I took the extra (and expensive) step of using a process server to make sure your guy got actual notice. Which is what you insisted he needed. In October. In writing. That I have saved.
>>>
>>> Bear Wilner-Nugent, Counselor and Attorney at Law LLC
>>> 620 SW 5th Avenue, Suite 1008
>>> Portland, Oregon 97204
>>> 503-351-BEAR
>>> bwnlaw@gmail.com
>>> bwnlaw.com
>>> @OregonMJLaw
>>>
>>> On Thu, Feb 4, 2016 at 8:27 AM, Bear Wilner-Nugent <bwnlaw@gmail.com> wrote:
>>>> The Central Authority was dilatory and unresponsive. To this day they have not returned any of our followup communications. I thought that I had a duty to effect service as expeditiously as was reasonably possible. There is certainly nothing in the Hague Convention that prohibits proceeding as I did. And your scramble to exact leverage from this tiny point is orthogonal to the purpose of the FRCPs, which is to favor adjudication of cases on their merits whenever possible.

> Bear Wilner-Nugent, Counselor and Attorney at Law LLC
> 620 SW 5th Avenue, Suite 1008
> Portland, Oregon 97204
> 503-351-BEAR
> bwnlaw@gmail.com
> bwnlaw.com
> @OregonMJLaw
>
> On Thu, Feb 4, 2016 at 8:24 AM, dbooth@boothsweet.com <dbooth@boothsweet.com> wrote:
>> Since you mention it, yes. You told the court in October that you were seeking effect service through the Central Authority. The affidavit of service does not indicate that service was effected through the Central Authority. Instead it appears you employed a process server at a private company. Can you explain?
>>
>> Dan Booth
>> Booth Sweet LLP
>> 32R Essex Street #1A
>> Cambridge, MA 02139
>> (617) 250-8629
>> (617) 250-8883 fax
>> dbooth@boothsweet.com
>> http://boothsweet.com
>>
>> On Feb 3, 2016, at 4:40 PM, Bear Wilner-Nugent wrote:
>>
>>> You have got to be joking. Is this over the notice of hearing, or is there some other issue with the service?
>>>
>>> Bear Wilner-Nugent, Counselor and Attorney at Law LLC
>>> 620 SW 5th Avenue, Suite 1008
>>> Portland, Oregon 97204
>>> 503-351-BEAR
>>> bwnlaw@gmail.com
>>> bwnlaw.com
>>> @OregonMJLaw
>>>
>>> On Wed, Feb 3, 2016 at 1:39 PM, dbooth@boothsweet.com <dbooth@boothsweet.com> wrote:
>>>> Nothing. Rule 25(a)(3) reads the same today as it did in October. "A motion to substitute, together with a notice of hearing, must be served ... on nonparties as provided in Rule 4." Service was not properly effected.
>>>>
>>>> Dan Booth
>>>> Booth Sweet LLP
>>>> 32R Essex Street #1A
>>>> Cambridge, MA 02139
>>>> (617) 250-8629
>>>> (617) 250-8883 fax
>>>> dbooth@boothsweet.com
>>>> http://boothsweet.com
>>>>
>>>> On Feb 3, 2016, at 4:29 PM, Bear Wilner-Nugent wrote:
>>>>
>>>>> On October 29, you informed Mr. Magnuson that "Mr. Plunkett will not oppose the motion, as long as it is properly served on him consistent with Rule 25. Thank you."
>>>>>
>>>>> What has changed?
>>>>>
>>>>> Bear Wilner-Nugent, Counselor and Attorney at Law LLC
>>>>> 620 SW 5th Avenue, Suite 1008
>>>>> Portland, Oregon 97204
>>>>> 503-351-BEAR
>>>>> bwnlaw@gmail.com
>>>>> bwnlaw.com
>>>>> @OregonMJLaw
>>>>>
>>>>> On Wed, Feb 3, 2016 at 1:18 PM, dbooth@boothsweet.com <dbooth@boothsweet.com> wrote:
>>>>>> Mr. Magnuson,
>>>>>>
>>>>>> Thank you. Mr. Plunkett does intend to oppose the plaintiff's motion for substitution of parties. I will file a motion requesting a hearing.
>>>>>>
>>>>>> Dan Booth
>>>>>> Booth Sweet LLP
>>>>>> 32R Essex Street #1A

Cambridge, MA 02139
(617) 250-8629
(617) 250-8883 fax
dbooth@boothsweet.com
http://boothsweet.com

On Feb 2, 2016, at 6:20 PM, gary_magnuson@ord.uscourts.gov wrote:

Mr. Booth:

Judge Papak responds as follows:

"Please advise counsel for both parties (i) that in the view of the court, because the case is stayed, Patrick Plunkett need not answer the complaint until such time as the stay is lifted, (ii) if Patrick Plunkett intends to oppose the motion for substitution of parties, his counsel can file a motion requesting a hearing and that hearing can be held during the pendency of the stay and, until the hearing is held, Schwern can continue filing status reports on his own, and (iii) if Patrick Plunkett does not intend to oppose the motion for substitution of parties, he should so advise counsel for plaintiff and thereafter the parties should file status reports jointly."

Thank you.

Gary Magnuson,
Courtroom Deputy,
U.S. District Court,
District of Oregon.
(503) 326-8055; fax (503) 326-8010
gary_magnuson@ord.uscourts.gov

*******************************************

| | |
|---|---|
| From: | "dbooth@boothsweet.com" <dbooth@boothsweet.com> |
| To: | gary_magnuson@ord.uscourts.gov |
| Cc: | Bear Wilner-Nugent <bwnlaw@gmail.com>, Lake Perriguey <lake@law-works.com> |
| Date: | 02/02/2016 09:26 AM |
| Subject: | Schwern v. Plunkett, No. 3:14-cv-00146-PK |

Dear Mr. Magnuson,

I have a few procedural questions related to the above case, which is currently stayed pending the defendant's appeal to the Ninth Circuit on the anti-SLAPP motion to strike. (Doc. 38, 60.) The original defendant Nóirín Plunkett died last year. (Doc. 61.) Yesterday the plaintiff filed an affidavit reflecting service of the motion to substitute on my client Patrick Plunkett, Nóirín's father and administrator of the estate. (Doc. 67.)

The plaintiff and Mr. Plunkett believe that the stay tolls the 21-day period for Mr. Plunkett to file an answer or responsive motion under Rule 12 (as discussed in the email below). Can you confirm?

Rule 25(a)(3) anticipates a hearing on the motion to substitute, though the plaintiff did not serve a notice of hearing. Does the stay postpone that hearing?

Finally, the Court ordered the parties to file a formal joint status report every 120 days pending the Ninth Circuit's decision. (Doc. 38.) The plaintiff filed the latest report on his own, as he had not perfected service on Mr. Plunkett. (Doc. 65.) The Court granted the motion for substitution, then recognized that service had not been perfected. (Doc. 63, 66.) Pending completion of service with a notice of hearing on the motion for substitution, should the plaintiff continue to file the formal status reports on his own?

Because of the stay I thought it best to seek guidance informally, but we will file a formal motion for clarification if needed. Thank you for your assistance.

Sincerely,

Dan Booth
Booth Sweet LLP
32R Essex Street #1A
Cambridge, MA 02139
(617) 250-8629
(617) 250-8883 fax
dbooth@boothsweet.com
http://boothsweet.com

Begin forwarded message:

**From:** Bear Wilner-Nugent <bwnlaw@gmail.com>
**Date:** January 20, 2016 3:37:27 PM EST
**To:** "dbooth@boothsweet.com" <dbooth@boothsweet.com>
**Subject: Re: Schwern v. Plunkett**

I can confirm your understanding, yes. Thank you.

Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
503-351-BEAR
bwnlaw@gmail.com
bwnlaw.com
@OregonMJLaw

On Wed, Jan 20, 2016 at 12:34 PM, dbooth@boothsweet.com <dbooth@boothsweet.com> wrote:
Bear,

Happy new year. Mr. Plunkett tells me he was served. Ordinarily service would start the time for him to answer or file a Rule 12 motion. However, it's my understanding that any obligation to respond is postponed by the Court's order staying the action until the Ninth Circuit decides the anti-SLAPP motion. Would you please confirm that you share that understanding? If so, I believe our next step will be another status report in March (the Ninth Circuit still has no date listed for the oral argument).

Thanks,

Dan


Dan Booth
Booth Sweet LLP
32R Essex Street #1A
Cambridge, MA 02139
(617) 250-8629
(617) 250-8883 fax
dbooth@boothsweet.com
http://boothsweet.com