Bear Wilner-Nugent, OSB #044549
Bear Wilner-Nugent, Counselor and Attorney at Law LLC
620 SW 5th Avenue, Suite 1008
Portland, Oregon 97204
(503) 351-2327
Fax (503) 914-6665
bwnlaw@gmail.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL G. SCHWERN,                              Case No. 3:14-CV-00146-PK

        Plaintiff,                             **PLAINTIFF'S OBJECTIONS TO**
                                                 **PATRICK PLUNKETT'S MOTION**
    v.                                         **FOR ATTORNEY FEES AND BILL**
                                                 **OF COSTS**
PATRICK PLUNKETT,
Personal Representative of
the Estate of Nóirín Plunkett,

        Putative Defendant.

Pursuant to Fed. R. Civ. P. 54(d)(1) and (2)(C) and LR 54-3(b), plaintiff Michael G.

Schwern respectfully submits the following objections to putative defendant Patrick Plunkett's

motion for attorney fees and bill of costs. Because Mr. Plunkett never became a party to this case

in this Court, he is ineligible for any attorney fee or cost award. Even if the Court makes a

different decision about Mr. Plunkett's party status, his prayer is unreasonable and excessive.

The Court should make any award in a reduced amount for the reasons set forth below.

PLAINTIFF'S OBJECTIONS TO PATRICK PLUNKETT'S MOTION FOR ATTORNEY
FEES AND BILL OF COSTS – Page 1

**I. MR. PLUNKETT IS NOT ELIGIBLE FOR AN ATTORNEY FEE OR COST AWARD BECAUSE HE CONSISTENTLY DENIED THIS COURT'S PERSONAL JURISDICTION OVER HIM UNTIL THE MOMENT WHEN TAKING A DIFFERENT POSITION PRESENTED A PECUNIARY ADVANTAGE.**

Since defendant Nóirín Plunkett died, Mr. Plunkett has fought at every turn against plaintiff's efforts to have the Court exercise personal jurisdiction over him as the personal representative of Ms. Plunkett's estate. In view of this heretofore unequivocal litigation position, Mr. Plunkett cannot now be heard to claim any entitlement to attorney fees or costs. The Court should deny Mr. Plunkett's motion for attorney fees and bill of costs outright.

Ms. Plunkett died in July 2015. Thereafter, once it became clear that Mr. Plunkett would be the personal representative of Ms. Plunkett's estate, plaintiff sought to substitute Mr. Plunkett as the defendant. Plaintiff's Motion to Substitute Defendant (#63) (Oct. 27, 2015). Mr. Plunkett thereafter steadfastly resisted plaintiff's attempts to assert the Court's personal jurisdiction over him. On February 8, 2016, this resistance on Mr. Plunkett's part reached its apex when Mr. Plunkett filed a motion for relief under Fed. R. Civ. P. 60(b)(1) and motion to dismiss under Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6) (#68).

The exhibits to the reply memorandum that Mr. Plunkett subsequently filed in support of his motion to dismiss (#71) exhaustively cover the bulk of the procedural history pertaining to this issue. In view of the space limitations imposed on objections to attorney fee motions by LR 54-3, plaintiff will not reiterate all that procedural history here. Suffice it to say that Mr. Plunkett's objection was grounded in plaintiff's failure to have Mr. Plunkett served with the motion to substitute defendant in strict compliance with Fed. R. Civ. P. 4 and the Hague Convention on international service of process, as required by Fed. R. Civ. P. 25(a)(3). This state of affairs remained unchanged until Mr. Plunkett filed the instant motion for attorney fees. *See e.g.* Plaintiff's Sixth Status Report (#76) (Aug. 3, 2016); Plaintiff's Seventh Status Report (#80)

PLAINTIFF'S OBJECTIONS TO PATRICK PLUNKETT'S MOTION FOR ATTORNEY FEES AND BILL OF COSTS – Page 2

(Nov. 29, 2016); *see also* Motion for an Award of Attorney's Fees at 5-6.

      Mr. Plunkett said it first and best:

> A non-party is not subject to personal jurisdiction as a party until properly served under Rule 4. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (*citing Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing,* 523 U.S. 344, 350 (1999)…
>
> Jurisdiction over the non-party to be substituted requires Rule 4 service. "Rule 4 service of the motion to substitute is for the purpose of acquiring personal jurisdiction over non-parties." *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971), *cert. denied*, 403 U.S. 904 (1971). "[W]hile Rule 5 is 'clerical and administrative in nature' and applies to papers filed after the complaint, Rule 4 is 'jurisdictionally rooted.'" *Giles* [*v. Campbell*, 698 F.3d 153,] 159 [(3d Cir. 2012)] (*quoting Ransom*, 437 F.2d at 516-17)…
>
> Service on the original defendant also does not subject the substitute to personal jurisdiction. *Ransom*, 437 F.2d at 518, *cert. denied*, 403 U.S. 904 (1971); *cf. Williams v. Santa Cruz*, 471 Fed. App'x 581 (9th Cir. 2012) (distinguishing claim against public official sued in official capacity, for whom Fed. R. Civ. P. 25(d)(1) provided automatic substitution upon death). When a defendant dies after service, the plaintiff must "reacquire" personal jurisdiction over any substitute defendant by both filing and serving a motion to substitute consistent with Rule 25(a)(1). *Ransom*, 437 F.2d at 520. Even the administrator's actual notice of the motion to substitute "would not operate as a substitute for process." *Id.* at 520. Substitution is not effective without service.

Motion to Dismiss at 6-8.

      This authority undermines Mr. Plunkett's newly taken position, resting only on unpublished authority from the Eleventh Circuit that does not bind this Court, that Ms. Plunkett's death "'does not affect [Mr. Plunkett's] status as a prevailing party for purposes of attorney's fees for the district court litigation.' *Gaylor v. North Springs Assocs., LLLP*, 648 Fed. Appx. 807, 811 (11th Cir. Apr. 8, 2016)." Motion for Award of Attorney's Fees (#87) at 3. It is easy for Mr. Plunkett to say now, at long last, that "[t]he substituted party steps into the same position as [the]

original party." *Id.*, citing *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). But that presupposes that Mr. Plunkett is, in fact, "the substituted party." By his own contention, maintained for over a year, he is not and has never been.

To grant Mr. Plunkett's motion would violate the equitable doctrine of judicial estoppel, which "precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 823 F.3d 1024, 1044-1045 (9th Cir. 2016). The test for whether judicial estoppel applies consists of three factors:

> (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party succeeded in its prior position, because absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*United States v. Kim*, 806 F.3d 1161, 1167 (9th Cir. 2015) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750-751 (2001)).

Here, all three factors favor plaintiff. Mr. Plunkett's assertion of "substituted party" status is clearly inconsistent with his repeated disavowal of personal jurisdiction. Mr. Plunkett succeeded in his initial position, in that the Court never took any action inconsistent with his non-party status. And Mr. Plunkett's quest to tax plaintiff with well over $50,000 in attorney fees and costs would unquestionably work a severe disadvantage upon plaintiff's personal finances. For this reason, the Court should deny Mr. Plunkett's motion for attorney fees and costs.


## II. THERE IS NO LEGAL BASIS FOR AN ATTORNEY FEE AWARD FOR WORK UNRELATED TO THE SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT.

Common-law tort causes of action ordinarily bring no entitlement to attorney fees,

whether they are litigated in state court or in diversity. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). Or. Rev. Stat. §31.152(3) modifies that general "American Rule" by providing that a "defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." Even if the Court determines that Mr. Plunkett may now be characterized as the prevailing defendant, that does not entitle him to as broad an attorney fee award as he seeks, because not all the hours billed by Mr. Plunkett's and Ms. Plunkett's attorneys and their staffs are fairly attributable to work on the special motion to strike.

Under Oregon law, a party is not eligible for an attorney fee award associated with time spent on claims on which that party did not prevail. *Freedland v. Trebes (In re Charlotte E. Waterbury Trust)*, 162 Or. App. 374, 378-379, 986 P.2d 630 (1999). By analogy, a defendant should not be eligible for an attorney fee award unmoored to the defendant's successful defense. Therefore, the Court should decline to award attorney fees for such aspects of the litigation as Erin Olson's contacts with the Multnomah County District Attorney's Office (Ex. 1 to Olson Decl. (#87-9) at 1); Ms. Olson's work in 2015 (*Id.* at 3); Dan Booth's work on a possible settlement (Ex. 4 to Booth Decl. (#87-5) at 1, 3); and Mr. Booth's work on preserving evidence following Ms. Plunkett's death (*Id.* at 2). If the Court is inclined to take plaintiff's position on this objection, plaintiff can furnish the Court with an itemized proposal for which fees would and would not fairly relate to the anti-SLAPP motion.

## III. THERE WAS NO JUSTIFICATION FOR MS. PLUNKETT TO REPLACE LOCAL COUNSEL WITH MORE EXPENSIVE OUT-OF-STATE COUNSEL.

Originally, Ms. Plunkett was represented by an Oregon attorney, Ms. Olson. Plaintiff concedes that Ms. Olson's hourly rates and other billing practices in this case were entirely

reasonable. Ms. Olson, however, withdrew from the case soon after plaintiff, in the spring of

2015, provided Ms. Olson with compelling evidence of Ms. Plunkett's manufacture of evidence

and false swearing in relation to plaintiff supposedly arranging for a flower delivery to Ms.

Plunkett's home in February 2014. Memorandum of Law in Support of Plaintiff's Motion for

Sanctions Against Defendant (#45) at 7; Motion to Withdraw (#40).

Thereafter, instead of hiring another Oregon attorney who would charge comparable rates

to continue her defense, Ms. Plunkett hired a Massachusetts attorney, Mr. Booth. Not only were

Mr. Booth's hourly rates and other charges significantly higher than Ms. Olson's had been

(*compare* Booth Decl. (#87-1) at 4 *with* Olson Decl. (#87-8) at 2), but Ms. Plunkett's choice to

obtain out-of-state counsel (and Mr. Plunkett's choice, after Ms. Plunkett's death, to continue

with that counsel) necessitated a second set of charges for associating Oregon attorney Lake

Perriguey as local counsel so that Mr. Booth could be admitted to the bar of this Court *pro hac*

*vice*. *See* LR 83-3(a)(1). Thus, the Plunketts effectively inflated the attorney fee award that Mr.

Plunkett now seeks by $11,774.50 (with $9,184.50 of that amount representing the additional

charges incurred by substituting Mr. Booth, who charged $425 per hour, in place of Ms. Olson,

who charged $300 per hour, and the remaining $2,590 representing Mr. Perriguey's fees).

A federal court may decrease the number of billable hours claimed in a motion for

attorney fees if some those hours are unnecessarily duplicative. *Chalmers v. Los Angeles*, 796

F.2d 1205, 1210 (9th Cir. 1986), *amended*, 808 F.2d 1373 (9th Cir. 1987). If the Court does so, it

should provide a clear explanation of why those hours were unnecessary. *Moreno v. City of*

*Sacramento*, 534 F.3d 1106, 1113 (9th Cir. 2008). In this case, that explanation is furnished

above: the Plunketts have never articulated a defensible basis for making no discernable effort to

seek substitute counsel in Oregon. The Court should therefore reduce any award proportionately.

## IV. MR. PLUNKETT MISAPPLIES SOME OF THE KEY STATE LAW FACTORS CHANNELING THE COURT'S DISCRETION IN MAKING A FEE AWARD.

Plaintiff agrees that Or. Rev. Stat. §20.075 is the essential guide to the discretionary aspect of the Court's ultimate attorney fee award. But in applying the factors set forth in that statute, the Court should look to Oregon state case law interpreting them. One of the central principles from the apposite case law is that the Court "must base its decision on a totality of circumstances." *Beaverton Sch. Dist. 48J v. Ward*, 281 Or. App. 76, 83, __ P.3d __ (2016), citing *Jones v. Nava*, 264 Or. App. 235, 245, 331 P.3d 1067 (2014). Taking an appropriately broad view in keeping with this command requires looking beyond Mr. Plunkett's blanket derogation of plaintiff's underlying conduct, claims, and manner of prosecuting those claims.

Determining which conduct by which party "gave rise to the litigation," Or. Rev. Stat. §20.075(1)(a), requires findings of fact. *Niman and Niman*, 206 Or. App. 400, 420, 136 P.3d 1186 (2006), citing *Shumake v. Foshee*, 197 Or. App. 255, 261, 105 P.3d 919 (2005). Given that Ms. Plunkett immediately filed a special motion to strike the complaint without any other pleading having intervened, the factual universe is unusually circumscribed. Reframing Mr. Plunkett's brief argument on this factor, Motion for an Award of Attorney's Fees at 3-4, one might just as easily say "[t]he occurrences that gave rise to the litigation involve allegations of dishonest, intentionally injurious conduct by defendant." This factor should count for very little in considering what amount of attorney fees to award, because the record does not permit this court to make the type of factual findings that Mr. Plunkett requests. Moreover, plaintiff did not intentionally file his complaint on Ms. Plunkett's birthday. *See* Declaration of Bear Wilner-Nugent, attached, at 2.

In evaluating "[t]he objective reasonableness of the claims and defenses asserted by the parties," Or. Rev. Stat. §20.075(1)(b), the Court may consider only conduct during the

PLAINTIFF'S OBJECTIONS TO PATRICK PLUNKETT'S MOTION FOR ATTORNEY FEES AND BILL OF COSTS – Page 7

proceeding, not conduct giving rise to the proceeding. *Niman*, 206 Or. App. at 420. "'[O]bjective reasonableness' is a legal, and not a factual, determination." *Id.*, citing *Secor Investments, LLC v. Anderegg*, 188 Or. App. 154, 175, 71 P3d. 538 (2003). "Whether a party has an objectively reasonable basis for asserting a claim is a function of the substantive law governing the claim." *Dimeo v. Gesik*, 195 Or. App. 362, 369, 98 P.3d 397 (2004), *modified on recons.*, 197 Or. App. 560, 106 P.3d 697 (2005). A "party has no objectively reasonable basis for asserting a claim only if the party's position is 'entirely devoid of legal or factual support at the time it was made.' *Mattiza* [*v. Foster*, 311 Or. 1, 8, 803 P.2d 723 (1990)] (footnote omitted)." *Dimeo*, 195 Or. App. at 371.

Although plaintiff was ultimately unsuccessful on appeal, that does not make his claims objectively unreasonable under the standard just set forth. After all, both a magistrate judge and a district judge reviewed the entire factual record pertaining to the special motion to strike; after doing so, the magistrate judge recommended denying the motion and the district judge did so. Findings and Recommendation (#21); Order (#25). The magistrate judge necessarily determined in recommending that the motion be denied that plaintiff had established that there was a probability that he would prevail on all three of his claims for relief by presenting substantial evidence to support a prima facie case. Findings and Recommendation at 21, 23, 25-26; *see* Or. Rev. Stat. §31.150(3) (setting bar for production of evidence). The district judge "reviewed the pertinent portions of the record *de novo* and f[ou]nd no error in the Magistrate Judge's Findings and Recommendation." Order at 2. Even if the Court of Appeals ultimately viewed the evidence adduced by plaintiff in opposition to the special motion to strike differently from this Court, as was its right, that does not render plaintiff's position "entirely devoid of legal or factual support at the time it was made." *Mattiza*, 311 Or. at 8.

Additionally, the Court should consider the fact that the special motion to strike resulted in a stay of discovery that prevented plaintiff from ever accessing what might well have been ample evidence to further support his claims for relief. #13. The magistrate judge concluded that, even if the district judge disagreed as to whether plaintiff had met his burden of production in response to the special motion to strike, at the very least this automatic stay of discovery should have been lifted to permit plaintiff to further develop the record in opposition to the motion. Findings and Recommendation at 25. The district judge concurred on this point as well. Order at 2. If Ms. Plunkett had not secured a stay of the entire proceeding pending the now-resolved appeal, the objective factual basis for plaintiff's claims might very well have been enhanced.

The court should also reject Mr. Plunkett's contention that plaintiff's failure to achieve personal service on Mr. Plunkett in keeping with Fed. R. Civ. P. 4 somehow makes plaintiff's litigation conduct objectively unreasonable. Motion for an Award of Attorney's Fees at 5. After Mr. Plunkett continued to object to the actual service effected by plaintiff's Irish representative, plaintiff immediately undertook to work with the Irish Central Authority to perfect service under the Hague Convention. Plaintiff could not have known when he did so that the Central Authority would prove utterly nonresponsive to his repeated entreaties. Wilner-Nugent Decl. at 2. The case for plaintiff's alleged unreasonableness depends on factors outside plaintiff's actual control.

**V. MR. PLUNKETT SEEKS A HIGHER COST AWARD THAN THE LAW ALLOWS.**

The Ninth Circuit awarded Mr. Plunkett $84.48 in costs. This reflects the expense of printing and photocopying Ms. Plunkett's briefs and excerpts of record. Plaintiff has no objection to this award.

In this Court, Mr. Plunkett seeks not only what the Ninth Circuit already awarded but

also $505 for the filing fee for the notice of appeal, $160.05 in transcription costs, and $202.50 for the cost of producing certain materials used to support the defense case. Plaintiff does not object to these charges (which appear on Exhibit 2 to Ms. Olson's declaration (#87-10) and on Mr. Plunkett's District Court bill of costs), either, so long as the Court determines that it is appropriate to award Mr. Plunkett any costs in the first place.

Plaintiff does, however, object to certain of the costs enumerated in the other exhibits to Mr. Plunkett's motion for attorney fees. Plaintiff objects to the $100 for Mr. Booth's *pro hac vice* admission fee (Perriguey Decl. (#87-11) at 3) for the reasons stated in Section III of these objections. More broadly, plaintiff objects to the costs associated with the preservation of evidence (Exhibit 6 to Booth Decl. (#87-7). It is true that Or. Rev. Stat. §31.152(3) permits the taxation of costs as well as attorney fees against a plaintiff who does not prevail on an anti-SLAPP motion. But in federal court the permissible definition of costs is entirely bounded by 28 U.S.C. §1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Plaintiff categorically objects to Mr. Plunkett's request that the Court assess any costs not covered by Section 1920.

**CONCLUSION**

Because the Court never acquired personal jurisdiction over Mr. Plunkett, the Court should deny his motion for attorney fees and decline to award him costs. In the alternative, the Court should award no more than $15,537.50 in attorney fees and $952.03 in costs.

RESPECTFULLY SUBMTTED March 31, 2017.

/s/ Bear Wilner-Nugent
Bear Wilner-Nugent, OSB #044549
Attorney for Plaintiff

PLAINTIFF'S OBJECTIONS TO PATRICK PLUNKETT'S MOTION FOR ATTORNEY FEES AND BILL OF COSTS – Page 10